UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 16-cr-10305-NMG |
| MARTIN GOTTESFELD, | ) |
| | ) |
| Defendant. | ) |

## ASSENTED-TO MOTION FOR ENDS-OF-JUSTICE CONTINUANCE, AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through the undersigned Assistant United States Attorneys, and with the assent the defendant as set forth in Court on November 28, 2016, respectfully moves this Court to grant a continuance of the time within which the trial of the charged offenses must commence, and exclude from the speedy trial clock the time period from November 28, 2016, through and including January 24, 2017—the date the Court has set for an interim status conference. The government, again with the assent of the defendant as set forth in Court on November 28, 2016, further moves to exclude from the speedy trial clock the period from October 19, 2016 (the date on which an indictment was returned) through October 26, 2016 (the date of defendant's arraignment), to the extent this period is not already excluded by operation of the Speedy Trial Act, *see* 18 U.S.C. § 3161(c)(1).

Predecessor counsel for the defendant moved to withdraw on November 28, 2016. The Court grated the motion, and appointed Assistant Federal Defender Timothy Watkins to represent the defendant. The volume of discovery in this matter will be substantial. Given these facts and the current status of the matter, the parties agree that a continuance of the date by which a trial in this matter must commence is necessary so as to: (1) provide the defendant and his counsel reasonable time to review and assess the discovery to be produced in this case; (2) not unreasonably deny the defendant and the government continuity of counsel, given

commitments in other pending matters and the schedules of counsel to both parties; and (3) provide counsel for the defendant and the attorneys for the government the reasonable time necessary to attempt to resolve the matter short of trial, and, should those efforts fail, to effectively prepare for trial, taking into account the exercise of due diligence. The parties further agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv). *See also* 18 U.S.C. § 3161(h)(1)(G).

        Respectfully submitted,

        CARMEN M. ORTIZ
        UNITED STATES ATTORNEY

By: */s/ David J. D'Addio*
     David J. D'Addio
     Adam J. Bookbinder
     Assistant U.S. Attorneys

Date: November 30, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ David J. D'Addio*
                                          David J. D'Addio
                                          Assistant United States Attorney

Date: November 30, 2016