UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTIN GOTTESFELD,<br><br>Defendant. | Crim. No. 16-10305-NMG |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RELEASE**

Because there continue to be no conditions of release that will ensure the defendant's appearance in court, the Government asks the Court to deny the defendant's request that he be released for four days and allowed to travel to his father's memorial service in Florida.

As was discussed in detail in the Complaint in this case, (Dkt. #3), and at the April 27, 2016 detention hearing, the defendant and his attorney were negotiating a possible pre-indictment plea, in January 2016, when the defendant and his wife cut off all contact with their families and employers and fled the United States.  They were only located, off the coast of Cuba, when the boat they were in ran into engine trouble and they were forced to issue a distress call, to which a Disney cruise ship responded.  Gottesfeld was arrested when the cruise ship returned to Miami on February 17, 2016.

In light of his flight, and the fact that the U.S. Sentencing Guidelines will likely call for a sentence of at least several years in prison (if the defendant is convicted of causing more than $600,000 in losses through his network attacks, as alleged in the Indictment), the government moved for detention.  The Court ordered Gottesfeld detained in a July 27, 2016 order, stating:

"The facts support a finding that the defendant carefully arranged and attempted to execute an elaborate plan to leave Massachusetts surreptitiously without leaving any trace of his destination." (Dkt. #25 at 19). "Based on the totality of the evidence," the Court concluded, "this court finds by a preponderance of the evidence that there is no condition or combination of conditions that will assure the appearance of the defendant as required." (Dkt. #25 at 20).

The defendant now asks the Court to release him for four days so that he can attend a memorial service for his father. While the government is sympathetic to the defendant's desire to attend the service, his prior flight, combined with his need to travel to Florida for the service, make his request unworkable. The defendant fled the U.S. in a boat, between Florida and Cuba, last February, before he had even been charged in this case. His incentive to flea post-indictment is, if anything, even greater. And he is now asking to return to the site of his last flight. Furthermore, there are no conditions of release that will ensure his appearance—certainly not an unsecured bond, nor a GPS bracelet, which would only limit his head start, should he choose to flea again.

For all of these reasons, the government asks the Court to deny defendant's motion for release.

        Respectfully submitted,

        WILLIAM D. WEINREB
        United States Attorney

By:    /s/ David J. D'Addio
        Adam J. Bookbinder
        David J. D'Addio
        Assistant U.S. Attorneys

Dated: March 29, 2017

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                                                        */s/ David J. D'Addio*
                                                        David J. D'Addio

Dated: March 29, 2017