Dear Honorable Judge Gorton,          Friday, March 2nd, 2018

I hope that this letter finds you well, and I thank you for taking the time to read it.

I do not wish to waive any right to future Attorney-Client priviledge, nor to waive any right as to the priviledge of past communications with any of my attorneys other than what I am going to present here. However, I do wish to rebut the very misleading claims which were filed yesterday by my counsel, Mr. Ray Gillespie, and I wish to do so on the public record.

I believe that Mr. Gillespie is attempting to protect his own reputation by hiding behind an ex-parte hearing, the transcript of which would not be generally available, and that his method of doing such inaccurately and unethically portrays me as the source of the issues which have poisoned our attorney-client relationship. I am prepared to vigorously and irrefutably demonstrate the opposite.

As your honor is aware, Mr. Gillespie has had months to prepare and file a supplemental motion to suppress. Yet, he waited until the very last minute. When he was granted an extension until yesterday, March 1st, 2018, he again procrastinated. As your honor is also aware, there were factual technical and legal issues with the previous filings made by the Federal Defender's Office on my behalf and part of the expected supplemental suppression motion would have been technical while another part would have required me to

- Page 1 of 4 -

DOCKETED

121

execute an affidavit.

So, I had requested that Mr. Gillespie supply me with drafts of the filings which we expected to make ahead of time so that I could run them by others and ensure their factual accuracy myself. Yet as of February 28th, Mr. Gillespie had neither completed the supplemental motion nor the other filings which we expected to submit contemporariously and no affidavit had been offered for my signature. It was at that point that I insisted that Mr. Gillespie move to withdraw and it seemed that we had a clear understanding that in his motion to resign as defense counsel he would cite his inability to meet the March 1st deadline which the Court had set ~~by that~~ forth.

Yet ~~there~~ there is no mention of this in his motion. However, I have audio clips and emails which clearly document this course of events.

Likewise, there isn't any mention that I first presented information about violations of the Speedy Trial Act's 30-day requirement for the filing of an indictment to Mr. Gillespie last December. Curiously, none of my previous attorneys noticed and raised to my attention that there were no exclusions/extensions docketed prior to the return of the indictment 8 months after my arrest. Now, I have my own theory as to why this may be, which I have already brought to the attention of The Honorable Chief Judge Saris. But, regardless, I raised this issue to Mr. Gillespie in December only to be told misleading

information about its significance until just recently, when Mr.
Gillespie apologized for giving me bogus information earlier
and confirmed to me that the violation of the Speedy Trial
Act would require dismissal of the indictment. I believe that
there is a meritorious argument given U.S. v. Reine-Del Rosario
(2017 WL 6547853 or 17-cr-534[GAG]) for dismissal
with prejudice.

And yet, despite making Mr. Gillespie aware of this
more than 2 months ago, nothing has been filed by him
regarding this issue. In fact, I filed a petition for a Writ
of Habeus Corpus citing this same violation, which I
mailed on Friday, February 23rd when progress from Mr.
Gillespie was wanting (see 1:18-cv-10376-FDS). Partially,
I believe that Mr. Gillespie's poor knowledge of federal
criminal procedure is to blame for parts of the delay. On
more than one occasion and on more than one important
matter he has reversed himself.

In fact, at first he told me that an STA dismissal
for violation of the 30-day rule of 18 U.S.C. §3161(b)
wouldn't require my release from custody, but he has
since informed me of the opposite.

In addition to the above, I also need to bring to the
Court's attention another matter of which I had informed
Mr. Gillespie. The Home For Little Wanderers, a tax-exempt
organization which offers adoption services at one point listed
the Honorable Judge Nathaniel Gorton as a member of its
board of advisors and it also accepted a $50,000 donation

From one of the alleged victims in this case, Boston Children's Hospital, in September, 2015 – a mere 5 months before my arrest. In the case of Justina Pelletier the issue of possible adoption to a new family after she was taken from her parents' custody was highly controversial, as it often is in cases of similarly situated children.

Further, one of the grounds which I raised in my Habeus petition and which I had asked Mr. Gillespie to also raise in our supplemental suppression motion was the lack of a neutral and detached issuing authority for the search warrant executed on my home on October 1st, 2014. The bases of this argument includes that the issuing magistrate, The Honorable Marianne B. Bowler is an emeritus director of the Boston Foundation, which actively seeks to raise money both for alleged victim Wayside Youth And Family Support Network as well as for The Home For Little Wanderers.

Once again, thank you for your time and attention to these matters.

Respectfully Mailed And Submitted on 3/2/18,

M—G

Martin S. Gottesfeld, ID # 71225
PCCF, Unit H1, Cell 224
26 Long Pond Road
Plymouth, MA 02360

- Page 4 of 4 -