FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2018 MAR -8  AM II: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 16-CR-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

**DEFENDANT MARTIN GOTTESFELD'S MOTION TO DISMISS
HIS INDICTMENT FOR VIOLATIONS OF THE SPEEDY TRIAL ACT
AND THE SPEEDY TRIAL CLAUSE OF THE CONSTITUTION**

Defendant Martin Gottesfeld ("Mr. Gottesfeld") hereby moves this Honorable Court for

an order dismissing the Indictment herein with prejudice for violations of The Speedy Trial Act,

18 U.S.C. §3161 and §3162, and the Speedy Trial Clause of the Sixth Amendment of the

Constitution.

**BACKGROUND**

Martin Gottesfeld is the rare defendant that can assert violations of the Due Process

Clause and the Speedy Trial Clause of the Constitution, as well as multiple violations of the

Speedy Trial Act under 18 U.S.C. §3161.  In fact, in the over two years that he has been detained

against his will and deprived of his liberty, his Docket has over 100 entries but nowhere are the

words "Speedy Trial" or "Due Process" mentioned.  Because he was arrested in Florida and then

shipped to Oklahoma, Brooklyn, and then the Wyatt Detention Facility in Rhode Island, and then

back to Manhattan and finally to Plymouth County Correctional Facility, he has clearly exceeded

the 9-day violation in *Bloate v. United States*, 559 U.S. 196 (2010) and the 10-day violation in

*United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), which was all travel days that are not

excluded.  In the first case in the First Circuit after *Bloate*, the Speedy Trial Act ("STA")

violation in *United States v. Huete-Sandoval*, 668 F.3d 1 (1st Cir. 2011) was only 16 days and required dismissal of the Indictment. At dispute in *Huete-Sandoval* was a mere 16 day period between July 22 and August 7, 2009, where some pre-trial briefing was argued over as to what was either excludable or non-excludable time under the new rules in *Bloate*.

Particularly instructive in Mr. Gottesfeld's case are two cases from the District of Puerto Rico, *United States v. Reina-Del Rosario*, 2017 WL 6547853 (D.P.R. 2017) and *United States v. Irizarry-Colon*, 268 F.Supp.3d 324 (D.P.R. 2017), both of which were dismissed with prejudice. Thermo Julio Reina-Del Rosario was arrested on August 25, 2017 in Puerto Rico for violation of 8 U.S.C. §1326(a). Unlike Mr. Gottesfeld, Reina-Del Rosario was granted bail. However, he was not released but was instead transferred to Mississippi due to Hurricane Maria. Reina was not indicted until October 11, 2017. After being granted release, Reina was taken into custody by ICE and as of December 21, 2017, he had not been arraigned. On December 6, 2017 Reina moved to dismiss based on a Speedy Trial Act violation. The Court in *Reina-Del Rosario* went on to say:

> "The STA calls for indictment no later than thirty days after arrest." *United States v. Souza*, 749 F.3d 74, 79 (1st Cir. 2014) (citing 18 U.S.C. §3161(b)). Here, Defendant was indicted on October 11, 2017, forty-eight days after his arrest on August 25, 2017. Because no exclusions apply in this case, this was a clear violation of the STA and Defendant's claim must be dismissed. See 18 U.S.C.A. §3162(a)(1).

> To determine whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C.A. §3162(a)(1).

> This is a case of simple illegal reentry. See 8 U.S.C. §1326(a). The punishment would likely have been for less time than Defendant has already spent in detention. The reasons for the delay rest squarely on the shoulders of the government. There is nothing to indicate that Defendant or his counsel played a part in holding up the process. Whether BOP, ICE, or even a court itself causes the delay, the outcome is effectively the same. See *United States v. Rivas*, 782 F.Supp. 686, 687 (D. Me.), *aff'd sub nom. United States v.*

*Ramirez*, 973 F.2d 36 (1st Cir. 1992). There is only one federal government, and ICE's actions unfortunately affect prosecutors. Where the violation of the STA is attributable to the prosecution, or even the court, "the allowance of reprosecution of defendant[ ] for the charged offense[ ] would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as w[as] th[is] defendant[ ]." *Rivas*, 782 F.Supp. at 687. In consideration of the above, this case is DISMISSED with prejudice. *Reina* at 1.

Because Mr. Gottesfeld was arrested on February 17, 2016 (Dkt. #5) and his initial appearance was not until April 6, 2016 (Dkt. #13), he has two STA violations because he was finally indicted on October 19, 2016 (Dkt. #28), and he has not been brought to trial now almost two years after his Initial Appearance. Therefore, his Indictment should immediately be dismissed with prejudice.

In Mr. Gottesfeld's case, he was arrested on February 17, 2016, and no mention is made anywhere of "excludable time" until Dkt. No. 39 of November 2, 2016, which excludes the time from October 26 until November 28, 2016. Docket 49 dated December 6, 2016 does the unlawful and illegitimate retroactive "backdating" of excludable time to exclude the dates October 19 until October 26, 2016, but there is absolutely no exclusion of time from February 17, 2016 until the illegitimate exclusion of October 19, 2016. This is clear-cut error on the part of the Magistrate, and Mr. Gottesfeld was also held without an indictment for more than 30 days. But, the other violations of the Speedy Trial Act, the Speedy Trial Clause, and the Due Process Clause under the Supreme Court's decision in *Betterman v. Montana*, 136 S.Ct. 1609 (2016) are so blatant, that the only decision for this Court to make is whether to dismiss the indictment with or without prejudice. See the recent decision by the District Court in *United States v. Irizarry-Colon*, 2017 WL 3278949 (D. Puerto Rico 2017). Even in *Betterman*, where the delay was only 14 months and the defendant pleaded guilty, Justice Sotomayor suggested that the *Barker v. Wingo*, 407 U.S. 514 (1972) factors should be used for a Due Process delay just as for a Speedy

3

Trial delay: (1) the "[l]ength of the delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." *Betterman* at 1619, *quoting Barker* at 530.

Therefore, because the extraordinary delay in this case is more than a year, it is virtually all the government's fault because they refused to release Mr. Gottesfeld, and because he has been prejudiced in not being able to present his "best defense" as guaranteed by the Constitution, this Court must dismiss the Indictment. *See United States v. Irizarry-Colon,* 848 F.3d 61 (1st Cir. 2017). It is respectfully submitted that the dismissal of the Indictment should be with prejudice because Mr. Gottesfeld has already been deprived of his liberty for almost two years for a non-crime. Suffice it to say, Mr. Gottesfeld is living the Founders' worst nightmare, and is accused of a crime that no Founder could ever have imagined considering the breadth of the First and Ninth Amendments of the Constitution.

## I.   MR. GOTTESFELD'S RIGHT TO A SPEEDY TRIAL HAS CLEARLY BEEN VIOLATED

The Supreme Court vacated convictions in *Bloate* and *Tinklenberg* for STA violations of only 9 or 10 days. In Mr. Gottesfeld's case there are several violations of more than 70 days. As previously stated, the STA violation in *Huete-Sandoval* was only 16 days, and required the dismissal of the indictment. The First Circuit in *Huete-Sandoval* described many of the changes that have happened during the past decade as to the interpretation of the Speedy Trial Act and Speedy trial violations.

During this entire time period Mr. Gottesfeld was an example of not only the Founders' **worst fears** in creating the Sixth Amendment, but also the fears as viewed by Congress in passing the Speedy Trial Act that the "interests-of-justice" exclusions of time in this case are invalid because they fail the *Zedner v. United States,* 547 U.S. 489 (2006) balancing test which

4

was not done, and the reasons for the delay were not put on the record as required by 18 U.S.C. §3161. If the district court "fails to make the requisite finding regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed." *See, e.g., United States v. Ramirez,* 788 F.3d 732, 738 (7th Cir. 2015) (citing *Zedner* at 508).

As the Supreme Court recognized in *Zedner*, the built-in flexibility of the ends of justice continuance has the potential to "get out of hand," so "procedural strictness" is necessary to counteract that danger. *Ramirez* at *8. That procedural strictness requires on-the-record findings that sufficiently identify the factors that were considered in making an ends of justice continuance. *See United States v. Crawford,* 982 F.2d 199, 204 (6th Cir. 1993). A judge may not "grant an 'ends of justice' continuance *nunc pro tunc*, providing after the fact justification for unauthorized delays." *United States v. Janik,* 723 F.2d 537, 545 (7th Cir. 1983). If none of the "interests-of-justice" exclusions are counted, then Mr. Gottesfeld will have a Speedy Trial Act violation of over 600 days, or multiple Speedy Trial Act violations of more than the one day in *United States v. Dezeler,* 81 F.3d 86 (8th Cir. 1996) and the 16 days in *Huete-Sandoval*. In fact, the defendant in *Irizarry-Colon* had his indictment dismissed four times, and ultimately had his indictment dismissed **with** prejudice for STA violations not as severe as in Mr. Gottesfeld's case.

## II.   ALL FOUR *BARKER v. WINGO* FACTORS FAVOR DISMISSING MR. GOTTESFELD'S INDICTMENT

The Supreme Court's recent decision in *Betterman* established that there was no "Speedy Sentencing" right in the Speedy Trial Clause of the Constitution, but Justice Sotomayor suggested in her opinion that the standard for "Due Process delay" in sentencing should be the familiar *Barker* factors: (1) the "[l]ength of the delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant" used for a Speedy Trial

delay analysis. *See, e.g., Irizarry-Colon* at 67, *citing Barker* at 530. A delay of one year or more crosses the threshold and triggers the analysis of the remaining *Barker* factors, but no one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant. In Mr. Gottesfeld's case, all four factors point to a dismissal of the Indictment with prejudice.

### III.   THE FIRST CIRCUIT'S DECISION IN *IRIZARRY-COLON* IN 2017 REQUIRES THE DISMISSAL OF MR. GOTTESFELD'S INDICTMENT

There is no denying that "substantial prejudice" that has resulted from the delay in this case is, in fact, presumptively prejudicial. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," of which there are three: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker* at 532. As stated in *Barker*, the effect delay has on a defendant's ability to mount a defense is "the most serious" of the interests protected by the right, as "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker* at 532. The other three *Barker* prongs clearly favor Mr. Gottesfeld, so that his Indictment should be dismissed forthwith with prejudice in the interests of justice. Once the delay is over two years, it should be deemed "presumptive prejudice." See Judge Lipez's decision in the Third Circuit case of *United States v. Velazquez*, 749 F.3d 161 (3d Cir. 2014).

In *Irizarry-Colon*, the First Circuit reversed the defendant's conviction on Due Process and Speedy Trial grounds in February of 2017 and the District Court in Puerto Rico dismissed his indictment in August 2017 citing that all four *Barker* factors weighed in his favor. Respectfully, the same can be said about Mr. Gottesfeld, but Mr. Gottesfeld is basing this Motion on the concept of "presumptive prejudice" so that what happened to Mr. Gottesfeld does not

happen to anyone else in America again.  Mr. Gottesfeld respectfully submits to the Court that he

was a victim of pre-indictment delay, Constitutional Speedy Trial delay, §3161 Speedy Trial

delay, and *Betterman* Due Process delay caused by the government.  Moreover, the prejudice in

this case is palpable.  In the Supreme Court's unanimous decision in *Moore v. Arizona*, 414 U.S.

25 (1973), the "speedy trial" delay was only 28 months, and Rocky Moore was a convicted killer

in a California prison, yet this was what the Supreme Court had to say in *Moore*:

> Moreover, prejudice to a defendant caused by delay in bringing him to trial is not
> confined to the possible prejudice to his defense in those proceedings. Inordinate delay,
> "wholly aside from possible prejudice to a defense on the merits, may `seriously interfere
> with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his
> employment, drain his financial resources, curtail his associations, subject him to public
> obloquy, and create anxiety in him, his family and his friends.' These factors are more
> serious for some than for others, but they are inevitably present in every case to some
> extent, for every defendant will either be incarcerated pending trial or on bail subject to
> substantial restrictions on his liberty." *Moore* at 27, *citing United States v. Marion*, 404
> U.S. 307, 320-21 (1971).

Furthermore, *Moore* goes on to say citing *Strunk v. United States*, 412 U.S. 434 (1973)

that "...no court should overlook the possible impact pending charges might have on [a

defendant's] prospects for parole and meaningful rehabilitation." *Strunk* at 439.  So the analysis

is not how Mr. Gottesfeld might compare against Rocky Moore, who was a convicted murderer

already in prison in California, but how he compares to normal "unindicted" citizens, and his

"family and friends." As the Supreme Court also states in *Moore*:

> *Barker v. Wingo* expressly rejected the notion that an affirmative demonstration of
> prejudice was necessary to prove a denial of the constitutional right to a speedy trial: "We
> regard none of the four factors identified above [length of delay, reason for delay,
> defendant's assertion of his right, and prejudice to the defendant] as either a necessary or
> sufficient condition to the finding of a deprivation of the right of speedy trial. Rather,
> they are related factors and must be considered together with such other circumstances as
> may be relevant. In sum, these factors have no talismanic qualities; courts must still
> engage in a difficult and sensitive balancing process. But, because we are dealing with a
> fundamental right of the accused, this process must be carried out with full recognition
> that the accused's interest in a speedy trial is specifically affirmed in the Constitution."
> 407 U.S. at 533 (footnote omitted). *Moore* at 26 (internal citations omitted).

Judge Lipez's Opinion for the Third Circuit in *United States v. Velazquez*, 749 F.3d 161 (3d Cir. 2014) is also instructive for the "presumptive prejudice" found in this case. In vacating Velazquez's conviction and sentence for violations of the Sixth Amendment Speedy Trial Clause, Judge Lipez discussed the second of the *Barker v. Wingo* factors: who exactly is responsible for the delay, which is the "flag that all litigants seek to capture," *citing United States v. Loud Hawk*, 474 U.S. 302, 315 (1986). Judge Lipez also refers to the Supreme Court's decision in *Doggett v. United States*, 505 U.S. 647 (1992), which describes the range of the government delay as extending from "reasonable diligence" to "bad-faith" delay. *Doggett* at 656. In the next paragraph of *Velazquez*, Judge Lipez writes:

> "Negligence over a sufficiently long period can establish a general presumption that the defendant's ability to present a defense is impaired, meaning that a defendant can prevail on his claim despite not having shown specific prejudice. *See Doggett* at 658 (finding a speedy trial violation based on general prejudice where government's negligence led to six-year delay). This general presumption applies because "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown." *Id.* at 655 (*quoting Barker*, 407 U.S. at 532). "Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett* at 655.

In other words, **Judge Lipez describes exactly what happened in Mr. Gottesfeld's case**. The theory of "presumptive prejudice" means that the extended delay in this case satisfies all four *Barker* prongs. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from `presumptively prejudicial' delay...." *Doggett* at 651-52. Delays exceeding one year are generally found to be "presumptively prejudicial." *Doggett* at 652 n.1. If, after the threshold inquiry is satisfied and the second and third factor are considered, all three of these factors weigh heavily against the government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial. *Doggett* at 647. But, once again, Mr.

Gottesfeld can easily prove his ability to merit his best defense is being impaired due to his length pre-trial incarceration.

In *United States v. Ferreira*, 665 F.2d 701, 707 (6th Cir. 2011), the Sixth Circuit observed that in a prior decision, *Dixon v. White*, 210 Fed. Appx. 498, 499 (6th Cir. 2007), the court held that a three-and-a-half-year delay necessitates a finding of presumptive prejudice is in keeping with decisions from two of our sister circuits." *See United States v. Erenas-Luna*, 560 F.3d 772, 780 (8th Cir. 2009) (Eighth Circuit applying *Doggett* and concluding that a three-year delay between indictment and arraignment caused by "the serious negligence of the government" was excessive enough to trigger a presumption of prejudice); *United States v. Ingram*, 446 F.3d 1332, 1339 (11th Cir. 2006) (Eleventh Circuit holding that a two-year, post-indictment delay caused by egregious government negligence allowed the court to presume prejudice in the fourth *Barker* prong). This case is also similar to the facts of *Dixon*, where the Sixth Circuit correctly reversed the lower court's judgment due to the 3.5 year delay in the case being mostly attributable to the government. As the Sixth Circuit stated:

> "This case is materially indistinguishable from *Doggett* with respect to the four relevant speedy-trial inquiries, namely 'whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for the delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.' *Id.* at 651. First, although the three-and-a-half-year delay in this case is less than the eight-and-a-half-year delay in *Doggett*, it is still uncommonly long. Second, as in *Doggett*, the state is more to blame for the delay. Third, Dixon, like Doggett, raised his right to a speedy trial, and, fourth, like Doggett, could not show actual prejudice from the delay." *Dixon*, 210 Fed. Appx. 498 at 502.

Moreover, the STA Clock violations in this case are *not* a close call, but the violation between February 17 and October 26, 2016 results in **a clear violation** based on the statute and relevant case law. However, ***any*** STA violation requires dismissal. *See United States v. Dezeler*,

81 F.3d 86 (8th Cir. 1996) (reversing conviction and dismissing due to 71 days). *See, also,*

*Huete-Sandoval* and *Irizarry-Colon.*

An excellent case directly on point to the two-year delay in this case is *United States v.*

*Ingram,* 446 F.3d 1332 (11th Cir. 2006), where the defendant was indicted on October 25, 2002,

but was not arrested or incarcerated until August 3, 2004.   Ingram moved to dismiss the

indictment on September 30, 2004, which was denied by the District Court based on the

Magistrate's recommendation.   The trial commenced on November 4, 2004 and Ingram was

found guilty on November 9, 2004.   The two-year timeframe in *Ingram* is almost exactly like this

case, except the defendant in *Ingram* was not incarcerated until after his trial.   The Eleventh

Circuit vacated Ingram's conviction based on the theory of presumptive prejudice:

> Delays exceeding one year are generally found to be "presumptively prejudicial."
> *Doggett* at 652 n. 1; *see also Clark,* 83 F.3d at 1352. If, after the threshold inquiry is
> satisfied and the second and third factor are considered, all three of these factors weigh
> heavily against the Government, the defendant need not show actual prejudice (the fourth
> factor) to succeed in showing a violation of his right to a speedy trial. *Doggett* at 647....
> The first three *Barker* factors all weigh heavily against the Government. Thus, Ingram
> need not demonstrate actual prejudice resulting from the delay. The indictment must be
> dismissed. *Ingram* at 1336, 1340.

Therefore, Mr. Gottesfeld respectfully asks this Court to dismiss his Indictment based on

the Due Process and Speedy Trial implications of this case due to the delay from Mr.

Gottesfeld's arrest in this case, to the date of this brief, with virtually all of this delay being

attributable to the government.

10

## IV.   THE INDICTMENT SHOULD BE DISMISSED WITH PREJUDICE

The Act is unequivocal: §3162(a)(1) plainly states that, "If...no indictment or information is filed within the time limit required by section 3161(b) as extended by 3161(h) of this chapter, such charge against that individual contained in such complaint *shall be dismissed* or otherwise dropped." *Id. (italics supplied)*.

Not just because he has already spent two years in abysmal conditions and prevented from preparing his best defense, Mr. Gottesfeld's indictment should be dismissed with prejudice. As stated previously, Mr. Gottesfeld is guaranteed by the Constitution a trial that is fair, speedy, and public.   To date, the government has prevented Mr. Gottesfeld from having any of these constitutional guarantees.   A criminal defendant has a constitutional right under the Sixth Amendment's Compulsory Process and Confrontation Clauses and the Fifth and Fourteenth Amendment's Due Process Clause to "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). "Indeed, '[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense.'" *Hawkins*, 460 F.3d at 243 (*quoting Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)).   At Plymouth, it is virtually impossible for Mr. Gottesfeld to communicate with his attorney or gather witnesses or evidence to put on his best defense.

Moreover, the delays in this case are not just unconstitutional delays, they are specific violations of the Speedy Trial Act. *See, e.g., United States v. Fawster*, 2013 WL 4047120 (D.RI. 2013), where the District Court of Rhode Island dismissed an indictment with prejudice because the government did not indict the defendant within 30 days of his arrest as required by 18 U.S.C. §3161(b):

> The Speedy Trial Act requires that an indictment or information must be filed within thirty days from the date when an individual was arrested. 18 U.S.C. §3161(b). It further

11

mandates that trial shall commence within seventy days of the filing date (and making public) of the information or indictment, or from the date on which the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date occurs last. *Id.* §3161(c)(1). Here Defendant was arrested and charged with a Class A misdemeanor on December 14, 2012; therefore, the Speedy Trial Act required the government to file either an information or indictment within thirty days, by January 14, 2013. Defendant did not waive his right to a speedy trial. By the time he requested and received a thirty-day delay of trial by motion filed on March 22, 2013, the deadline for the filing of an indictment or information had already long since passed. Indeed, as of the date of the hearing on the Court's order to show cause (August 6, 2013), nothing has happened to move this case closer to trial. *Fawster* at *2.

In Mr. Gottesfeld's case, he was arrested on February 17, 2016 but not indicted until October 19, 2016 (see Doc. 28). Therefore, violation of the Speedy Trial Act (several times in this case) requires that the indictment be dismissed. The only question is "with" or "without" prejudice. *See Huete-Sandoval* at 7, and n. 9. It is respectfully submitted to the Court that it must consider the three factors:

(1) the seriousness of the offense;
(2) the facts and circumstances of the case which led to the dismissal; and
(3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. §3162(a)(1).

The choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case; "there is no presumption in favor of either sanction." *Huete–Sandoval* at 7 n. 9. The lack of seriousness of Defendant's offense augers in favor of dismissal with prejudice. *Fawster* at *4.

Because the delay in this case has been extraordinary and Mr. Gottesfeld has been deprived of his liberty for a questionable alleged act that is debatable as a crime even by modern standards (he did not steal, sell drugs, or kill anyone), all three factors favor dismissal with prejudice. But more than this, as the Judge said in *Fawster*, "he has been punished enough" and this Court should take into account the same thoughts that the court in *Fawster* did when it stated:

These consequences, exacerbated by the delay, have resulted in an adverse impact on Defendant that likely exceeds the consequences that would have been imposed had this matter proceeded to trial and a verdict of guilty been rendered. Such adverse impact is a factor tipping in favor of dismissal with prejudice. "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty ... whether he is free on bail or not, [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Taylor,* 487 U.S. 326, 340 (1988); *see Montecalvo,* 861 F.Supp.2d at 120. When the delay leaves the defendant in the disadvantageous position of charged but untried for an extended period, the circumstances tip toward dismissal with prejudice. *United States v. Giambrone,* 920 F.2d 176, 182 (2d Cir. 1990) (where defendant indicted but untried for more than a year, dismissal with prejudice affirmed). *Fawster* at *4.

## CONCLUSION

Therefore, due to the numerous violations of the Speedy Trial Act and the Speedy Trial and Due Process Clauses of the Constitution, this Court should dismiss Mr. Gottesfeld's Indictment with prejudice.

Respectfully submitted,

/s/ Martin Gottesfeld
Martin Gottesfeld
Defendant *pro se*
ID#71225
Unit H1, Cell 224
26 Plymouth Rd.
Plymouth, MA 02360