# PSD

BOSTON   NEW YORK
www.psdfirm.com
POLLACK SOLOMON DUFFY LLP
133 Federal Street . Suite 902 . Boston, MA 02110
617.439.9800
bpollack@psdfirm.com

December 21, 2013

**by email (cheryl.bartlett@state.ma.us) and first class mail**
Cheryl Bartlett, RN
Commissioner
Massachusetts Department of Public Health
250 Washington Street
Boston, MA 02108

### Re:    Children's Hospital Boston – Bader 5 Unit

Dear Commissioner Bartlett:

     We write to demand a formal investigation of the Bader 5 Unit at Children's Hospital Boston and, unless and until the Commonwealth can confirm the safety of children there, the closure of Bader 5. I am a former federal prosecutor, the longest-tenured member of the Board of Directors of the Massachusetts Society for the Prevention of Cruelty to Children, and counsel for the mother and child in the attached Complaint against Children's Hospital Boston and several of its providers.

     Based on publicized reports by several families, there has been a pattern of abuse of children by one or more healthcare providers at the Bader 5 inpatient unit of Children's Hospital. In the case of my clients, the Bader 5 providers' analysis, treatment and approach were dead wrong, leading to a medically unnecessary confinement of a 14-year old girl for approximately 6 weeks, followed by the return of the girl to the person who was the source of an overdose, rather than to the girl's mother and legal custodian. The problem became apparent when the mother disagreed with Bader 5 healthcare providers and wanted her daughter returned to her home country of Switzerland for treatment. As reported in the growing number of cases in which allegations are becoming public, Bader 5 healthcare providers, including Gary Gosselin and Colleen Ryan, along with an in-house counsel named Ellen Rothstein, appear to favor hasty accusations of medical child abuse or the like against parents who challenge them. Based on allegations by multiple families, Gosselin and/or Ryan have even taken harsh stances to avoid second opinions that parents wish to seek from other facilities. In my view, one of Gosselin's Ryan's, and Rothstein's biggest weaknesses appears to be an unwillingness to consider the possibility that they have made mistakes, which is a major deficiency in professionalism. A former Children's Hospital nurse and whistleblower, Katie Higgins, has publicly reported these sorts of problems at Bader 5. As a result of, among other things, arrogance, professional mediocrity, and/or a rush to judgment, Bader 5 appears virtually synonymous with abuse for many children. While Gosselin, Ryan, and Rothstein may deflect blame for malpractice and abuse onto parents, Bader 5 emerges as a serious risk of abuse. My clients' case involved the failure of Bader 5

Commissioner Cheryl Bartlett
Page 2
December 21, 2013

providers to protect a 14 year-old girl, as set forth in the accompanying Complaint. I understand that other cases in which children have been confined in Bader 5 involve(d) controversial diagnoses concerning mitochondrial disorder (such as in the high profile Pelletier case and a less publicized Hilliard case), PANDAS (such as in the Wray case), and Lyme disease. Medical debate offers benefits. Without it, the majority practice could still involve the use of bloodletting, ice pick lobotomies, and leeches (which I only recently learned the FDA approved as a medical device in 2004, but for very limited purposes). Rather than respect a medical debate, however, Bader 5 healthcare providers have stifled it by attacking parents and deterring alternate opinions. Bader 5 providers have shut out qualified professionals who are more familiar with the patient. They have threatened parents and, worse yet, followed through on those threats through an odd relationship that they have established with DCF. Not much needs to be said about the view of DCF these days, but suffice to say it lacks adequate medical resources and reliability in general, but has the power to make life very difficult for parents and families, particularly when aligned with a name like "Children's Hospital."

An anti-parent approach at Bader 5 fails to respect the time-honored importance of the parental relationship, at the expense of children and families. As the United States Court of Appeals for the First Circuit wrote, in a successful appeal by my client Claudia Felder in a case in which Children's Hospital initially held her daughter in Bader 5 for about 6 weeks to her detriment: "We have stressed that 'under the Constitution, parents have a fundamental interest in their relationships with their children," ... and the Supreme Court has emphasized that '[t]he liberty interest ... of parents in the care, custody, and control of their children ... is perhaps the oldest of the fundamental liberty interests recognized by this Court." Earlier this year, another federal appellate court found that an institutional report of parents for "medical child abuse" constituted retaliation that gave rise to a cause of action under the Americans with Disabilities Act. Furthermore, Children's Hospital's concerted efforts with DCF has resulted in Bader 5 operating under color of state law, within the meaning of federal civil rights laws, 42 U.S.C. § 1983. DCF records obtained through FOIA requests indicate that Rothstein, a Children's Hospital lawyer, incredibly offered to have the legal department for Children's Hospital perform legal work for DCF in one matter.

With this backdrop, you might ask why federal claims are insufficient and why help is needed from the Department of Public Health to shut down Bader 5 or take other sufficient measures. The answer is simple. Federal claims would not include a right to shut down Bader 5, yet that consequence is important to the health and recovery of any children who have been trapped there against their will and in circumstances in which much less intrusive care would have been more appropriate. Children in Bader 5 can be blocked from the outside world and even at times daylight. For those children, like all victimized children, an important step in recovery can be an acknowledgement of wrongdoing by an institution that has failed them. Bader 5 has clearly failed and hurt many of its patients and their families.

Thank you for your prompt attention to this matter.

Sincerely,

Barry S. Pollack

42-2