# EXHIBIT G

# CABI, et al v. BOSTON CHILDREN'S HOSPITAL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERKAN CABI, PH.D., ISIN CAKIR, PH.D.,
and SAFAK MERT, PH.D.,
      Plaintiffs,

v.                                          CIVIL ACTION NO.
                                            15-12306-DJC

BOSTON CHILDREN'S HOSPITAL,
THE CHILDREN'S HOSPITAL
CORPORATION AND ITS AFFILIATED
ENTITIES, UMUT OZCAN, M.D., and
JOSEPH MAJZOUB, M.D.,
      Defendants.

**ORDER OF RECUSAL**

**March 20, 2017**

**BOWLER, U.S.M.J.**

Pursuant to 28 U.S.C. § 455(a) ("section 455(a)") and 28 U.S.C. § 455(b)(4) ("section 455(b)(4)"), I disqualify myself from presiding over this action.

Under section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) imposes an objective standard of whether a "reasonable member of the public, 'fully informed of all the relevant facts, would fairly question the trial judge's impartiality.'" In re U.S., 441 F.3d 44, 57 (1st Cir. 2006); accord U.S. v. Ayala, 289 F.3d 16, 27 (1st Cir. 2002) ("disqualification is appropriate when 'the facts asserted provide what an objective, knowledgeable member of the public

would find to be a reasonable basis for doubting the judge's impartiality'"). Thus, the statute requires disqualification based on an objective appearance of bias. See In re Bulger, 710 F.3d 42, 45 (1st Cir. 2013) (quoting law review article in parenthetical).

My spouse, Marc A. Pfeffer, M.D., Ph.D., is the Dzau Professor of Medicine at Harvard Medical School and a senior cardiologist at the Brigham and Women's Hospital in Boston, which is a Harvard Medical School affiliated hospital. As discovery has progressed, it has become apparent that the connection of this action to the Harvard Medical School is more direct than originally anticipated. For example, plaintiffs are seeking documents directly from Harvard Medical School which defendants move to quash. Mindful that "doubts ordinarily ought to be resolved in favor of recusal," In re U.S., 441 F.3d at 56; accord In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001), I recuse myself from presiding over this case.

                                 /s/ Marianne B. Bowler
                                 **MARIANNE B. BOWLER**
                                 United States Magistrate Judge