# EXHIBIT 1

# UNITED STATES V. REINA-DEL ROSARIO

# USDC PR

# Civil No. 17-cr-534-GAG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

THERMO JULIO REINA-DEL ROSARIO,

Defendant.

CIVIL NO. 17-cr-534 (GAG)

## ORDER

The Speedy Trial Act's ("STA") thirty-day period in which a defendant must be indicted following arrest expired in this case before an indictment occurred. See 18 U.S.C. § 3161(b). Consequently, the Court is required to order the dismissal of this case. See 18 U.S.C.A. § 3162(a)(1).

Thermo Julio Reina-Del Rosario ("Defendant") was arrested in Puerto Rico on August 25, 2017, for violation of 8 U.S.C. § 1326(a). After the arrest but prior to indictment, Defendant initially appeared before U.S. Magistrate Judge Bruce J. McGiverin, who granted Defendant release on bail. Defendant, however, was not released, and was instead transferred from Puerto Rico to Mississippi because of Hurricane Maria. Defendant was not indicted until October 11, 2017. After Defendant was granted release, the prosecutor contacted Immigration and Customs Enforcement ("ICE") officials, who then took custody of Defendant. He has been detained by ICE from that time until now. As of December 21, 2017, Defendant has yet to be arraigned. On December 6, 2017, Defendant moved to dismiss on the basis of failure to receive speedy trial. (Docket No. 23).

"The STA calls for indictment no later than thirty days after arrest." United States v. Souza, 749 F.3d 74, 79 (1st Cir. 2014) (citing 18 U.S.C. § 3161(b)). Here, Defendant was indicted on

**Civil No. 17-cr-534 (GAG)**

October 11, 2017, forty-eight days after his arrest on August 25, 2017. Because no exclusions apply in this case, this was a clear violation of the STA and Defendant's claim must be dismissed. See 18 U.S.C.A. § 3162(a)(1).

To determine whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C.A. § 3162(a)(1).

This is a case of simple illegal reentry. See 8 U.S.C. § 1326(a). The punishment would likely have been for less time than Defendant has already spent in detention. The reasons for the delay rest squarely on the shoulders of the government. There is nothing to indicate that Defendant or his counsel played a part in holding up the process. Whether BOP, ICE, or even a court itself causes the delay, the outcome is effectively the same. See United States v. Rivas, 782 F. Supp. 686, 687 (D. Me.), aff'd sub nom. United States v. Ramirez, 973 F.2d 36 (1st Cir. 1992). There is only one federal government, and ICE's actions unfortunately affect prosecutors. Where the violation of the STA is attributable to the prosecution, or even the court, "the allowance of reprosecution of defendant[] for the charged offense[] would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as w[as] th[is] defendant[]." Rivas, 782 F. Supp. at 687. In consideration of the above, this case is **DISMISSED with prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 21st day of December, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

2