UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

AMENDED REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The defendant Martin Gottesfeld ("Mr. Gottesfeld") hereby files this amended reply to the government's opposition to the defendant's motion to dismiss. Dkt. No. 167 ("Opposition"). The opposition repeatedly ignores Supreme Court precedent, erroneously privileges local rules over appellate authority, fails to cite a single appellate decision where claimed exclusions of time on a sealed civil case applied to a separate unsealed criminal case, and misapprehends the justifications for dismissal with prejudice. The Court must allow the motion to dismiss. Dkt. No. 164 ("Motion").

1. The government fails to cite a single appellate decision where days purportedly excluded from a sealed civil case were applicable to a separate unsealed criminal case before a different judge.

The opposition fails to cite a single appellate decision where days purportedly excluded from the speedy trial clock in a sealed civil case were applicable in a separate unsealed criminal case before a different judge. The government's inability to cite such an appellate decision is because one does not appear to exist; indeed, after the Supreme Court's decisions in United States v. Zedner, 547 U.S. 489 (2006) and United States v. Bloate, 559 U.S. 196 (2010), one would never expect such an appellate decision.

18 U.S.C. §3161(h)(7)(A) clearly states "No such period of delay… shall be excludable under this subsection unless the court sets forth, *in the record of the case*, either orally or in writing, its reasons..." (emphasis supplied).

In Bloate, a case concerning the Speedy Trial Act ("the Act"), the Supreme Court held "[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or

word shall be superfluous, void, or insignificant." 559 U.S. at 209 (citations omitted). Pursuant to Bloate, this Court must apply the true, plain, and complete meaning of the Act, including that "ends of justice" exclusions be made "in the record of the case." Unable to reckon with its holding, the government simply ignores Bloate in its opposition.

Here, Magistrate Judge Bowler failed to make any findings "in the record of the case," viz. criminal case 16-mj-4117-MBB, between Mr. Gottesfeld's arrest on February 17, 2016 through his indictment on October 19, 2016, a period of two hundred and forty-six (246) days, inclusive.

In Zedner, the Supreme Court held "without on-the-record findings, there can be no exclusion under [the current §3161(h)(7)(A)]." 547 U.S. at 507. In the present case, the Court did not order any pre-indictment "ends of justice" exclusions in criminal case 16-mj-4117-MBB.

Importantly, the Court in Zedner further held that, on appeal, "harmless error review is not appropriate." Id. Thus, even if this Court considered the failure to exclude time in criminal case 16-mj-4117-MBB to be harmless because of the purported exclusions of time in the separate sealed civil case of 16-mc-91064-ADB before a different judge, the error would nonetheless require reversal.[1]

The government's inability to cite a single appellate decision where time excluded from a sealed civil case applied to an unsealed criminal case before a different District Judge is because their position is untenable and contrary to law. The Court must dismiss the indictment.

2. The opposition erroneously privileges a *Plan for the Prompt Disposition of Criminal Cases* and Local Rules over binding appellate precedent.

The District's *Plan for the Prompt Disposition of Criminal Cases* ("the District Plan") and Local Rule 40.4 do not prevail over the plain meaning of the Act and the Supreme Court's precedential holdings from Zedner and Bloate. See Opposition at 7-8.

According to a Public Notice on the Court's website, the District Plan was made effective on December 9, 2008. See http://www.mad.uscourts.gov/caseinfo/pdf/122008GenOrd08-5.pdf (last

[1] Further, as explained in the Motion and *infra*, the error was not harmless.

accessed May 9, 2018). Of course, the Supreme Court decided Bloate in 2010. Since 18 U.S.C. §3161(h)(7)(A) clearly states "No such period of delay… shall be excludable under this subsection unless the court sets forth, *in the record of the case*, either orally or in writing, its reasons...", and Bloate requires enforcement of each clause and word of the Act, the government's filings in sealed civil case 16-mc-91064-ADB fail to comport with the Act's requirements under both Zedner and Bloate. (emphasis supplied)

The opposition also incorrectly relies on Local Rule 40.4. The opposition does not suggest (as it could not) that the instant case presented an "emergency," but rather that this was a "special proceeding." Opposition at 7. However, the instant case does *not* meet the definition of "special proceeding" under the rule: "(2) Special proceedings, *the nature of which precludes their assignment in the ordinary course* (for example, motions relating to grand jury investigations, discovery in cases pending in other districts, enforcement of administrative subpoenas)." (emphasis supplied)

In the present case, criminal case 16-mj-4117-MBB was *already assigned* to a Magistrate Judge on February 17, 2016, the very day Mr. Gottesfeld was arrested. Dkt. No. 5. Indeed, the Court unsealed the criminal case that same day. Id. With the criminal case already assigned, there was no justification for filing motions to exclude time anywhere except the criminal case.

Indeed, it is evident that all such matters *ought* to be brought to the presiding judge in the criminal case. By way of example, District Judge Saylor transferred Mr. Gottesfeld's *pro se* habeas petition to District Judge Gorton on the grounds that the requested remedies were more appropriately sought "from the judge handling the criminal case. Otherwise the judge presiding over the petition would be put in the position of collaterally reviewing legal rulings in proceedings before another judge – or, indeed, making such rulings before that judge even has an opportunity to rule." Gottesfeld v. Gibbons, 18-cv-10376-NMG, Dkt. No. 7 at 3. In fact, the Court (Gorton, J.) would later dismiss Mr. Gottesfeld's habeas petition on the grounds that its claims should be brought in the criminal case. 18-cv-10376-NMG, Dkt. No. 16. Thus, independent of the clear requirements of

Zedner and Bloate, the logic of Judge Saylor and Judge Gorton's rulings also applies here: the government should have brought its requests to the presiding judge in the criminal case.[2] Like Mr. Gottesfeld's habeas petition, the government's failure to do so here is dispositive to its claims.

Further, if the government had genuine grounds to file motions under seal in the criminal case, they could have done so. It was incorrect, however, to file motions to exclude time in a sealed civil docket when assignment of the criminal case had already been made "in the ordinary course."

The government's citation to United States v. Mitchell, 723 F.2d 1040 (1st Cir. 1983) harms rather than helps their position. Opposition at 8. Contrary to the opposition's implication, Mitchell offers no suggestion that motions to exclude were filed, or orders of exclusion issued, on any docket *other than* the criminal case. Id. Instead, the Mitchell decision cites to (an older version of) the District Plan for the purpose of *rejecting* the government's argument that they can file motions to exclude time *ex parte*: "We emphatically reject the argument of the government that section 5(c)(1)(B) of the Massachusetts Plan for Prompt Disposition of criminal cases 'specifically authorizes ex parte consideration of preindictment motions for additional time to file indictments.'" Id. at 1044. For the reasons stated in the Motion, Tor Ekeland's unlicensed and unadmitted status in the District of Massachusetts on 16-mc-91064-ADB precluded his assent to any motion filed by the government, rendering all such motions effectively *ex parte*.

On this point, the opposition claims "if the government could not properly receive Mr. Ekeland's assent, there was no one other than Gottesfeld with whom it could discuss a motion to exclude time." Opposition at 10. This argument ignores obvious solutions. As suggested in the Motion, the Court could have appointed CJA counsel to represent Mr. Gottesfeld pending Mr. Ekeland's admission *pro hac vice*; however, the Court was deprived of this opportunity by the

[2] Perhaps in the very different scenario where the government is proceeding without a criminal complaint but by direct indictment, a circumstance that "actually precludes [the case] assignment in the ordinary course," it would be appropriate to use the MBD docket. However, in this matter, nothing prevented the government from filing motions to exclude before the presiding judge in the criminal case.

government's failure to inform the Court that Mr. Ekeland was unadmitted to practice in the District on 16-mc-91064-ADB. Motion at 15. Other solutions included contacting Mr. Ekeland's prospective local counsel to file an appearance on the case pending Mr. Ekeland's admission.

Moreover, the government's citations to United States v. Gates, 709 F.3d 58, 65 (1st Cir. 2013) and United States v. Jondle, 2015 WL 10434884, at *1 (D. Mass. 2015) (Gorton, J.) are inapposite. Both those cases concern whether counsel's assent (without assent of the client) was sufficient in order to grant a continuance. Id. Here, however, unlicensed and unadmitted Tor Ekeland *could not assent* to the motions filed in sealed civil case 16-mc-91064-ADB. Further, Exhibit 11 of the government's opposition, which depicts an email exchange from April 10, 2016, reveals that the government never requested nor received assent from Mr. Gottesfeld for its second motion to exclude time; correspondingly, the government's second motion filed on April 11, 2016 fails to allege Mr. Gottesfeld's consent, limiting the claimed assent to unlicensed and unadmitted Tor Ekeland. Opposition at Ex. 11; see also Dkt. No. 164-3. Without assent by *either* admitted counsel *or* Mr. Gottesfeld, the April 11, 2016 motion was surely *ex parte*, unconsented to, and ineffective in tolling "the period from April 22 through May 27, 2016." Dismissal is required.

3. Magistrate Judge Burroughs improperly backdated two (2) orders in 16-mc-91064-ADB

The opposition claims "The MBD Judge's Orders Do Not Improperly Backdate." Opposition at 11-12. In making the claim, the opposition conflates two separate concepts, neither of which avails them. As argued in the Motion, a judge may not exclude time retroactively or backdate when excluding time. Motion at 13-14. The opposition fails to confront the cited cases standing for this proposition. "The continuance itself must be granted before the period to be excluded begins to run." United States v. Janik, 723 F.2d 537, 545 (7th Cir. 2983); see also United States v. Suarez-Perez, 484 F.3d 537, 542 (8th Cir. 2007) ("The Speedy Trial Act does not provide for retroactive continuances"); United States v. Shanahan, Dkt. 04-cr-126-04-PB (Dist of NH) (holding same).

Instead, the government conflates this principle with a different claim that filing the motion to continue tolls the speedy trial clock. Opposition at 11-12. However, even this claim does not help them. First, both cases cited in the opposition, United States v. Barnes, 159 F.3d 4, 12 (1st Cir. 1998) and United States v. Richardson, 421 F.3d 17 (1st Cir. 2005), predate the Supreme Court's precedential decisions in Zedner, 547 U.S. 489, and Bloate, 559 U.S. 196. As noted, the government did not file any pre-indictment motions to exclude "in the record of" criminal case 16-mj-4117-MBB before Magistrate Judge Bowler; nor was time excluded in that case. Indeed, neither Barnes nor Richardson concern exclusion of time on a separate sealed civil docket; they appear solely concerned about exclusion requests and orders in the actual criminal case. Barnes, 159 F.3d 4; Richardson, 421 F.3d 17. These citations do not help the government, and the case must be dismissed.

4. Even though none of the motions and orders on the separate sealed civil docket tolled the speedy trial clock, the government is wrong to claim that Judge Burroughs's orders in 16-mc-91064-ADB were "clearly obvious" adoptions of the government's motions to exclude time.

None of the motions and orders on the separate sealed civil docket tolled the speedy trial clock. Nonetheless, the government is still wrong to claim that Judge Burroughs's orders in 16-mc-91064-ADB are "clearly obvious" adoptions of the government's motions.

First, the government's reliance on United States v. Pakala, 568 F.3d 47 (2009) is misplaced. In Pakala, the defendant challenged the judge's failure to make findings regarding motions to exclude time *filed by the defendant himself.* Id. at 57-58. Indeed, "Pakala [did] not challenge the allowance of these motions" in his appeal; rather, he only challenged the Court's failure to make requisite on-the-record findings. Id. at 58. On these very different facts, the First Circuit held "this case supports a finding of judicial estoppel." Id. at 60. Further, "In his two 'ends of justice' continuances, Pakala each time asserted statutorily authorized exclusions of delay" and "it was 'clearly obvious' that the district court, in granting [Pakala's] motions, necessarily adopted both grounds." Id.

The present case is materially different than Pakala. Here, it was the government, not the defendant, which filed the motions to exclude time. Indeed, the government does not claim judicial

estoppel (the principal holding in Pakala) because there is no such claim to be made. Further, unlike in Pakala, Mr. Gottesfeld *does in fact challenge* the allowance of these motions in numerous respects, as discussed in this reply and in his Motion.

Moreover, unlike in Pakala, it is not "clearly obvious that the district court, in granting the motions, necessarily adopted both grounds." Id. In Pakala, the Court's "clearly obvious" finding was contingent upon the fact that "In his two motions for 'ends of justice' continuances, Pakala each time asserted statutorily authorized exclusions for delay"[3] Id. By contrast, all six (6) of the government's motions in 16-mc-91064-ADB cite several "ends of justice" rationales, the leading reasons being delay in a decision on detention and ongoing plea discussions. Dkt. No. 164, Ex. 3. Of course, only thirty (30) of the excessive ninety-two (92) day delay in the detention decision may be excluded under 18 U.S.C. 3162 (h)(1)(H). Further, unlike the circumstances in Pakala, plea negotiations are *not* a statutorily authorized exclusion for delay. In fact, the opposition notes that the First Circuit has "expressly left open the issue of whether periods of plea negotiation can be excluded." United States v. Souza, 749 F.3d 74, 80 (1st Cir. 2014); Opposition at 15-16. With the issue explicitly left open, the government cannot credibly claim that Justice Burroughs's purported exclusions were "clearly obvious" adoptions of the government's motion. Pakala, 568 F.3d at 60.

In fact, in United States v. Tigano, the most recent case from any circuit deciding the issue, the Second Circuit ruled *against* the government's position and held "plea bargaining is a gamble taken by the government regarding the defendant's speedy trial rights". 880 F.3d 602 (2d Cir. 2018).[4] The government's citation to two (2) 1994 cases, United States v. Fields, 39 F.3d 439 (3d

[3] "The first [statutorily authorized exclusion for delay] was for 'continuity of counsel' given a scheduling conflict, and the second was for 'reasonable time necessary for effective preparation' to allow Pakala's defense counsel the opportunity to obtain transcripts from [another defendant's] trial, and thus provide Pakala's defense counsel with adequate time to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv)(2006)(noting both grounds for allowing an 'ends of justice' continuance)." Pakala 568 F.3d at 60.

[4] The opposition suggests in a parenthetical that Mr. Gottesfeld's argument regarding Tigano applies only to his claim under FRCP 48(b)(1). Opposition at 15. This is incorrect. While the citation to Tigano happens to be made in a section discussing FRCP 48(b)(1), the holding and logic of Tigano apply to Mr. Gottesfeld's arguments advanced under both the Act and FRCP 48(b)(1), and are so adopted.

Cir. 1994), and United States v. Williams, 12 F.3d 452, 460 (5th Cir. 1994) (abrogated on other grounds by United States v. Wells, 519 U.S. 482 (1997) do not assist them in the manner suggested. Both cases predate the Supreme Court's controlling decisions in Zedner and Bloate. Further, when discussing Fields, the government fails to mention footnote seven (7) where the Third Circuit "recognize[d], however that there may be tension between our decision and the dictum in Perez-Reveles that 'negotiation of a plea bargain is not one of the factors supporting exclusion provided in [the current §3161(h)(7)(A)]." 39 F.3d at fn. 7, quoting United States v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983); Opposition at 16.

Since the First Circuit has "expressly left open the issue of whether periods of plea negotiation can be excluded," and a division among the circuits persists on the question, it is not "clearly obvious" that Judge Burroughs orders were adoptions of the government's motion. Souza, 749 F.3d at 80; Pakala, 568 F.3d at 60.

Moreover, the government plainly overstates the nature of their plea discussions when they claim Mr. Gottesfeld "was likely to plead guilty, right through the final assented motion to exclude." Opposition at 16. "Consideration," even "serious consideration," is not synonymous with "likely." Opposition at Ex. 16. Virtually every defendant should and does seriously consider a government's offer to plea, whether or not he ultimately accepts it. It is incorrect, however, to claim that Mr. Gottesfeld indicated he was "likely" to plea guilty. The government must not be allowed to inaccurately characterize Tor Ekeland's descriptions of Mr. Gottesfeld's actions, and then capitalize on that material inaccuracy. The "false sense of security" the government cites is a creature of its own making: repeatedly ignoring Supreme Court precedent by erroneously filing requests to exclude time in a sealed civil docket rather than the unsealed criminal case before the presiding judge; claiming assent by unadmitted counsel; failing to inform Judge Burroughs regarding Tor Ekeland's unadmitted status; failing to cite sufficient grounds recognized by law, and the many other issues raised in the Motion and this Reply. The Court must dismiss the case.

5. Dismissal Should be With Prejudice

The government had thirty (30) days to indict Mr. Gottesfeld, but instead took two hundred forty six (246) days. Meanwhile, their erroneous use of a sealed civil case prevented Mr. Gottesfeld and later admitted counsel from accessing the docket and reviewing Judge Burroughs's orders.[5]

The government refuses to acknowledge the inappropriate nature of their suggestion to Magistrate Judge Burroughs that the outcome Magistrate Judge Bowler's decision on detention may affect the likelihood of a guilty plea. That a free person may be less likely to plea guilty than a detained person is not the point. The point is that the government repeatedly suggested to the Court (albeit a judge on a different case) by inference that a detention order was more likely to produce what *they* obviously wanted: a guilty plea. While "interested" in a possible plea, Mr. Gottesfeld's clear concern was a bail finding and release. See e.g. Dkt. No. 14 ("Letters (non-motion) regarding release as to Martin Gottesfeld"); Dkt. No. 16 ("letters in support of the release of the defendant were entered into evidence."); Dkt. No. 23. ("Motion for Release from Custody on Conditions as to Martin Gottesfeld."). The government used Mr. Gottesfeld's continuing detention during the excessive ninety-two (92) day delay on a decision and his natural worry over a possible detention order as leverage in plea negotiations, and then utilized that leverage via suggestion in motions to the Court seeking exclusion of time to accomplish their goal of a plea. This is not the purpose of detention, and the Court should dismiss the case with prejudice.

Further, while the government clearly disagrees with Mr. Gottesfeld's alleged motives, they repeatedly ignore the alleged mistreatment and/or abuse of J.P. and her family by BCH and others that was widely reported in the media and the alleged inspiration for the DDOS attack. Remarkably, the opposition fails to even mention J.P., including in its discussion of dismissal with prejudice. The

---

[5] Indeed, the public interest, including the interested free press's ability to report on the case and move to unseal individual filings, was also thwarted by the government's violations of law. See e.g. Zedner, 547 U.S. at 500-01 ("But the Act was designed with the public interest firmly in mind… the district must find 'that the ends of justice served… outweigh the best interests of the public and the defendant in a speedy trial") (citations omitted).

government has never alleged that a single person was physically or psychologically harmed by the cyber disruption.[6] J.P and her family, on the other hand, alleged that they were significantly harmed. Further, the government contradicts itself in consecutive paragraphs by claiming that Mr. Gottesfeld "gives no sense that he accepts any responsibility" yet made "very public claims of responsibility for the attack." Opposition at 18. The Motion, however, expressly acknowledged that "reasonable people may (and do) debate the rightness of Mr. Gottesfeld's alleged response to the suffering of J.P. and her family." Motion at 21. The point is that, in light of all the circumstances, Mr. Gottesfeld's twenty-seven (27) months in custody for allegedly seeking to stop widely-reported mistreatment and/or abuse of J.P. and her family supports dismissal with prejudice. For the reasons stated in the Motion, this Reply, and the scheduled hearing on this Motion, the Court should dismiss the case with prejudice.

Respectfully Submitted,
MARTIN GOTTESFELD
By his attorney:

/s/ David J. Grimaldi

_______________________________

David J. Grimaldi
David J. Grimaldi, P.C.
BBO No. 669343
675 Massachusetts Avenue, 9th Floor
Cambridge, MA 02139
617-661-1529 (tel); 857-362-7889 (fax)
david@attorneygrimaldi.com

DATE: May 14, 2018

CERTIFICATE OF SERVICE

I, David J. Grimaldi, certify that true copies of this motion were served on all registered participants via ECF this 14th day of May 2018.

/s/ David J. Grimaldi
David J. Grimaldi

---

[6] Contrary to the insinuation in their opposition, it was the government who stated this incident was not "a cyber 9/11." Opposition at 18; see Dkt. No. 19 at 55. The Motion simply quoted the prosecution's words as a starting point to discussing prejudice. Clearly the bar is not set at or near the terrible attacks of September 11, 2001.