UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.: 16-cr-10305-NMG |
| ) | |
| MARTIN GOTTESFELD ) | |

DEFENDANT'S MOTION TO CONTINUE TRIAL

The defendant Martin Gottesfeld ("Mr. Gottesfeld") moves this Honorable Court to continue the trial scheduled for July 16, 2018 to a date in October or November 2018, or any later date agreeable to the Court and the parties. The government opposes the motion. As grounds therefore, Mr. Gottesfeld states the following:

1. <u>A summary of the case since Defense Counsel's March 22, 2018 appointment.</u>

The Court appointed undersigned counsel to represent Mr. Gottesfeld on March 22, 2018, approximately two (2) months ago. The scheduled July 16, 2018 trial is less than two (2) months away, and thus less than four (4) months from the date of counsel's appointment. This time frame, remarkably short for a modern federal criminal trial, particularly a sophisticated cyber crime case, fails to provide defense counsel sufficient time in the circumstances to prepare Mr. Gottesfeld's case for trial.

Undersigned counsel's March 22, 2018 appointment fell on the eve of a separate federal criminal trial by counsel before the Honorable Rya Zobel. That separate trial lasted from March 26 through April 2, 2018. Counsel's first opportunity to visit with Mr. Gottesfeld at the Plymouth County Correctional Facility was April 3, 2018; his first appearance before the Court was a status hearing on April 4, 2018. Dkt. No. 141.

At that initial status hearing, the Court allowed counsel's request for another status conference in two (2) weeks so that he would be better able to report to the Court when he will

1

be able to try the case and how he wishes to proceed with pending motions to dismiss (Dkt. Nos. 122 and 131), motions to suppress and related filings (Dkt. Nos. 78, 84, 89, and 128), and the government's motion in limine to preclude the defendant's defense (Dkt. No. 116). Id. The Court scheduled April 19, 2018 for further status conference. Id.

At the April 19, 2018 status conference, undersigned counsel proposed a schedule for filing papers regarding the aforementioned requests for dismissal, suppression, and denial of the government's motion *in limine*. Mindful of the age of the case and seeking to work as quickly as reasonably possible, undersigned counsel's proposal included the filing of a motion to dismiss the very next day. April 20, 2018.

The Court issued a scheduling order. While the Court and the parties discussed a possible October or November 2018 trial date, the Court ordered the "Jury Trial tentatively set for 07/23/2018" and scheduled an array of other deadlines for filing of witness lists, motions in limine, proposed voir dire, verdict forms, and oppositions to the same. Id.

Since the April 19, 2018 status conference, undersigned counsel has filed the following motions and pleadings:

- On April 20, 2018, a twenty-five (25) page Motion to Dismiss, with three (3) exhibits. Dkt. No 146.[1]

- On April 20, 2018, a Motion for Release from Custody. Dkt. No. 147.

- On April 27, 2018, an Emergency Motion to Unseal [as to related case Dkt No. 14-mj-2234-MBB] (filed under seal).

- On April 27, 2018, an Emergency Motion to Recuse [as to related case Dkt No. 14-mj-2234-MBB] (filed under seal).

- On May 4, 2018, a twenty-one (21) page Second Supplemental Motion to Suppress Evidence, with five (5) exhibits. Dkt No. 166.

---

[1] With leave of Court, Mr. Gottesfeld has filed two amended versions of the Motion to Dismiss. The present version, the second amended Motion to Dismiss, was filed on May 3, 2018. Dkt. No. 164.

- On May 11, 2018, a ten (10) page Reply to Government's Opposition to Motion to Dismiss. Dkt. 170.[2]

- On May 11, 2018, a Motion for Leave to File Affidavit of Martin Gottesfeld in Support of Motions to Suppress Evidence. Dkt. 173.

- On May 14, 2018, an Affidavit of Martin Gottesfeld in Support of Motions to Suppress Evidence. Dkt. No. 175.

- On May 14, 2018, a Motion for Revocation of Detention Order and Release from Custody. Dkt No. 177.

Since counsel's March 22, 2018 appointment, the government has filed several oppositions to motions filed by counsel and/or his predecessor, including:

- On May 2, 2018, Government's Response to Defendant Gottesfeld's Emergency Motion to Recuse and Emergency Motion to Unseal (filed under seal). This opposition was signed by David D'Addio, Esq., though the signature line lists both AUSA D'Addio and Kosto.

- On May 4, 2018, a twenty (20) page Opposition of the United States to Defendant's Motion to Dismiss, with sixteen (16) exhibits. Dkt No. 167. This opposition was signed by Seth Kosto, Esq., though the signature line lists both AUSA Kosto and AUSA David D'Addio.

- On May 18, 2018, a twenty-seven (27) page Opposition to Defendant Gottesfeld's Supplemental Motions to Suppress Evidence, with one (1) exhibit. Dkt. No. 179. This opposition was signed by David D'Addio, Esq., though the signature line lists both AUSA D'Addio and Kosto.

In addition to this rapid sequence of substantial filings, undersigned counsel is presently scheduled to file a Reply to the Government's Opposition to the Defendant's Supplemental Motions to Suppress Evidence on May 25, 2018. The Court has imposed a page limit of ten (10) pages on the Reply.

---

[2] With leave of court, on May 14, 2018 counsel filed an amended Reply to Government's Opposition to Motion to Dismiss. Dkt. 176.

3

Also on May 25, 2018, counsel is scheduled to file an opposition to the government's motion *in limine* to preclude his defenses.[3]  As with the motions to dismiss and suppress, that motion holds enormous consequences for the case.

A "[h]earing, if necessary, on any of the pending motions is set for 6/4/2018 03:30 PM." Dkt. No. 144; see also Dkt. No. 162.[4]

The trial has since been advanced from July 23, 2018 to July 16, 2018.[5]

2. <u>An allowance of the defendant's Motion to Dismiss renders this request moot.</u>

Defense counsel acknowledges that an allowance of the defendant's Motion to Dismiss would render this request moot.  Nothing in this motion should be understood as commenting upon or abridging Mr. Gottesfeld's arguments or rights asserted in his Motion to Dismiss, which concerned *inter alia* a two-hundred and forty (246) pre-indictment day delay between Mr. Gottesfeld's February 17, 2016 arrest and his October 19, 2016 indictment.  Dkt. No. 164.  That motion made no claims regarding post-indictment violations of Mr. Gottesfeld's speedy trial rights.

3. <u>Counsel requires more time to prepare for trial.</u>

---

[3] Undersigned counsel intends to file a separate motion for leave to file this opposition to the government's motion *in limine* in two parts over separate dates as necessary.  In brief, the first part of the opposition would address the inappropriateness of requiring defense counsel to provide the government with a pretrial preview of defense theories; disclosure of his ideas, thoughts, and strategies; shifting the burden of proof to the defendant; infringing on his right to remain silent; compelling self-incrimination; and disclosing the likelihood of Mr. Gottesfeld testifying at trial, a serious matter that may involve frequent reconsideration.  If the Court allowed the first-part of the defendant's opposition, there would be no need for a separate filing "on the merits" of the government's motion *in limine*.  If the Court denied the first-part of the defendant's opposition, the defendant – while objecting to the Court's ruling – would then file the second-part of the opposition addressing "the merits" of the motion *in limine*.  A review of the issues raised by the government's motion *in limine*, many of which implicate Mr. Gottesfeld's constitutional rights, requires such a two-part inquiry.

[4] It is counsel's understanding that a hearing on "any of the pending motions" refers to the motions to dismiss and suppress, as well as the motion *in limine*.  The Court has not yet set a date on either Mr. Gottesfeld's April 20, 2018 Motion for Release from Custody or May 14, 2018, Motion for Revocation of Detention Order and Release from Custody.  Dkt. Nos. 147 and 177.

[5] The Court indicated that it spoke with Judge Jeffrey Locke of Suffolk Superior Court to ensure that defense counsel would not be on trial in a Suffolk Superior Court murder case during the trial.  Further, defense counsel is out of the country from August 5, 2018 through August 12, 2018.

4

The allegations in this case stem from alleged cyber attacks in March and April 2014 against Boston Children's Hospital and Wayside Youth and Family Support Network. While the government has represented that its case-in-chief may last 1-2 weeks, the defense views the case as presenting a host of complex factual and legal issues likely requiring additional time.

After the tentative June 4, 2018 hearing on the pending motions, there will be less than six (6) weeks to prepare for trial. As of now, much of counsel's case preparation to this point has been focused on dismissal and suppression.

The motion to dismiss, argued on pre-indictment speedy trial grounds, required a thorough understanding of the procedural and related history of the case; however, by its nature the motion to dismiss did not require the kinds of familiarity with discovery and preparation of possible defenses for trial.

The second supplemental motion to suppress also required considerable work but, here again, the nature of the issues raised did not require the kinds of familiarity with discovery and preparation of possible defenses for trial.

The forthcoming opposition(s) to the government's motion *in limine* requires a greater knowledge of government discovery and possible defenses required for trial; however, it is very far from comprehensive on those points.

Aside from the aforementioned motion practice, additional work in this case includes, but is not limited to: a close study of the elements of the charges and case law concerning the same; preparations of defense motions *in limine*, proposed jury instructions, and proposed verdict slips; a hearing on Mr. Gottesfeld's two (2) motions for release on bail; trial subpoenas to third parties; further consultations with the defense computer expert; litigating the protective order so Mr. Gottesfeld can review material in anticipation of trial; researching a motion for a change of

venue; preparation of considerable work product, including Opening Statements, Cross-Examinations, Direct Examinations, and Closing Arguments; meetings with potential witnesses and, vitally, Mr. Gottesfeld who is detained at the Plymouth jail.

This last point should be emphasized: strong attorney-client relations are important in every case, including this one. A rush to trial before counsel is allowed to adequately prepare risks threatening that relationship.

As noted *supra,* by the scheduled July 16, 2018 trial, counsel will have represented Mr. Gottesfeld for less than four (4) months. In the circumstances presented, counsel believes he will not have been afforded sufficient time to provide Mr. Gottesfeld with appropriate assistance of counsel.

4. <u>The government has two (2) prosecutors on the case, both of whom who have represented the government for considerably longer than Defense Counsel has represented Mr. Gottesfeld.</u>

Defense counsel is just one practitioner. The government, however, is represented by two prosecutors. Indeed, it appears that AUSA D'Addio has been member of the prosecution team from *at least* October 26, 2015, i.e., before the case was even charged. See Dkt. No. 167-1, Ex. 4. AUSA Seth Kosto filed his appearance on November 6, 2017. Dkt. No. 96.

The advantage two prosecutors have over one defense lawyer should not be understated, particularly where one has worked on the case since its inception. Indeed, this advantage is witnessed in the alternating signatures on the government's recent filings: AUSA Kosto signed the government's opposition to the motion to dismiss, and AUSA D'Addio signed the government's opposition to the supplemental motions to suppress. While the prosecutors appear

to have the luxury of dividing responsibilities, undersigned counsel authors every pleading himself.[6]

The government, of course, is certainly entitled to representation by prepared counsel. So, clearly, is the defense. With all of the other work required of counsel, less than four (4) months is insufficient time to prepare for trial.

5. <u>Defense counsel's other serious and important cases.</u>

Undersigned counsel is a sole practitioner with a serious and busy criminal practice. He is a member of the CPCS murder list and currently represents four (4) defendants accused of murder in Superior Court. Those cases require a significant amount of high-quality work – including intensive record review, motions to dismiss, motions to suppress, discovery motions, requests for rule 17 subpoenas, expert consultations, and witness interviews - even when not on trial.

Counsel has other serious matters in federal court, including a very important sentencing hearing in the MS-13 case where his client (who pled guilty under the RICO Act in which an underlying offense was a homicide) is facing between 30 and 40 years; thorough, effective advocacy in that matter could make a difference of 10 less years in prison

Counsel further represents several clients convicted of murder as juveniles now seeking release on parole. These cases require a deep understanding of the crime, the client's childhood development, his institutional history, as well as strong plan for release.

Counsel also represents clients in an array of other non-homicide matters, both public and private, including clients accused of child rape and other violent crimes.

---

[6] Counsel intends to address his need for additional counsel in a separate motion to be filed *ex parte*.

Counsel must have adequate time to work on these other very important matters contemporaneous with his representation of Mr. Gottesfeld. The present schedule has made that very difficult, and will continue to do so.

6. <u>The present circumstances are unique.</u>

As of this filing, counsel has represented Mr. Gottesfeld for sixty-one (61) days, inclusive. If counsel's representation of Mr. Gottesfeld was proceeding in a timeframe more typical in federal court, the case would likely still be in the Magistrate Session with perhaps another half a year or more until trial.

Indeed, if this case was proceeding at an even slightly more rapid pace than normal, counsel would still be fully prepared to represent Mr. Gottesfeld and all of his other clients. As is hopefully evident from the pace of his filings on substantial issues, counsel – like so many of his peers - is hardworking and seeks to be both efficient and effective in his representation. However, preparing Mr. Gottesfeld's serious federal trial in just a couple of months is far from normal and, as counsel has come to learn, practically unfeasible.

Undersigned counsel cannot be held responsible for the circumstances leading to the removal of Mr. Gottesfeld's previous lawyers. Nor should Mr. Gottesfeld be forced to trial now without appropriately prepared counsel.

Counsel recognizes that the government (and perhaps the Court) has experienced the timeframe of this case differently than the undersigned. Mr. D'Addio has represented the government for *at least* thirty-two (32) months; indeed, he appears to have worked on the case before it was even charged. See Dkt. No. 167-1, Ex. 4. Even AUSA Seth Kosto has represented the government for at least seven (7) months. Dkt. No. 96. That collective minimum of thirty-nine (39) months simply pales in comparison to undersigned counsel's two (2) months on the

8

case. This inequality in time to prepare is unfair and must be accounted for; regardless of how that stacking up of manpower is remedied, undersigned counsel has learned from working on the matter that he simply has not had enough time to effectively prepare for the upcoming trial.

The requested October or November 2018 trial date will give undersigned counsel a total of seven (7) or eight (8) months between his appointment and trial. This timeframe is not excessive in the least, and very appropriate in this case.

7. Conclusion

The defendant's 5th Amendment rights to due process of law and 6th Amendment right to the effective assistance of counsel require a continuance of the trial in this case. We respectfully request a hearing on this motion at the Court's earliest possible convenience. For the above-stated reasons, and for reasons stated at the requested hearing, we request the Court ALLOW this motion.

                                                      Respectfully submitted,
                                                     MARTIN GOTTESFELD
                                                     By his attorney:

                                                     /s/ David J. Grimaldi
                                                     _____
                                                     David J. Grimaldi
                                                     David J. Grimaldi, P.C.
                                                     BBO No. 669343
                                                     675 Massachusetts Avenue, 9th Floor
                                                     Cambridge, MA 02139
                                                     617-661-1529 (tel)
                                                     857-362-7889 (fax)
                                                     david@attorneygrimaldi.com

DATE: May 21, 2018

CERTIFICATE OF SERVICE

     I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 21st day of May, 2018.

                                                     /s/ David J. Grimaldi
                                                     _____
                                                     David J. Grimaldi