UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No.: 16-cr-10305-NMG |
| | ) |
| MARTIN GOTTESFELD, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S OPPOSITION
TO DEFENDANT'S EMERGENCY MOTION

The United States of America, by Assistant United States Attorneys David J. D'Addio and Seth B. Kosto, hereby opposes defendant Martin Gottesfeld's emergency motion for leave to oppose the government's motion in limine "in two parts over separate dates." (Docket No. 182).

On February 28, 2018, the United States filed a motion in limine to preclude Gottesfeld from raising affirmative defenses at trial sounding in necessity or defense of another based on allegations that Boston Children's Hospital was torturing a minor patient in its care. (Docket No. 116). More than a month ago, at a status conference on April 19, 2018, the Court ordered Gottesfeld to respond to the motion in limine on or before May 25, 2018. (Docket No. 144). The Court affirmed this briefing deadline at a motion hearing on May 3, 2018, with any necessary hearing on the motion set for June 4, 2018. (Docket No. 162).

Two days before his filing deadline, Gottesfeld has moved to upend a schedule that the Court set precisely so that the parties could understand the scope of permissible evidence at trial and prepare accordingly. The Court should deny Gottesfeld's emergency motion because the Court has substantial discretion to use motions in limine as an adjunct to its "inherent authority to manage the course of trials." *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The First

Circuit has in fact endorsed a trial court's in limine requirement of an offer of proof on the affirmative defense of necessity, and then affirmed the trial court's conclusion that the proof was "insufficient to permit [defendant] to carry his entry-level burden of adducing competent proof of necessity."  *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001).  Gottesfeld's emergency motion fails to mention or distinguish *Maxwell*.

*Maxwell*'s in limine procedure is in broad and approved use throughout the United States.  *See, e.g.*, *United States v. Andrade–Rodriguez,* 531 F.3d 721, 723 (8th Cir. 2008) (declining to take issue with a trial court holding a pretrial conference at which it heard offers of proof regarding the government's motion in limine to exclude evidence relating to a necessity defense); *United States v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990) ("Judge Sand appropriately held a pre-trial hearing of the type we approved in [*United States v. Bifield,* 702 F.2d 342, 346-347 (2d Cir. 1983)], and authorized by the Supreme Court in [*United States v. Bailey,* 444 U.S. 394, 416 (1979)], to determine whether the evidence of duress or coercion was sufficient to raise a jury issue.").

Contrary to his argument, the in limine procedure does not impact Gottesfeld's right to present relevant evidence in support of a defense or infringe on his right to testify.

> We do not gainsay that a criminal defendant has a wide-ranging right to present a defense, *In re Oliver*, 333 U.S. 257, 273-74 & n. 31 (1948), but this does not give him a right to present irrelevant evidence.  Thus, when the proffer in support of an anticipated affirmative defense is insufficient as a matter of law to create a triable issue, a district court may preclude the presentation of that defense entirely.  *See United States v. Bailey*, 444 U.S. 394, 414-15 (1980) (finding it "essential" that defendant's proffered evidence on a defense meet a minimum standard as to each element before that defense may be submitted to jury).

*Maxwell*, 254 F.3d at 26; *see also United States v. Brodhead*, 714 F. Supp. 593, 596 (D. Mass. 1989) ("The constitutional right of the defendant to a fair trial is not diminished if the defendant

is precluded from raising defenses for which she can present no supporting evidence at all.") (Woodlock, J.).

Nor does this procedure shift the burden on to him. Because justification-based defenses do not negate any element of the crimes charged in the indictment, Gottesfeld carries the burden of proof on these defenses already. *See United States v. Leahy*, 473 F.3d 401, 403 (1st Cir. 2007).

Gottesfeld is not being required to disclose trial strategy or disclose whether or about what he will testify. To the contrary, Gottesfeld has announced his defense strategy clearly and publicly: he intends to argue that he acted in defense of the minor patient's life. *See* Docket No. 90 at 2 (Gottesfeld claiming he is "charged with in effect trying to save the life of a child who at the time of the alleged events was being tortured and had already been maimed…"); at 9 (Gottesfeld claiming that he was "…defending children like [the minor patient] from grievous bodily harm as she indeed suffered at the hands of Boston Children's Hospital, and death is neither illegal nor immoral."); Docket No. 116 at 6 & n.3 (Gottesfeld announcing his desired defense to a reporter but predicting the success of the government's motion in limine). Even Gottesfeld's Emergency Motion states that he "will meet the requisite elements of the defenses of necessity and defense of others…." (Docket No. 182 at 6). The in limine procedure is thus Gottesfeld's opportunity to present <u>competent</u> evidence that would support the justification defenses that he has stated that he intends to invoke. *See Maxwell*, 254 F.3d at 26. If he "refuses to make an evidentiary proffer such that the trial court cannot consider the evidence's admissibility, the trial court's exclusion of that evidence does not generally implicate a defendant's constitutional rights." *United States v. Oz*, 2017 WL 44941 (D. Minn. Jan. 4, 2017) (quoting *United States v. Graham*, 2016 WL 5799339, *3 (10th Cir. Oct. 4, 2016)).

3

Given Gottesfeld's desire to discuss the minor's treatment at every turn—even in his emergency motion, (Docket No. 182 at 4-6)—it is clear that Gottesfeld intends to use press reports and hearsay statements to cross-examine the government's witnesses about "torture" and "medical child abuse" and likely attempt to introduce evidence through them.  Because of this, the Court should follow *Maxwell* and determine, before the trial begins, if this defense is permissible.

The parties agree that the Court's ruling on the motion in limine bears significantly on the length and complexity of the case.[1]  The Court should not permit Gottesfeld to delay by way of piecemeal responses to the government's motion.  Just as the government opposed suppression by arguing both that there was no constitutional violation and that its agents relied in good faith on the issuance of a valid warrant, (Docket No. 179), Gottesfeld should make his best case now, arguing in the alternative as he sees fit.

The Court should accordingly deny Gottesfeld's emergency motion.

                                      Respectfully submitted,

                                      Andrew E. Lelling
                                      United States Attorney

By:   */s/ Seth B. Kosto*
       David J. D'Addio
       Seth B. Kosto
       Assistant U.S. Attorneys

---

[1] If the Court denies the government's motion in limine, the government will likely assent to Gottesfeld's motion for a continuance.

4

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                        */s/ Seth B. Kosto*

Dated: May 23, 2018