UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.: 16-cr-10305-NMG |
| ) | |
| MARTIN GOTTESFELD, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT
GOTTESFELD'S MOTION TO CONTINUE TRIAL

The United States of America, by Assistant United States Attorneys David J. D'Addio and Seth B. Kosto, hereby opposes Defendant Martin Gottesfeld's Motion to Continue Trial (Dkt. No. 180).

I. INTRODUCTION

Attorney David Grimaldi, Gottesfeld's fourth lawyer on the case, was appointed to represent Gottesfeld on March 22, 2018. (Dkt. No. 136). Attorney Grimaldi first appeared in this matter at an April 4, 2018 status conference at which the Court proposed a trial date of July 23, 2018. Attorney Grimaldi requested a further status conference in two weeks to allow time for him to assess discovery, and to determine a briefing schedule and whether he believed he could try the case by that date. (Dkt. No. 141). At an April 19, 2018 status conference, the parties reviewed their respective schedules, and the Court tentatively set the trial for July 23, 2018.[1] (Dkt. No. 144). Working from that trial date, the Court set deadlines for briefing and

---

[1] At the time, Attorney Grimaldi was scheduled to try a matter in state court that would have potentially conflicted with a July 23, 2018 trial of Gottesfeld. The Court therefore determined that if the state court trial went forward as scheduled, Gottesfeld's trial would commence on October 15, 2018.

arguing all then pending or soon-to-be-filed motions. (Dkt. No. 144). The Court further set deadlines for all pretrial filings. *Id.*

On May 3, 2018, the Court held a hearing on Gottesfeld's emergency motion to unseal a docket containing search warrant materials and a related emergency motion seeking the recusal of Magistrate Judge Marianne B. Bowler. (Dkt. No. 162). At the hearing, the Court informed the parties that the state court trial that previously posed a conflict for Attorney Grimaldi would not go forward in July, and therefore the trial in this matter would go forward on July 23, 2018, as previously scheduled. Attorney Grimaldi gave no indication that he did not believe he could prepare effectively for a trial by July 23, 2018. In fact, Attorney Grimaldi and the government agreed with the Court's suggestion that jury selection could be moved *forward* one week, to July 16, 2018, in order to ensure that the trial would be completed before Attorney Grimaldi's scheduled vacation.

Throughout the proceedings, the government has maintained that if its motion *in limine* were granted, and Gottesfeld is not permitted to raise an affirmative defense premised on the notion that the Boston Children's Hospital was literally torturing one of its patients to death, the government's case in chief would last approximately one week.

II. ARGUMENT

"Trial courts are granted broad discretion in scheduling trials and ruling on motions for continuances." *United States v. Delgado-Marrero*, 744 F.3d 167, 195 (1st Cir. 2014). While that discretion is "limited by a defendant's constitutional rights to testimony by defense witnesses and effective assistance of counsel, only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Id*. (citations and internal quotation marks omitted).

2

The Court may consider any reasons for the continuance offered by the defendant, along with several other relevant factors, including "the amount of time needed for preparation compared to the actual time available; how diligently the movant used that time and whether he contributed to his perceived predicament; the complexity of the case; other available assistance; the probable utility of a continuance; inconvenience to others; and the likelihood of injustice if there is no continuance." *United States v. Rosario-Otero*, 731 F.3d 14, 18 (1st Cir. 2013).

This case is not particularly complex. The government continues to maintain that if the trial is about Gottesfeld's conduct, and not about the medical care provided to a Boston Children's Hospital patient, the government's case should last approximately one week. Gottesfeld suggests that the case presents "a host of complex factual and legal issues," (Dkt. No. 180), but he identifies none.

Moreover, Gottesfeld fails to explain what circumstances have changed since May 3, 2018, when the parties agreed to the July trial date. The government has always been represented by two attorneys in this case. Most of the remaining casework Gottesfeld identifies consists of tasks that must precede *any* trial—"a close study of the elements of the charges and case law concerning the same; preparations of defense motions *in limine*, proposed jury instructions, and proposed verdict slips; trial subpoenas to third parties; . . . preparation of considerable work product, including Opening Statements Cross-Examinations, Direct Examinations, and closing Arguments; meeting with potential witnesses" and his client. (Dkt. No. 180 at 5-6). These tasks were surely anticipated when the parties agreed to a July trial date.

Gottesfeld has continued to file various motions since May 5, 2018. The government has opposed most of them in writing already and does not believe that Gottesfeld's strategic decision to invest his time and resources in pursuing those arguments in light of a firm trial date justifies a

continuance. Although Attorney Grimaldi no doubt has obligations in other serious criminal matters, so too do both undersigned counsel.

The parties and witnesses have adjusted their schedules to ensure their availability for trial. There is a strong public interest in ensuring a fair, but expeditious trial of this matter.

For all the foregoing reasons, the government opposes Gottesfeld's motion to continue.

          Respectfully submitted,

          Andrew E. Lelling
          United States Attorney

By:   */s/ David J. D'Addio*
      David J. D'Addio
      Seth B. Kosto
      Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<i>/s/ David J.D'Addio</i>

Dated: May 23, 2018