United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARTIN GOTTESFELD<br><br>Defendant. | Criminal Action No.<br>16-10305-NMG |

## MEMORANDUM & ORDER

GORTON, J.

Defendant Martin Gottesfeld ("Gottesfeld" or "defendant") has filed (1) a motion to continue the jury trial (Docket No. 180), (2) an ex parte motion seeking appointment of additional counsel (Docket No. 181) and (3) an emergency motion for leave to file an opposition to the government's motion in limine in two separate parts (Docket No. 182). Those motions are the subject of this memorandum.

I. **Motion to Continue Trial and for Appointment of Additional Counsel**

On May 21, 2018, Gottesfeld filed a motion to continue the trial to a date in October or November, 2018, which the government has opposed. In support of the motion, defendant submits that the current defense counsel (the fourth appointed lawyer for the defendant) was appointed in March, 2018. Since his appointment, defense counsel has filed a number of

-1-

substantive motions which are the subject of an upcoming hearing. He notes that two prosecutors have entered appearances for the government and that he is therefore outnumbered. Finally, defense counsel points to personal obligations in other criminal matters.

In determining whether a continuance is appropriate, a district court may consider the reasons contemporaneously presented, the amount of time needed for preparation, how diligently the movant has used that time to date, the complexity of the case, other available assistance, the probable utility of a continuance, inconvenience to others and the likelihood of injustice if there is no continuance. United States v. Rosario-Otero, 731 F.3d 14, 18 (1st Cir. 2013) (citing West v. United States, 631 F.3d 563, 568 (1st Cir. 2011)).

Defendant has been incarcerated for a period of over two years because he was determined to be a flight risk. The trial has been continued on three separate occasions in the past year to allow successor counsel (requested by defendant) to get up to speed with the case. The long-ago filed pre-trial motions (including motions to suppress, to dismiss and in limine) are finally ready for hearings. As the government notes, disposition of the motion in limine seeking to preclude the so-called "torture defense" will, if allowed, significantly narrow

the scope of the trial. If denied, the government suggests that it will likely assent to defendant's request for a continuance. One factor the Court must consider in connection with that request is the availability of legal assistance. To that end, defendant has filed an ex parte motion for appointment of additional counsel, which this Court will allow, subject to the certain parameters set out in the Court's separate order filed herewith.

Considering all relevant factors, including the length of time defendant has been incarcerated, the status of the briefing in the case, its complexity and the availability of assistance to defense counsel, the Court will deny the motion to continue the trial.

## II. Emergency Motion for Leave to File an Opposition to the Government's Motion in Limine in Two Separate Parts

On May 23, 2018, Gottesfeld filed an emergency motion for leave to file his opposition to government's motion in limine to preclude defendant's "torture defense" based on necessity and defense of another in two separate parts. The government opposes that motion.

Gottesfeld contends that requiring him to file an opposition addressing the merits of the government's motion would improperly impose upon him the burden of proof and would

require him to divulge constitutionally-protected aspects his defense. Gottesfeld objects to the use of a motion in limine to preclude an entire defense, particularly in what he contends is a politically-charged case. He suggests that use of a motion in limine to preclude a defense undermines the purpose of the jury. He contends that if he is required to oppose the motion on the merits, he will need additional preparation time.

The in limine procedure is proper to determine whether defendant's anticipated defense is sufficient, as a matter of law, to present to the jury. A criminal defendant has a constitutional right to a "meaningful opportunity to present a complete defense". Brown v. Ruane, 630 F.3d 62, 71-72 (citing Crane v. Kentucky, 476 U.S. 683, 690 (1967)). The right to "present relevant evidence is not unlimited, but rather is subject to reasonable restrictions". United States v. Guzman, 603 F.3d 99, 108 (1st Cir. 2010) (citing United States v. Scheffer, 523 U.S. 303, 308 (1998)). Specifically, a defendant has no right "to present irrelevant evidence". United States v. Maxwell, 254 F.3d 21, 26 (1st Cir. 2001).

In the context of an affirmative defense, the First Circuit Court of Appeals ("the First Circuit") has held that

> when the proffer in support of an anticipated affirmative defense is insufficient as a matter of law to create a

triable issue, a district court may preclude the
presentation of that defense entirely.

Id. (citing United States v. Bailey, 444 U.S. 394, 414-15 (1980) ("[P]recisely because a defendant is entitled to have the credibility of his testimony . . . judged by the jury, it is essential that the testimony given or proffered meet a minimum standard as to each element of the defense so that, if a jury finds it to be true, it would support an affirmative defense- here that of duress or necessity.")). To conclude that a defendant is entitled to an affirmative defense, the defendant must "carry [an] entry-level burden of adducing competent proof" of the affirmative defense. Id. If Gottesfeld does not oppose the motion in limine on the merits, the Court will be unable to determine whether there is evidence sufficient to entitle him to a jury instruction on a necessity defense. Id.

The defendant will not, as he suggests, be required to divulge constitutionally-protected aspects of his defense. To present the defense he must, however, meet his entry-level burden of demonstrating that the anticipated affirmative defense is sufficient, as a matter of law, to create a triable issue for the jury. United States v. Lebreault-Feliz, 807 F.3d 1, 4 (1st Cir. 2015) (affirming district court's exclusion of duress and necessity defenses); see also United States v. Brodhead, 714 F.

Supp. 593, 596 (D. Mass. 1989) ("The constitutional right of the defendant to a fair trial is not diminished if the defendant is precluded from raising defenses for which she can present no supporting evidence at all."); United States v. McSweeney, 2008 WL 2952778, at *1-2 (D. Mass. July 24, 2008) (holding that defendants were not entitled to raise a necessity defense).

Accordingly, defendant's motion for leave to file his opposition to the government's motion in limine in two separate parts will be denied. The Court will address the issue of an extension of time to file such an opposition below.

### III. Case Schedule

As a result of defendant's emergency motion, the Court will extend the deadline for the filing of his opposition to the government's motion in limine. Defendant shall file the entirety of his opposition on or before Friday, June 1, 2018. The government may file its reply, not to exceed 10 pages, on or before Friday, June 8, 2018. Given that extension of the previously-imposed deadline and due to the necessary postponement of another criminal trial in this session that is now due to commence Monday, June 4, 2018, the hearing on all outstanding motions will be rescheduled for Wednesday, June 13, 2018 at 3:00 p.m. The Court no longer requires the previously-anticipated recess in the jury trial on Thursday and Friday July

26 and 27 and, accordingly, the pre-trial and trial schedule will be adjusted as follows:

1) defendant's opposition to government's motion <u>in</u> <u>limine</u> to preclude the torture defense shall be filed in its entirety on or before Friday, June 1, 2018;

2) government's reply to defendant's opposition to its motion <u>in</u> <u>limine</u> to preclude the torture defense, not to exceed 10 pages, shall be filed on or before Friday, June 8, 2018;

3) hearing on all outstanding motions shall be held Wednesday, June 13, 2018 at 3:00 p.m.;

4) any remaining motions <u>in</u> <u>limine</u> shall be filed on or before Friday, June 29, 2018;

5) oppositions to motions <u>in</u> <u>limine</u>, lists of witnesses and exhibits and requests for jury instructions shall be filed on or before Monday, July 9, 2018;

6) objections to opponent's witness and exhibit lists, if any, proposed <u>voir</u> <u>dire</u> questions and proposed verdict forms shall be filed on or before Friday, July 13, 2018;

7) final pretrial conference will be held Tuesday, July 17, 2018 at 3:00 p.m.

8) jury empanelment will occur on Thursday July 19, 2018 (and Friday, July 20, 2018, if necessary) and the jury trial will commence on Monday, July 23, 2018 at 9:00 a.m.

## ORDER

For the foregoing reasons, defendant's motion to continue the trial (Docket No. 180) and defendant's emergency motion for leave to file an opposition to the government's motion in limine in two separate parts (Docket No. 182) are **DENIED** and the pre-trial and trial schedule is amended as set forth in the memorandum above.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 25, 2018