Dear Honorable Judge Gorton,

Once again, I hope that my letter finds Your Honor well, and I thank Your Honor for taking the time to read it.

Unfortunately, I am writing to report that I have lost faith in my counsel to zealously represent me and I feel that there has been an irretrievable breakdown in communication as a result.

While my first priority has consistently and persistently been the upholding of my right to a neutral, detached, and prompt bail finding – something which I am well within my rights to demand and something which I have now been denied for over two years – it is something that my current counsel has been unable to ensure. While I appreciate that unlike his predecessors, my current counsel promptly filed a motion for relief on April 20th, 2018, shortly after being appointed, a prompt hearing did not follow.

First, I was told that we were waiting for the government's opposition to the motion to dismiss for violation of The Speedy Trial Act. Then it was for our reply to the government's opposition to the same.

Then I was told we had to take care of the second supplemental suppression motion. Then it changed to its opposition, and then to its reply.

My ultimate understanding with my current counsel was that June 4th, 2018, though still violative of my rights under The Bail Reform Act, was the absolute latest we were willing to wait for a bail hearing, and that we would take other action, such as a petition for a writ of mandamus if the date were to slip past June 4th, especially considering that trial is rapidly approaching and ultimately an appeal to the 1st Circuit may be necessary as Your Honor has publicly stated that Your Honor would be unlikely to grant me relief.

However, while there can be no doubt that my right to a prompt, neutral, and detached bail finding continues to be violated, even after The Honorable Magistrate Judge Bowler held my initial detention decision under advisement for 92 days instead of recusing herself in accordance with 28 U.S.C. § 455(a), my current counsel has no convincing articulable plan for how to address this ongoing violation of my rights, what he will do if the date should slip again, etc. While my counsel and I seem to agree that my right was not to just a prompt hearing following the filing on April 20th, but to a prompt finding, the new hearing date of June 13th follows the filing by some 54 days. Therefore, even if a decision were to be issued at the hearing itself, it could not objectively be considered "prompt."

Finally, while I do not wish to waive my right to the effective assistance of counsel and while I understand that the appointment of new counsel would all but certainly lead to yet a further postponement of my most immediate objectives -- a neutral, detached, and prompt bail finding -- I find that alternative, though highly unfortunate, still preferable to proceeding with ineffective counsel with whom even what seems like the clearest understanding cannot be relied upon, such as my understanding with my counsel surrounding our contingency plan should the bail hearing

date slip past June 4th.

So, I've made it clear to my counsel that I do not consent to him making any further filings except to move to withdraw from his representation in this matter.

Sincerely signed and mailed on Friday June 1st, 2018,

Martin S. Gottesfeld