United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARTIN GOTTESFELD** | ) | Criminal Action No. |
| | ) | 16-10305-NMG |
| Defendant. | ) | |
| | ) | |

### ORDER

**GORTON, J.**

On June 1, 2018, Attorney David Grimaldi, counsel for defendant Martin Gottesfeld ("defendant" or "Gottesfeld"), filed a motion for leave to withdraw as counsel (Docket No. 195). As grounds, Attorney Grimaldi states that there has been an irretrievable breakdown in communication. Attorney Grimaldi attaches a letter from defendant and notes that defendant does not consent to any other filings by Attorney Grimaldi, including the opposition to the government's motion in limine which was to be filed on or before June 1, 2018. Gottesfeld maintains that he has lost confidence in Attorney Grimaldi's ability to secure him a timely hearing.

The hearing on defendant's pending motion to dismiss, motion to suppress and the government's motion in limine was initially set for April 4, 2018. On March 20, 2018, defendant's

third attorney moved to withdraw as counsel at defendant's request. The Court heard from the parties on that motion and had an ex parte colloquy with defendant and his former counsel to determine whether an irretrievable breakdown had occurred. The Court informed Gottesfeld that appointment of replacement counsel would further delay the hearing on the pending motions and the scheduled trial date and explained that his fourth counsel would be his final appointed counsel. The Court allowed the motion and appointed Attorney Grimaldi.

After two status conferences with Attorney Grimaldi, the Court reset the deadlines in the case, scheduling dates for Attorney Grimaldi to supplement motions to dismiss and suppress filed by previous counsel and a deadline to oppose the government's motion in limine to exclude the so-called "torture defense". The Court set a hearing on any pending motions for June 4, 2018. Motions to suppress and to dismiss were timely filed and Attorney Grimaldi filed concurrently two motions for release from custody contending that, because defendant was likely to prevail on the merits of the motion to dismiss, Mr. Gottesfeld should be released.

On May 23, 2018, Attorney Grimaldi filed an emergency motion for leave to file the opposition to the government's motion in limine in two parts and stated that, if that was

denied, defense counsel required additional time to file his opposition.  The Court denied the motion but extended the deadline by one week.  Because of that extension, the Court postponed the hearing on all motions until Wednesday, June 13, 2018.

Defendant's demand that Attorney Grimaldi withdraw would cause yet another delay of the pending motions to suppress, to dismiss and for release from custody.  The Court will not countenance any further delay.  The pending motions will be decided promptly and the entire case will be resolved as previously scheduled.

Although, as an indigent defendant, Gottesfeld has the right to appointed counsel, he does not have the right "to demand a different appointed lawyer except for good cause". United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986) (footnote and citation omitted); United States v. Van Anh, 523 F.3d 43, 48 n.3 (1st Cir. 2008).  When determining whether good cause exists to appoint substitute counsel, it cannot be determined "solely according to the subjective standard of what the defendant perceives". Id. at 93.

Good cause depends on "objective reasonableness" and "[l]oss of trust, standing alone, is insufficient". United

States v. Myers, 294 F.3d 203, 206 (1st Cir. 2002).  The failure of an attorney to file a motion that

> he consider[s] to be meritless does not constitute good cause for substitution of counsel [and a]n attorney is not obligated to pursue weak options when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial.

United States v. Woodard, 291 F.3d 95, 108 (1st Cir. 2002) (internal citation omitted).  An alleged conflict "based on a dispute over trial strategy" does not necessitate the appointment of new counsel. United States v. Karume, 841 F.3d 24, 31 (1st Cir. 2016).

The Court finds no good cause to excuse Attorney Grimaldi. Attorney Grimaldi has filed multiple motions on behalf of defendant in the relatively short time since noticing his appearance in the case.  Defendant complains of the delay in the hearing but acknowledges that appointment of successor counsel would result in another lengthy delay.

Accordingly, the motion for leave to withdraw (Docket No. 195) is **DENIED.**  Attorney Grimaldi is directed to file the opposition to the government's motion in limine forthwith, notwithstanding defendant's objection thereto.

**So ordered.**

                              /s/ Nathaniel M. Gorton_____
                              Nathaniel M. Gorton
                              United States District Judge
Dated June 4, 2018