```
                    United States District Court
                      District of Massachusetts
```

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARTIN GOTTESFELD** | ) | Criminal Action No. |
| | ) | 16-10305-NMG |
| Defendant. | ) | |
| | ) | |

ORDER

**GORTON, J.**

On April 20, 2018, defendant Martin Gottesfeld ("Gottesfeld" or "defendant") filed a motion to dismiss pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (Docket No. 146), which was opposed by the government and which was the subject of extensive oral argument at a hearing yesterday.[1]

Pursuant to 18 U.S.C. § 3165, each district is required to prepare a plan for the disposition of criminal cases consistent with the time standards of the Speedy Trial Act. Under the plan for the District of Massachusetts, pre-indictment motions for a continuance are properly filed with the judge assigned to "the miscellaneous business docket". Plan for the Prompt Disposition of Criminal Cases, ¶ 5(c)(1)(A). Six assented-to motions to

---

[1] Defendant filed two motions to amend or correct his motion to dismiss which were allowed by this Court (Docket Nos. 148 and 157). The operative motion to dismiss was filed on May 3, 2018 (Docket No. 164).

-1-

exclude time were filed on the miscellaneous business docket, Case No. 16-mc-91064, and were allowed by the judge presiding over that docket.

The Court finds for the following reasons that those exclusions of time were proper and that, therefore, less than 30 days of non-excluded time elapsed between the date of defendant's arrest and the date the indictment was returned:

1. The government obtained valid consent from Attorney Tor Ekeland, who represented defendant, as documented in the exhibits attached to the government's opposition memorandum.
2. Defendant's contention that, because Attorney Ekeland had no appearance entered in Case No. 16-mc-91064, the motions were sought ex parte is unpersuasive because
    a. Attorney Ekeland's assent on behalf of his client to exclude time during the pendency of ongoing plea negotiations did not constitute "appear[ance] and practice in this Court", District of Massachusetts Local Rule 83.5.6, and
    b. Attorney Ekeland did not purport to file the motions to exclude time jointly but rather he assented to their being filed by the government on behalf of his client from whom he had authority.

3. Defendant's further contention that the orders entered on the miscellaneous business docket, 16-mc-91064, violated 18 U.S.C. § 3167(h)(7)(A) because they were granted electronically and did not, therefore,

   > set[] forth, in the record of the case, either orally or in writing, [the] reasons for finding that the ends of justice [were] served by the granting of such continuance[s]

   is unavailing because the electronic orders excluding time in this case "necessarily adopted" the grounds submitted in the motions. United States v. Pakala, 568 F.3d 47, 60 (1st Cir. 2009).

4. The plea negotiations at issue here appropriately fit within the ends of justice exclusion. United States v. Fields, 39 F.3d 439, 445 (3d Cir. 1994); 18 U.S.C. § 3161(h)(7)(A).

Accordingly, defendant's motions to dismiss (Docket No. 164) and for release from custody (Docket Nos. 147 and 177) are **DENIED.** A memorandum will follow with a more detailed explanation of this Court's decision but the indictment will not be dismissed and this case will proceed as previously scheduled. **So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated June 14, 2018