UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                          Crim. No. 16-CR-10305 (NMG)

MARTIN GOTTESFELD,

      Defendant.

## MOTION IN LIMINE TO SEQUESTER

Pursuant to Federal Rule of Evidence 615 and Local Rule 83.2.2, the United States of

America, by its attorneys Andrew E. Lelling, United States Attorney for the District of

Massachusetts, and Assistant United States Attorneys Seth B. Kosto and David J. D'Addio,

hereby respectfully requests that the Court issue an order requiring witnesses to stay outside of

the courtroom until after their testimony in this case, which has received pretrial publicity.  As

grounds for this motion, the United States submits that the defendant has widely publicized

theories of defense that the Court has now ruled inadmissible (including defense of another and

necessity).  Under these circumstances, there is risk that defense witnesses will attempt to bolster

Gottesfeld's defenses by tailoring their testimony to testimony and argument that they hear from

others during the trial.  These factors implicate risks that the First Circuit has identified as

appropriate grounds for the exclusion of witnesses:  "to discourage and expose fabrication,

inaccuracy, and collusion."  *See United States v. Charles*, 456 F.3d 249, 257-58 (1st Cir. 2006).

The government has no objection to the entry of a similar order concerning its own

witnesses, except that, pursuant to Federal Rule of Evidence 615, the United States requests that

Special Agent Michael Tunick not be subject to any such order.  As grounds for this request, the

United States notes that it does not expect to call Special Agent Tunick, who has been one of the

primary case agents in the investigation and prosecution of the defendant since early 2014.

Additionally, FRE 615 does not "authorize exclusion of ... (2) an officer or employee of a party

which is not a natural person designated as its representative by its attorney." Fed. R. Evid.

615(2).  The First Circuit has repeatedly held that the Rule 615 specifically authorizes the

government's case agent to remain in the courtroom throughout the trial.  *See*, *e.g.*, *Charles*, 456

F.3d at 257-58 (holding that Rule 615's rule of sequestration "provides an exception for the

presence of the case agent"); *United States v. Casas*, 356 F.3d 104, 126 (1st Cir. 2004) ("even

when defendants do request that a witness be sequestered pursuant to Fed. R. Evid. 615,

government counsel is permitted 'to have an investigative agent at counsel table throughout the

trial although the agent is or may be a witness.'") (quoting Fed. R. Evid. 615 advisory

committee's note).

<div style="margin-left: 40%;">

Respectfully submitted.

ANDREW E. LELLING
UNITED STATES ATTORNEY


By:    /s/ *Seth B. Kosto*
       SETH B. KOSTO
       DAVID J. D'ADDIO
       Assistant U.S. Attorneys

</div>

June 29, 2018

**CERTIFIFCATE OF SERVICE**

I hereby certify that, on this date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

 /s/ *Seth B. Kosto*
Seth B. Kosto
David J. D'Addio
Assistant U.S. Attorneys

June 29, 2018