UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE REGARDING "DOXING" OF PERSONS

The defendant Martin Gottesfeld ("Mr. Gottesfeld") moves this Honorable Court *in limine* to exclude any and all evidence concerning the alleged "doxing" of persons, including the "doxing" of a Massachusetts Juvenile Judge; a doctor at Boston Children's Hospital; and the parents of the defendant's wife. "Doxing" refers to the publishing of typically private information of individuals, often on the internet. As to the Juvenile Judge, the alleged "doxing" consisted of his full name, home address, and home telephone number. As to the doctor, the alleged "doxing" consisted of her full name, home address, home telephone number, work telephone number, and work fax number. As to the parents of the defendant's wife, the alleged "doxing" consisted of names, partial home address, and home telephone number, along with the mother's email addresses, personal cell phone number, and voicemail access code.

As grounds:

1. Discovery fails to establish that Mr. Gottesfeld was the first to publish the alleged "doxing" concerning the Juvenile Judge and doctor. In fact, discovery suggests that other persons involved in the nationwide campaign to free Justina Pelletier from the custody of the Massachusetts Department of Children and Families ("DCF") and her alleged abusers at Boston Children's Hospital ("BCH") may have published the alleged "doxing." Instead, the government appears to allege that Mr. Gottesfeld disseminated the "doxes" after they occurred.

2. The proffered evidence is irrelevant. FRE 401.

3. The proffered evidence is inadmissible bad character and bad act evidence to prove a propensity to commit the charged offenses. FRE 404(a)(1); 404(b)(1).

1

4. The probative value of the proffered evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. FRE 403.

5. Exclusion is necessary to protect the defendant's constitutional rights to due process of law and a fair trial under the Fifth Amendment to the United States Constitution.

                                                      Respectfully submitted,
                                                      MARTIN GOTTESFELD
                                                      By his attorney:

                                                      /s/ David J. Grimaldi
                                                      _____
                                                      David J. Grimaldi
                                                      David J. Grimaldi, P.C.
                                                      BBO No. 669343
                                                      675 Massachusetts Avenue, 9th Floor
                                                      Cambridge, MA 02139
                                                      617-661-1529 (tel)
                                                      857-362-7889 (fax)
                                                      david@attorneygrimaldi.com

DATE: June 29, 2018

CERTIFICATE OF SERVICE

    I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 29th day of June 2018.

                                                      /s/ David J. Grimaldi
                                                      _____
                                                      David J. Grimaldi