UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                        ) | No.: 16-cr-10305-NMG |
| ) | |
| MARTIN GOTTESFELD                  ) | |

DEFENDANT'S OPPOSITION TO
GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT INTERNET POSTING

The defendant Martin Gottesfeld ("Mr. Gottesfeld") opposes the government's motion *in limine* to admit an internet posting from the *Huffington Post* (the "motion"). Dkt. No. 218. The September 18, 2016 posting, featured on the website's politics section, is entitled "Why I Knocked Boston Children's Hospital Off the Internet: A Statement From Martin Gottesfeld – The high-profile 2014 cyber attack is explained for the first time." Dkt No. 116-1.

1. The Government Contradicts a Prior Position Taken Concerning the Defendant's Opposition to the Government's Motion *in Limine* concerning Defense of Another and Necessity. Consequently, the Court should either reverse its decision concerning Defense of Another and Necessity, or Exclude the *Huffington Post* internet posting.

The government writes in its motion:

Gottesfeld has similarly manifested his belief in his statements in the *Huffington Post* article before this Court. Most recently, in his opposition to the government's motion in limine, Gottesfeld quoted extensively from his admission as being the "factual *predicate* for his motive." (Docket No. 198 at 21-22) (emphasis in original)). Gottesfeld's calling the article his "alleged" statement does not diminish his reliance on, wide distribution of, and manifestation of his belief in his statements in the article. Those statements are accordingly admissible as adoptive admissions under Fed. R. Evid. 801(d)(2)(B).

Given prior proceedings in this case, the government's use of Mr. Gottesfeld's Opposition to the government's motion *in limine* concerning his defenses (Dkt. No. 198) as "an adoptive admission" justifying admission of the internet posting must not be countenanced. As this Court is aware, Mr. Gottesfeld has *repeatedly objected* to filing an opposition to the government's motion *in limine* to exclude his defenses in a single filing. See Dkt. No. 182; 198;

1

see also Oral Argument on Motion at 06/13/18. Instead, under the defense's proposal, Mr. Gottesfeld would have first filed an opposition concerning the inappropriateness and unconstitutionality of, *inter alia*, compelling self-incrimination by forcing the defendant to respond substantively to the government's motion to preclude his defenses; only later, if his first motion was denied, and without withdrawing his objection, Mr. Gottesfeld would then respond to the substance of the government's motion. Dkt. No. 182.

The government opposed Mr. Gottesfeld's two-part proposal and claimed that the constitutional right of Mr. Gottesfeld to a fair trial would not be infringed by responding to the government's motion *in limine*. Dkt. No. 184. Nonetheless, Mr. Gottesfeld continued to object to the procedure, even after the Court denied the defendant's request (Dkt No. 186). See e.g. Dkt. No. 198 at 2, 12 (Defendant organizing his opposition in two-parts as described-above, and maintaining his objection to presenting his two-part argument in a single filing).

Now, in its present motion *in limine*, the government squarely contradicts its previous assurances that Mr. Gottesfeld's constitutional rights would not be compromised by their preferred motion *in limine* procedure and defendant's substantive response, and unfairly appropriates the defense's opposition to the preclusion of his defenses in precisely the type of manner previously predicted by the defense: capitalizing on compelled self-incrimination and portraying it as "an adoptive admission."

Unless this Court reverses itself and allows Mr. Gottesfeld to present his defenses of necessity and defense of others (and the Court should reverse itself in any event), this Court must judicially estop the government from using the defendant's opposition to the preclusion of his defenses where the government previously assured the Court that the defendant's opposition would not result in an unfair trial.

2

In <u>Zedner</u> v. <u>United States</u>, the Supreme Court noted "several factors typically inform the decision whether to apply the [judicial estoppel] doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." 547 U.S. 489, 504 (2006) (citations and internal quotations omitted).

Here, the government is culpable of all three factors: (1) the government's current claim that arguments from Mr. Gottesfeld's opposition to their request to preclude his defenses are "an adoptive admission" is clearly inconsistent with their original position that the defendant's constitutional rights would not be impaired by their preferred *in limine* procedure and the defendant's substantive response concerning his defenses; (2) the government persuaded the Court that the defendant's constitutional rights would not be so impaired by their preferred *in limine* procedure and the defendant's substantive response; and (3) the government would certainly derive an unfair advantage and impose an unfair detriment to the defendant from their clearly inconsistent positions and persuasion of the Court, *viz.*, the introduction of the purported "confession" they now seek to admit. Motion at 2.

The history of this case requires the Court to judicially estop the government from using the defendant's opposition to their motion *in limine* to preclude his defenses against him at the present trial. If the *Huffington Post* article is nonetheless admitted, Mr. Gottesfeld (on these grounds, and in any event) must be allowed to present his defenses of necessity and defense of another.

2. Authentication and Hearsay

To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.  FRE 901(a)

Hearsay is not admissible unless a federal statute, rule of evidence, or Supreme Court rule provides otherwise.  FRE 802.  Hearsay means a statement that (1) the declarant does not make while testifying at trial; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.  FRE 801.

The motion suggests the government will fail to call a witness from the *Huffington Post* to authenticate the internet posting, or that a custodian of records from *Huffington Post* has certified or will certify the article's authenticity as a statement.  Instead, the motion avers that an unidentified "FBI witness is expected to testify that the article appears to this day on, and was printed out from, the *Huffington Post*'s website."  Motion at 2.

The defendant was in custody on the date of the article's September 18, 2016 publication; he had been detained since February 17 of that year.  Thus, a person other than the defendant clearly posted the article to the internet.  Further, Mr. Gottesfeld's conversations with his wife Dana Gottesfeld, or other persons, do not authenticate this particular internet posting or manifest an adoptive admission by Mr. Gottesfeld of its contents, particularly where many other internet postings from the *Huffington Post* in the relevant period were in the name of the defendant or contained statements purporting to be in his name.  See e.g. "Why This Activist Hacker is Launching A Hunger Strike in Jail," *Huffington Post*, September 23, 2016, https://www.huffingtonpost.com/entry/martin-gottesfeld-hunger-strike_us_57e598f5e4b08d73b83166e5 (last accessed July 8, 2018); "The Wrong Ortiz Retired

From Boston," October 26, 2016, *Huffington Post*, available at

https://www.huffingtonpost.com/entry/58109a43e4b0fca2eb12610f?timestamp=1477516307848

(last accessed July 8, 2018); "The Potentially Permanent and Fatal Effects of Martin Gottesfeld's Hunger Strike," *Huffington Post*, November 4, 2016, available at

https://www.huffingtonpost.com/entry/the-potentially-permanent-fatal-effects-of-martin_us_581bfb68e4b044f827a78afe (last accessed July 8, 2018); "Jailed Activist Hacker Says He's Being Punished For His Hunger Strike," *Huffington Post*, November 21, 2016, available at

https://www.huffingtonpost.com/entry/jailed-activist-hacker-hunger-strike_us_58337736e4b058ce7aac9e0c (last accessed July 8, 2018)

In these circumstances, the government must call a witness from *Huffington Post* and otherwise establish the authenticity and non-hearsay nature of the proffered statement.

                                              Respectfully submitted,
                                              MARTIN GOTTESFELD
                                              By his attorney:

                                              /s/ David J. Grimaldi
                                              _____
                                              David J. Grimaldi
                                              David J. Grimaldi, P.C.
                                              BBO No. 669343
                                              675 Massachusetts Avenue, 9th Floor
                                              Cambridge, MA 02139
                                              617-661-1529 (tel)
                                              857-362-7889 (fax)
                                              david@attorneygrimaldi.com

DATE: July 9, 2018

## CERTIFICATE OF SERVICE

       I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 9th of July, 2018.

                                              /s/ David J. Grimaldi
                                              _____
                                              David J. Grimaldi