UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENSE QUESTIONING, ARGUMENT, OR EVIDENCE INCONSISTENT WITH THE DEFENDANT'S DECEMBER 17, 2015 PROFFER STATEMENT

The defendant Martin Gottesfeld ("Mr. Gottesfeld") opposes the government's motion *in limine* to preclude the defense questioning, argument, and evidence at trial concerning topics upon which the government questioned Mr. Gottesfeld at a December 17, 2015 proffer meeting. Dkt. No. 216.

In filing this opposition, counsel does not preview or otherwise suggest what topics he intends to raise in questioning, argument, or during presentation of evidence. Nonetheless, the following grounds are presented in opposition to the government's motion.

Rule 410 of the Federal Rules of Evidence provides in pertinent part: "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:… (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn." Statements made by defendants in proffer sessions are covered by Rule 410. See United States v. Velez, 354 F.3d 190, 194 (2d Cir. 2004).

FRCP 11(e)(7) states "The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."

Mr. Gottesfeld agrees with Justice Souter in <u>United States</u> v. <u>Mezzanatto</u>, 513 U.S. 196, 213 (1995) (Souter, J., dissenting) that Congress deliberately excluded waiver as a possibility under the applicable rules and, therefore, the government's motion here should be denied. ("There is, indeed, good reason to believe that Congress rejected the general rule of waivability when it passed the Rules in issue here, and once the evidence of such congressional intent is squarely faced, we have no business but to respect it.").

Further, even the majority in <u>Mezzanatto</u> conditioned its ruling concerning waivers of FRE 410 and FRCP 11(e)(6) [the equivalent to the current FRCP 11(e)(7)] to situations where "Respondent conferred with his lawyer after the prosecutor proposed waiver as a condition of proceeding with the plea discussion, and he [] never complained that he entered into the waiver agreement at issue unknowingly or involuntarily." 513 U.S. at 210-211. Moreover, the Court called an "appropriate response to… predictions of abuse is to permit case-by-case inquiries into whether waiver agreements are the product of fraud or coercion." <u>Id</u>. at 210.

Further, the <u>Mezzanatto</u> Court left open "whether and under what circumstances substantial 'public policy' interests may permit the inference that Congress intended to override the presumption of waivability, for in this case there is no basis for concluding that waiver will interfere with the Rules' goal of encouraging plea bargaining." <u>Id</u>. at 207.

Tor Ekeland is an attorney from the state of New York. He is not licensed to practice law in either the Commonwealth or District of Massachusetts. Further, at the time of the December 17, 2015 proffer meeting, and at the time he signed the proffer letter (Dkt. No. 216-1), Mr. Ekeland was not admitted *pro hac vice* on this matter; indeed, there was no criminal case at that time. Without licensed and admitted counsel, Mr. Gottesfeld's execution of the proffer letter and statements at the proffer meeting must be deemed unknowing an involuntary; such a finding is

particularly appropriate here in light of the many problems presented by Mr. Ekeland's role in this matter described in Dkt. Nos. 164, 170, and 213, hereby incorporated by reference. Moreover, public policy justifies an "override" of waivability given Mr. Ekeland's unlicensed and unadmitted status and the clear adverse impact his role persists in creating in Mr. Gottesfeld's case.  Id. at 207.

If unlicensed and unadmitted counsel are permitted to encourage and legitimize waivers of suspects' rights such that the accused's future defenses are curtailed and their words in negotiations can be used against them, defendants will be far less likely to engage in such negotiations in the first place, the ostensible "purpose" of the rights in the first instance.  Id. at 211 (Ginsberg, J., concurring).

Further, the government now seeks to bind undersigned counsel – appointed in March 2018, two-and-a half years after the proffer meeting (Dkt. No. 136) – to the terms of a proffer letter he never signed; the government also imputes personal knowledge to counsel concerning the meeting at which he was not present.  In so doing, the government seeks to violate Mr. Gottesfeld's constitutional rights to confrontation, present a complete defense, and effective assistance of counsel.  The government points to no case where subsequent counsel is bound by a proffer letter signed by predecessor counsel, particularly an unlicensed and unadmitted lawyer who could not practice law in the locality at the time of meeting.

The Court must deny the government's motion.

          Respectfully submitted,
          MARTIN GOTTESFELD
          By his attorney:

          /s/ David J. Grimaldi

          _____
          David J. Grimaldi
          David J. Grimaldi, P.C.
          BBO No. 669343
          675 Massachusetts Avenue, 9th Floor
          Cambridge, MA 02139
          617-661-1529 (tel)
          857-362-7889 (fax)
          david@attorneygrimaldi.com

DATE: July 9, 2018

## CERTIFICATE OF SERVICE

    I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 9th day of July 2018.

          /s/ David J. Grimaldi

          _____
          David J. Grimaldi