UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* CONCERNING STATEMENTS WITH ALLEGED UNINDICTED COCONSIPRATORS

The defendant Martin Gottesfeld ("Mr. Gottesfeld") opposes the government's motion *in limine* to admit statements with alleged unindicted coconspirators.

First, the government fails to demonstrate that the statements attributed to Mr. Gottesfeld were actually made by him. There is no eyewitness to the making of the statements; instead, the statements were found in computers and online. While the government argues for circumstantial evidence that Mr. Gottesfeld could have made the statements, there is also evidence that other technology-able persons lived in the apartment with Mr. Gottesfeld who had access to the relevant computers. The government has not sustained its burden of proof; the statements are inadmissible hearsay and must be excluded. FRE 801, 802.

Second, the alleged coconspirator "Digitaghost" has not been identified by the government in its motion other than by a computer moniker. The government's request leaves the actual identity of the person (or computer), his/her/its location, and any other circumstances behind "Digitaghost" a complete mystery. The motion cites no evidence that Mr. Gottesfeld personally met or otherwise interacted with "Digitaghost" in any capacity other than through computer messaging. The defense acknowledges precedent indicating unknown persons may be members of conspiracy, e.g. Rogers v. United States, 340 U.S. 367, 375 (1951), but those cases were before the computer age. This is not a conspiracy to rob a bank where the unknown

1

getaway driver escaped. The advent and pervasiveness of personal computers and smartphones creates situations, such as the one here, where the predicate requirements of a conspiracy (i.e., a non-law enforcement person who enters an actual agreement with another person to commit an offense) cannot be met or verified. The Court should reject any extension of the rules concerning coconspirator statements to the present context and rule that the proffered evidence is hearsay.

>
> Respectfully submitted,
> MARTIN GOTTESFELD
> By his attorney:
>
> /s/ David J. Grimaldi
> _____
> David J. Grimaldi
> David J. Grimaldi, P.C.
> BBO No. 669343
> 675 Massachusetts Avenue, 9th Floor
> Cambridge, MA 02139
> 617-661-1529 (tel)
> 857-362-7889 (fax)
> david@attorneygrimaldi.com

DATE: July 9, 2018

CERTIFICATE OF SERVICE

    I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 9th day of July 2018.

> /s/ David J. Grimaldi
> _____
> David J. Grimaldi