# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTIN GOTTESFELD,<br><br>Defendant | Crim. No. 16-CR-10305-NMG |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, United States Attorney Andrew E. Lelling and Assistant U.S. Attorneys David J. D'Addio and Seth B. Kosto, hereby submits, pursuant to Fed. R. Crim. P. 30, and the Court's Order, its request for jury instructions in the above-captioned case. The United States also requests leave to modify these instructions and file additional instructions as may become appropriate during the preparation for and course of the trial.

The proposed jury instructions are divided into two parts: (1) preliminary instructions and (2) final instructions.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:     */s/ David J. D'Addio*
        David J. D'Addio
        Seth B. Kosto
        Assistant U.S. Attorneys

Dated: July 9, 2018

<u>CERTIFICATE OF SERVICE</u>

I, David J. D'Addio, certify that on this 9th day of July 2018, I caused a copy of the

Government's Proposed Jury Instructions to be served via ECF to counsel of record for

defendant Jaquan Casanova.

> */s/ David J. D'Addio*
> David J. D'Addio
> Assistant United States Attorney

Date:  July 9, 2018

<u>PRELIMINARY INSTRUCTIONS</u>

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may say or do, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.01.

## NATURE OF INDICTMENT—PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys David D'Addio and Seth Kosto.  There is one defendant in this case, Martin Gottesfeld, and he is represented by attorney David Grimaldi.

The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against him; it is not evidence of anything.  The defendant pleaded not guilty to each of the charges and denies committing the crimes.  The defendant is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven the defendant's guilt beyond a reasonable doubt.

_____

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 1.02

## WHAT IS EVIDENCE—TESTIMONY, EXHIBITS, STIPULATIONS, AND INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.04; Fed. R. Evid. 201(g); Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 12:03 (6th Ed. 2010).

## KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence—that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.05.

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The Indictment is not evidence.  This case, like most criminal cases, began with an indictment.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

_____

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.08.

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the case sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there;

Eighth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

_____

Authority:  Adapted From Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 1.07.

## CSI EFFECT

Let me talk for a moment about television and movies.  Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors.  Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like.  You must decide this case on the evidence in front of you and the law as I give it to you.  Do not decide this case, even in part, based on something you saw on television or in a movie.  It's improper and unfair.

---

Authority:  Adapted from the preliminary charge in <u>United States v. Diana Piesak</u>, 06-40016-FDS.

## NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has

distributed pencils and pads for your use.  I want to give you a couple of warnings about taking

notes, however.  First of all, do not allow your note-taking to distract you from listening

carefully to the testimony that is being presented.  If you would prefer not to take notes at all but

simply to listen, please feel free to do so.  Please remember also from some of your grade-school

experiences that not everything you write down is necessarily what was said.  Thus, when you

return to the jury room to discuss the case, do not assume simply because something appears in

somebody's notes that it necessarily took place in court.  Instead, it is your collective memory

that must control as you deliberate upon the verdict.  Please take your notes to the jury room at

every recess.  I will have the courtroom deputy collect them at the end of each day and place

them in the vault.  They will then be returned to you the next morning.  When the case is over,

your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is

important not to discuss the case with anyone or permit anyone to discuss it with you.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief
District Judge Nancy Torresen's 2017 Revisions), Instruction No. 1.08.

<u>OUTLINE OF THE TRIAL</u>

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment, I will say more about the nature of evidence.

After the government's evidence, the defendant's attorney may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

13

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions) Instruction No. 1.09.

<u>FINAL INSTRUCTIONS</u>

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.01.

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should find him guilty of that crime.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.02.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.03.

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence—that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence—that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses—when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably

drawn from other facts in evidence.  Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

---

Authority:  First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998); United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.01.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that before testifying at this trial, a witness made a statement concerning the same subject matter as his testimony in this trial.  You may consider that earlier statement to help you decide how much of the witness's testimony to believe.  If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.03

## EVIDENCE OF THE DEFENDANT'S PRIOR SIMILAR ACTS

You have heard evidence that the defendant previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime.

Remember, these are the only purposes for which you may consider evidence of the defendant's prior similar acts.  Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

_____

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.06.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.06

## EXPERT TESTIMONY

You have heard testimony from witnesses described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.  You may accept or reject such testimony.  In weighing the testimony, consider the factors that generally bear upon the credibility of a witness as well as the expert's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.07.

## EXPERT TESTIMONY—DUAL ROLES

You have heard the testimony of witnesses who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

_____

Authority: Pattern Criminal Jury Instructions for the District Courts of the Sixth Circuit, Instruction No. 7.03A (2011); United States v. Smith, 601 F.3d 530, 540-41 (6th Cir. 2010)

## USE OF TAPES AND TRANSCRIPTS

You have heard conversations that were recorded.  This is proper evidence for you to consider.  You were provided with a transcript to read along as the tape was played.  The transcript was merely to help you understand what is said on the tape.  If you believe at any point that the transcript said something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you heard on the tape and not by what you saw in the transcript.

---

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.09.

## FLIGHT AFTER ACCUSATION/CONSCIOUSNESS OF GUILT

Intentional flight by a defendant after he or she is accused of the crime for which he or she is now on trial, may be considered by you in the light of all the other evidence in the case. The burden is upon the government to prove intentional flight.  Intentional flight after a defendant is accused of a crime is not alone sufficient to conclude that he or she is guilty.  Flight does not create a presumption of guilt.  At most, it may provide the basis for an inference of consciousness of guilt.  But flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.  In your consideration of the evidence of flight, you should consider that there may be reasons for the defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

_____

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 2.10

### CAUTIONARY AND LIMITING INSTRUCTIONS
### AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

--------------

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit(Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.07.

## WHAT IS NOT EVIDENCE

Although I told you at the beginning of the case, I want to emphasize by saying again that certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(Continued)

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has been indicted is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 3.08.

## INDICTMENT—TWO COUNTS

Now I turn to the Indictment and the statutes on which it is based.  First, I remind you again that an indictment is not evidence of any kind against the defendant.  The charge against the defendant in this case is set forth in a two separate counts.

COUNT ONE charges that the defendant conspired to intentionally cause damage to a protected computer.

COUNT TWO charges that the defendant intentionally caused damage to a protected computer.  I will explain each of these charges in detail later.

The defendant has pleaded "not guilty" to the each of the charges contained in the Indictment.  When the defendant pleads "not guilty," the government has to prove each of the things that are a part of the definition of an offense charged in the indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond a reasonable doubt for the defendant.

_____

Authority:  Adapted from 1 Devitt and Blackmar, Federal Jury Practice and Instructions,
§§ 11.08 and 11.09 (3rd ed. 1977).

COUNT ONE—CONSPIRACY TO CAUSE DAMAGE TO A PROTECTED COMPUTER

The defendant is accused of conspiring to commit a federal crime—specifically, the crime of intentionally causing damage to a protected computer.  It is against federal law to conspire with someone to commit this crime.

The elements of the crime of intentionally causing damage to a protected computer are as follows:

First, knowingly causing the transmission of a program, information, code or command; and

Second, as a result of such conduct, intentionally causing damage without authorization to a protected computer.  I will explain these elements in more detail later.

First, I would like to describe in general what a conspiracy is.  A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to accomplish some unlawful purpose.  The crime of conspiracy is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the crime of conspiracy even though the substantive crime that was the object of the conspiracy was not committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to intentionally cause damage to protected computers;

Second, that the defendant willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that the defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.  The overt act need not itself be criminal—it may even appear innocent and legal—so long as it is done for the purpose of furthering the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

---

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Judge D. Brock Hornby's 2015 Revisions), Instruction No. 4.18.371; Sand, Modern Federal Jury Instructions, § 19.01 (2012);. United States v. Martinez-Medina, 279 F.3d 105, 113-14 (1st Cir. 2002); United States v. Rosa, 17 F.3d 1531, 1543-44 (2d Cir. 1994).

## CONSPIRACY—SILENT UNDERSTANDING

In order to establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement.  It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals.  Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement.  A conspiracy is, by its very nature, usually secret in its origin and its execution.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

_____

Authority:  United States v. Paramount Pictures, Inc., 334 U.S. 131, 142 (1948); United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971); United States v. Palladino, 203 F. Supp. 35, 37-38 (D. Mass. 1962).

<u>CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT</u>

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of the defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between the defendant and the other alleged conspirators.

---

Authority:  <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st Cir. 1989); <u>United States v. Stubbert</u>, 655 F.2d 453, 456 (1st Cir. 1981); <u>United States v. Hathaway</u>, 534 F.2d 386, 400-401, (1st Cir. 1976); <u>United States v. Guerro</u>, 693 F.2d 10, 12 (1st Cir. 1982); <u>United States v. Patterson</u>, 644 F.2d 890, 893 (1st Cir. 1981); <u>United States v. Nardi</u>, 633 F.2d 972 (1st Cir. 1980).

CONSPIRACY—TIME PERIOD

The indictment alleges that the conspiracy charged in Count Two began in approximately January 2014 and lasted through approximately April 2014.

It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the indictment, and that the defendant was a member of the conspiracy during that period.

## RESPONSIBILITY FOR ALL ONGOING ACTIONS OF CO-CONSPIRATORS

A co-conspirator is responsible for all actions taken by his co-conspirators in furtherance of the conspiracy while the co-conspirator is a member.  So long as the partnership in crime continues, the partners act for each other in carrying it forward.  Any act of one partner may be the act of all without any new agreement specifically directed to that act.

_____

Authority:  Pinkerton v. United States, 328 U.S. 640, 646-47 (1946).

## COUNT TWO—CAUSING DAMAGE TO A PROTECTED COMPUTER

The defendant is charged in Count Two of the Indictment with intentionally causing damage to a protected computer and aiding and abetting, in violation of Title 18, United States Code, Sections 2, 1030(a)(5)(A), and (c)(4)(B)(i).

For you to find the defendant guilty of intentionally causing damage to a protected computer, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant knowingly caused the transmission of a program, information, code, or command; and

Second, that by doing so, the defendant intentionally caused damage to a protected computer without authorization.

If you find that the government has proved both of the above elements beyond a reasonable doubt, then you must also determine if the government has proved beyond a reasonable doubt the following:

Third, that the defendant's conduct caused either:

(1) loss to one or more persons during any one-year period, resulting from a related course of conduct affecting one or more protected computers, aggregating at least $5,000 in value; or

(2) the potential modification or impairment, of the medical examination, diagnosis, treatment, or care of one or more individuals.

I will now explain these elements in greater detail.

_____

Authority:  Adapted from Model Crim. Jury Instr. 9th Cir. 8.100 (2010); 18 U.S.C. § 1030(a)(5)(A).

FIRST ELEMENT—KNOWING TRANSMISSION OF COMPUTER CODE OR COMMAND

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly caused the transmission of a program, information, code, or command.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.  A defendant's belief that his motive is good is not ordinarily relevant to determining whether a defendant acted knowingly.

The government does not need to prove that the defendant transmitted a program, information, code, or command without the victim's authorization.  The government has met its burden of proof with respect to this element as long as it shows that the defendant transmitted a program, information, code, or command knowingly.

_____

Authority:  Adapted from Model Crim. Jury Instr. 9th Cir. 8.100 (2010); 18 U.S.C. § 1030(a)(5)(A); Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Judge D. Brock Hornby's 2015 Revisions), Instruction No. 2.15 ("knowingly") Wentworth-Douglas Hosp. v. Young & Novis Professional Ass'n, 2010 WL 3023331 at *3 (D.N.H. 2010) (without authorization relates to causing damage, not to transmitting the code or command); United States v. Cephus, 684 F.3d 703, 706–07 (7th Cir. 2012) (motive); United States v. White, 766 F.2d 22, 24 (1st Cir. 1985) (motive).

<u>SECOND ELEMENT—INTENTIONALLY DAMAGE A PROTECTED COMPUTER</u>

The second element that the government must prove beyond a reasonable doubt is that, as a result of the transmission of a program, information, code, or command, the defendant intentionally caused damage without authorization to a protected computer.

To act with intent means to act deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective, rather than the product of accident or mistake. Direct proof of intent is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act intentionally. Such proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "protected computer" means a computer that is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. Interstate or foreign commerce or communication means simply the movement of goods

and services, including on-line computer services, or communications, between states or between the United States and other countries.  However, there is no requirement that the defendant's transmission itself crossed a state line.  As long as the computer that received the transmission is used in or affecting interstate commerce or communication, that is sufficient.

There is no requirement that the government prove that the defendant knew that the computer was a "protected computer," as long as it has proven that the defendant knowingly made the transmission.

This element requires that the government prove the defendant caused damage "without authorization."  A defendant causes damage without authorization when he has not been permitted by the victim to cause that damage.  This element does not require the government to prove that the defendant lacked authorization to send any transmission.

---

Authority:  Adapted from 2 Modern Federal Jury Instructions-Criminal P 40A.05 (2018) 18 U.S.C. §  1030(e); United States v. Yucel, 97 F.Supp.3d 413, 422 (S.D.N.Y. 2015); Wentworth-Douglas Hosp. v. Young & Novis Professional Ass'n, 2010 WL 3023331 at *3 (D.N.H. 2010) (without authorization relates to causing damage, not to transmitting the code or command).

### THIRD ELEMENT—LOSS OR POTENTIAL TO MODIFY OR IMPAIR MEDICAL EXAMINATION OR CARE

If you conclude that the government has proven the above two elements beyond a reasonable doubt, you must then determine whether the defendant's conduct caused either:  (1) loss to one or more persons during any one-year period resulting from a related course of conduct affecting one or more other protected computers aggregating at least $5,000 in value, or (2) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of one or more individuals.  The Government has met its burden of proof with respect to this elements if you find that the Government has proven at least one of these things beyond as a reasonable doubt.

The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

The term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

_____

Authority:  18 U.S.C. §§  1030(e)(11), -(12);

## AIDING AND ABETTING

Count Two of the Indictment also charges the defendant with aiding and abetting the crime of intentionally causing damage to a protected computer.  Aiding and abetting is a separate, independent crime under federal law.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the Government must prove beyond a reasonable doubt:

<u>First</u>, that the crime of intentionally causing damage to a protected computer was actually committed by someone;

<u>Second</u>, that the defendant took an affirmative act to help or cause such crime; and

<u>Third</u>, that the defendant intended to help or cause the commission of such crime.

The second element, the "affirmative act" element, can be satisfied without proof that the defendant participated in each and every element of the crime.  It is enough if the defendant assisted in the commission of intentionally causing damage to a protected computer or caused such crime to be committed.

The third element, the "intent" element, is satisfied if the defendant had advance knowledge of the facts that make the principal's conduct criminal.  "Advance knowledge" means knowledge at a time the defendant can opt to walk away.  A general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere knowledge that the charged crime is being committed is not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

---

Authority:  Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.01.

## "ON OR ABOUT" EXPLAINED

The Indictment charges that the defendant engaged in crimes "in or about" and "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

_____

Authority:  Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, § 13.05 (4th ed. 1992).

<u>LANGUAGE OF THE INDICTMENT:  "AND" VERSUS "OR"</u>

Although the Indictment charges in the conjunctive "and" (for example, as to Count One, it states that the defendant conspired to knowingly cause the transmission of a program, information, code, "and" command), the government can meet its burden by proving in the disjunctive "or."

---

Authority:  <u>United States v. Garcia-Torres</u>, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); <u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969).

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

_____

Authority:  Sand, Modern Federal Jury Instructions: Criminal, § 9-1 (1990).

## FOREPERSON'S ROLE—UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.  When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.01.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

---

Authority:   Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.02.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.  It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.03.

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[The Court then reads verdict form].

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.04.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

_____

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Chief District Judge Nancy Torresen's 2017 Revisions), Instruction No. 6.05.