UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

DEFENDANT'S MOTION FOR JURY INSTRUCTIONS AT THE FINAL CHARGE

The defendant Martin Gottesfeld ("Mr. Gottesfeld") moves this Honorable Court to

provide the jury with the following instructions at the final charge:

1. Function of the Jury

You will determine the facts in this case and that is your function and your function

alone. You are the sole and exclusive judges of the facts. If there are any conflicts in the

testimony, it is your function to resolve those conflicts. Once you determine the facts, it is your

duty to apply those facts to the law as I explain it to you and to determine whether the

government has proven its case beyond a reasonable doubt. You must determine the facts solely

and entirely on the evidence as you have heard it and seen it in this courtroom and on nothing

else. No prejudice, no bias, no fear, no favor, no speculation. You are not to be swayed by

personal likes or dislikes. Emotion or sympathy, passion or prejudice, has no place in your

deliberations. The government and Martin Gottesfeld have a right to have the case judged by

fair and impartial jurors.

The fact that a case is brought in the name of the government does not entitle the

prosecutors to any special consideration. All parties who come before the Court stand as equals

before the Court. Therefore, your verdicts must be based on the law as I've given it to you, and

on the evidence and the facts that you find, and nothing else.

1

You cannot allow yourselves to be influenced by any personal feelings you may have about the nature of the crimes with which Martin Gottesfeld has been charged.  Just the cool, reflective and impartial evaluation of the evidence so that here in this courtroom justice may be done.

2.   Function of the Judge

Your focus is on the evidence.  I am the judge of the law.  My job is to teach to you the law that you must follow in the case.  As I told you before, you must take the law as I give it to you.

However, I have no opinion about how you should decide this case.  You should not consider anything I have done during this trial as reflecting any opinion by me about how you should decide this case.  If you believe I have an opinion about the facts of this case, you must disregard it.  You must decide this case based solely on your evaluation of the evidence.

3.   Evaluation of the Evidence

Since you're the judges of the facts in this case, what tools have you to discharge your function?  Most basically, you should consider all the evidence that has been presented to you. But what exactly counts as evidence?  Just a few things:

- The witnesses' answers to the questions asked by the lawyers and presented to you here in court.

- The exhibits, that is, the objects and any other documents that I admitted.  They will be sent into the jury room with you.

But, here are some things that are not evidence:

- Your guesses, suspicions and gut-feelings are not evidence.

- Any information that you have heard about the case outside of the courtroom is not evidence.

- My instructions to you and any other comments I made are not evidence.

- Answers or testimony that I struck from the record and told you to disregard are not evidence.

- The lawyers' opening and closing statements and any comments they may have made are not evidence.

- Any item that was not admitted as an exhibit is not evidence.

- Anything that an attorney or juror said during jury selection also does not count as evidence.

- Even any notes you took are not evidence.  They are just an aid to your memory.

As I said earlier, you could make a serious error and do an injustice if you try to rely on guesses or anything other than the evidence in this case.  So not only must you honor your oath and follow my instructions not to guess, but there are very good reasons for these instructions.

Now, when you think about the evidence you have seen and heard, you must decide what to believe and how much weight to give it.  When I refer to the weight of the evidence, I mean its importance or persuasive force.  The law does not give witness testimony greater or lesser weight than exhibits.  You do not have to believe one side over the other just because it had more witnesses or exhibits.  You may find that the testimony of a particular witness is very important in reaching a factual finding, or you may find that an exhibit is more important.

As you try to remember what each witness said, your memory of it might be different from mine or the lawyers' -- that is, what a lawyer might have said in closing argument.  If this happens, you must follow your own memory of the evidence, not ours.

4.  <u>Assessing Witness Credibility</u>

So how do you analyze the evidence?   First of all, you may bring to bear all your knowledge and life experience.  You do not check your common sense at the door to the jury room.  Just the reverse.  You should use your common sense in evaluating the evidence.

You have heard from a number of witnesses.  You have to decide which witnesses to believe -- or to believe in part -- and how much weight to give their testimony.  If some testimony conflicts with other testimony, you must figure out which testimony, if any, is true if you can do so.  You may believe everything that a witness said, some of it, or none of it.

 Asking yourself certain questions can help you decide whether to believe a witness and how much importance to give the witness' testimony.  For example:

- Could the witness actually have seen the things he or she testified about?

- If so, what kind of an opportunity did the witness have to observe those events?

- Did the witness' memory seem accurate?

- Did the witness' statements seem reasonable to you?

You should also think about the witness' appearance, attitude and behavior on the witness stand.  Often it is not just what a witness had said, but how he or she said it that may give you a clue as to whether to believe the witness' version of events or not.  How did the witness answer questions, both on direct and on cross-examination?  Was the witness a candid, a frank, a forthright person?  Or was the witness evasive or suspect in some way?

Think about the probability or improbability of the witness' testimony.  You may ask yourself: does the testimony have the ring of truth?

You may also ask yourself whether the witness had a reason to lie.  Simply because a witness has an interest in the outcome of the case does not mean the witness is not trying to tell the truth as he or she recalls it, but a witness' interest in the case is a factor that you may consider in deciding whether the witness is telling the truth.

You may also consider whether the witness made any earlier statement that differed from or contradicted his or her in-court testimony.  The earlier statement is admitted into evidence solely for you to evaluate the witness' credibility or believability.  If you determine that the witness made an earlier statement different from what the witness said in court, that may or may not cause you to discredit the witness' in-court testimony, but that is the only purpose for which you may use the earlier statement.  You may not consider the earlier statement as proof of the truth of the information contained in the earlier statement.

Inconsistencies or discrepancies in the testimony of different witnesses may or may not cause you to discredit the testimony of one or more witnesses.  But remember, people may forget things or get confused or remember an event differently.  In weighing such discrepancies, you should consider whether they involve important facts or only minor details.

You are not required to accept a witness' testimony, even if that testimony is uncontradicted.  You may decide such testimony is not worthy of belief because of the witness' bearing and demeanor, the inherent probability or improbability of his or her testimony, or for other reasons sufficient to you.

Or, if you are satisfied that some or all of a witness' testimony was credible, you may accept that testimony and consider it, along with all of the other evidence, in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

5.   Testimony of Law Enforcement

You have heard the testimony of (a) law enforcement officer(s). The fact that a witness is employed as a law enforcement officer does not mean that (his) (her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You are to evaluate an officer's testimony just as you would that of any other witness.

6.   Expert Testimony

There is one more point about witnesses to address: and that is expert witnesses. This term refers to witnesses who have specialized training or experience in a particular field. However, just because a particular witness has specialized training and experience in his or her field does not put that witness on a higher level than any other witness, and you are to treat the so- called expert witness just like you would treat any other witness. In other words, it is completely up to you to decide whether you accept the testimony of an expert witness, including the opinions that the witness gave. It's entirely up to you to decide whether you accept the facts relied on by the expert and to decide what conclusions, if any, you draw from the expert's testimony. You are free to reject the testimony and opinion of such a witness, in whole or in part, if you determine that the witness's opinion is not based on sufficient education and experience or that the testimony of the witness was motivated by some bias or interest in the case. You must also keep firmly in mind that you and you alone decide what the facts are. If you conclude that

an expert's opinion is not based on the facts, as you find those facts to be, then you may reject the testimony and opinion of the expert in whole or in part.  In other words, an expert witness is like any other witness, in the sense that you alone make the judgment about how much credibility and weight you give to the expert's testimony.

In the last analysis, you must remember that expert witnesses do not decide cases: juries do.

### 7.  Evaluation of Exhibits

Finally, you have the same powers with respect to exhibits that you have with respect to the testimony of the witnesses. Look them over and decide the weight – that is the value – that they deserve to receive in helping you resolve the case as you make your ultimate judgment about whether the government has proved its case beyond a reasonable doubt.  You are not required to believe something simply because it is written on a piece of paper or appears in a photograph or computer file. You are not, of course, required to disbelieve it because it appears there. You decide whether to believe what an exhibit purports to show and how much weight, if any, to give each exhibit.

### 8.  Presumption of Innocence

We'll start with a very basic principle, and this is it: Martin Gottesfeld started this trial presumed to be innocent.  He started with a clean slate. You are to draw absolutely no inference from the fact that he was indicted.  An indictment is not evidence; it is merely a piece of paper, a procedural mechanism for bringing a criminal charge – or an accusation – before jurors like yourselves and for notifying the defendant of the charges against him. You must not regard an indictment as a circumstance tending to incriminate the defendant or creating any unfavorable impression against him.

The presumption of innocence teaches us that the government has to prove each essential element of each offense with which it has charged Mr. Gottesfeld.  The presumption of innocence is not an idle theory for you to ignore or discard.  The presumption of innocence alone compels you to find Mr. Gottesfeld not guilty unless you are satisfied beyond a reasonable doubt of his guilt after careful and impartial consideration of all the evidence in the case.  Martin Gottesfeld didn't have to explain anything.  The burden of proof, that is, who has to prove this case, rests entirely on the government.  That burden never shifts.  The defendant never has any burden to prove his innocence or to produce evidence.

So, if, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt of the defendant's guilt, your verdict must be not guilty.  If you view the evidence in this case as reasonably permitting either of two conclusions, one of innocence and the other of guilt, then you must, of course, adopt the conclusion of innocence.  Speculation, suspicion or conjecture on your part that the defendant may have been guilty of a crime cannot be the basis for a guilty verdict. The only way Martin Gottesfeld can be found guilty of any these charges is if you come unanimously to believe that the government has proved each and every element of the charge beyond a reasonable doubt.

9.  <u>Proof Beyond a Reasonable Doubt</u>

So that sets the stage for me to give you the complete definition of the phrase "proof beyond a reasonable doubt."  I have saved this definition until near the very end, because it is so important.

The burden is on the Government to prove beyond a reasonable doubt that the defendant is guilty of the charge made against him.

What is proof beyond a reasonable doubt? The term is often used and probably pretty well understood, but it is not easily defined. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, because everything in the lives of human beings is open to some possible or imaginary doubt. A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the evidence, you have in your minds an abiding conviction, to a moral certainty, that the charge is true. When we refer to moral certainty, we mean the highest degree of certainty possible in matters relating to human affairs -- based solely on the evidence that has been put before you in this case.

I have told you that every person is presumed to be innocent until he is proven guilty, and that the burden of proof is on the prosecutor. If you evaluate all the evidence and you still have a reasonable doubt remaining, the defendant is entitled to the benefit of that doubt and must be acquitted.

It is not enough for the Government to establish a probability, even a strong probability, that the defendant is more likely to be guilty than not guilty. That is not enough. Instead, the evidence must convince you of the defendant's guilt to a reasonable and moral certainty; a certainty that convinces your understanding and satisfies your reason and judgment as jurors who are sworn to act conscientiously on the evidence.

This is what we mean by proof beyond a reasonable doubt.


*Note regarding request for this instruction*

This instruction is taken verbatim from the Massachusetts Supreme Judicial Court's decision in Commonwealth v. Russell, 470 Mass. 464 (2015), with the only changes being the substitution of "government" for "Commonwealth."  The Russell instruction, now required in

Massachusetts state courts, is superior to the often-criticized federal pattern instruction 3.02. Indeed, the First Circuit has described language akin to the pattern instruction as "laconic" and acknowledges the absence of "defendant friendly-language" in that instruction. <u>United States</u> v. <u>Jones</u>, 674 F.3d 88, 93-94 (1st Cir. 2012). The defense argues that the pattern instruction diminishes the defendant's constitutional rights of the defendant to be presumed innocent until to proven guilty beyond a reasonable doubt.

The <u>Russell</u> instruction, on the other hand, is far more clear, precise, accurate, and powerful in its expression of the central constitutional rights of all citizens. The defense requests the Court provide the <u>Russell</u> instruction, and objects to the pattern instruction.

10. <u>Instruction on Count 1 of the Indictment: 18 U.S.C. § 371 (Conspiracy)</u>

Mr. Gottesfeld is accused of conspiring to commit a federal crime—specifically, the crime of Intentional Damage Without Authorization to Protected Computers Belonging to Wayside and Children's Hospital, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B).

It is against federal law to conspire with someone to commit that crime.

In order to prove the underlying offense of Intentional Damage Without Authorization to Protected Computers Belonging to Wayside and Children's Hospital under this provision, the government must prove the following three (3) elements beyond a reasonable doubt:

One, the defendant knowingly caused the transmission of a [program] [information] [code][command] to a protected computer; and

Two, the defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization.

10

And three, as a result of such conduct, the defendant caused: modification or impairment of the medical examination, diagnosis, treatment, or care of one or more individuals, and loss to one or more persons during any one year period of an aggregate value of $5,000.00 or more.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device. (Source: 18 U.S.C. § 1030(e)(1))

"Protected computer" includes a computer which is used in affecting interstate commerce or communication (Source: 18 U.S.C. § 1030(e)(2))

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information. (Source: 18 U.S.C. § 1030(e)(8))

"Authorization" means without permission or power granted by an authority.  More specifically, to prove the defendant acted without authorization, the government must prove beyond a reasonable doubt that the defendant had no rights, limited or otherwise, to access the computer websites in question.  If he possessed some rights of authorization, he must be found not guilty.  Even if the defendant's authorization was subject to certain limitations, and he exceed those limitations, the defendant nonetheless remains authorized under the law, and therefore cannot be convicted, if he had some rights of authorization. You may not convict the defendant unless the government proves beyond a reasonable doubt that his access was completely unauthorized, i.e., without any permission or power granted by an authority.

Sources and citations re "authorization":

In <u>LVRC Holdings LLC</u> v. <u>Brekka</u>, 581 F.3d 1127, 1133 (9th Cir. 2009), the Ninth Circuit defined the CFAA's use of the term "authorization" as "without permission or power granted by authority."

The Court first noted dictionary definitions of the term. "Authorization is defined in the dictionary as 'permission or power granted by an authority.' RANDOM HOUSE UNABRIDGED DICTIONARY, 139 (2001). Id. (additional citation omitted). The Court also observed that "a person who uses a computer 'without authorization' has no rights, limited or otherwise, to access the computer in question." <u>Id</u>.

The Court then compared the CFAA's use of the term "authorization" with the statutory definition of "exceeds authorized access":

> In this case, as noted above, "authorization" means "permission or power granted by an authority." RANDOM HOUSE UNABRIDGED DICTIONARY, 139 The definition of the term "exceeds authorized access" from *ß 1030(e)(6)* implies that an employee can violate employer-placed limits on accessing information stored on the computer and still have authorization to access that computer. The plain language of the statute therefore indicates that 'authorization" depends on actions taken by the employer. Nothing in the CFAA suggests that a defendant's liability for accessing a computer without authorization turns on whether the defendant breached a state law duty of loyalty to an employer. If the employer has not rescinded the defendant's right to use the computer, the defendant would have no reason to know that making personal use of the company computer in breach of a state law fiduciary duty to an employer would constitute a criminal violation of the CFAA. It would be improper to interpret a criminal statute in such an unexpected manner. *See Carr, 513 F.3d at 1168*."

<u>Id</u>. at 1135 (emphasis supplied)

Moreover, the <u>Brekka</u> Court noted that "because LVRC permitted Brekka to use the company computer, the 'ordinary, contemporary, common meaning,' *Perrin, 444 U.S. at 42*, of the statute suggests that Brekka did not act 'without authorization.'" <u>Id</u>. at 1133.

Further, the Court recognized that "for purposes of the CFAA, when an employer authorizes an employee to use a company computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations. It is the employer's decision to allow or to terminate an employee's authorization to access a computer that determines whether the employee is with or 'without authorization.'" Id.

Importantly, the Brekka Court found that this distinction was in accord with the statute's terms and construction:

> This leads to a sensible interpretation of ββ 1030(a)(2) and (4), which gives effect to both the phrase 'without authorization' and the phrase 'exceeds authorized access': a person who 'intentionally accesses a computer without authorization,' ββ 1030(a)(2) and (4), accesses a computer without any permission at all, while a person who 'exceeds authorized access,' id., has permission to access the computer, but accesses information on the computer that the person is not entitled to access."

Id. at 1133.

The Brekka Court recognized that the above-interpretations of "authorization" apply in both civil and criminal contexts. "Although this case arises in a civil context, our interpretation of ββ 1030(a)(2) and (4) is equally applicable in the criminal context. See Leocal v. Ashcroft, 543 U.S. 1, 11 n.8, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004) (holding that where a statute 'has both criminal and non-criminal applications,' courts should interpret the statute consistently in both criminal and noncriminal contexts)." Id. at 1134.

Further, the Brekka Court correctly held that the rule of lenity required the above-interpretations. "It is well established that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' United States v. Carr, 513 F.3d 1164, 1168 (9th Cir. 2008) (quoting Rewis v. United States, 401 U.S. 808, 812, 91 S. Ct. 1056, 28 L. Ed. 2d 493 (1971)). The Supreme Court has long warned against interpreting criminal statutes in surprising and novel

ways that impose unexpected burdens on defendants. *See United States v. Santos, 128 S. Ct. 2020, 2025, 170 L. Ed. 2d 912 (2008)* (J. Scalia) (plurality opinion) (citations omitted) 'This venerable rule . . . vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.' *Id*. Therefore, '[t]he rule of lenity, which is rooted in considerations of notice, requires courts to limit the reach of criminal statutes to the clear import of their text and construe any ambiguity against the government.' *United States v. Romm, 455 F.3d 990, 1001 (9th Cir. 2006)*." Id. at 1134-1135.

Crucially, the Brekka Court found:

> No language in the CFAA supports LVRC's argument that authorization to use a computer ceases when an employee resolves to use the computer contrary to the employer's interest. Rather, the definition of 'exceeds authorized access' in *ß 1030(e)(6)* indicates that Congress did not intend to include such an implicit limitation in the word 'authorization'... As this definition makes clear, an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has "exceed[ed] authorized access." On the other hand, a person who uses a computer "without authorization" has no rights, limited or otherwise, to access the computer in question.

Id. at 1133.

Numerous other cases have interpreted "authorization" in a similar manner to the Court in Brekka.  See e.g. United States v. Aleynikov, 737 F. Supp. 2d 173, 190-194 (S.D.N.Y 2010); United States v. Drew, 259 F.R.D. 449, 458-467 (C.D. Cal. 2009) Shamrock Foods Co. v. Gast, 535 F.Supp. 2d 962, 967 (D. Ariz. 2008); Lockheed Martin Corp. v. Speed, 2006 U.S. Dist. LEXIS 53108   at *14-16 (M.D. Fla. 2006).

Having provided the elements of the underlying offense, I now return to conspiracy.

For you to find Martin Gottesfeld guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to Intentionally Damage Without Authorization to Protected Computers Belonging to Wayside and Children's Hospital; and

Second, that Martin Gottesfeld willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

The government must prove two types of intent beyond a reasonable doubt before Martin Gottesfeld can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances. Proof that Mr. Gottesfeld willfully joined in the

agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Gottesfeld agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Gottesfeld was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Gottesfeld personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

11. Instruction on Count 2 of the Indictment: 18 U.S.C. §§ 1030(a)(5)(A), 2 (Intentional Damage to a Protected Computer)

Mr. Gottesfeld is accused of conspiring to commit a federal crime—specifically, the crime of Intentional Damage Without Authorization to Protected Computers Belonging to Wayside and Children's Hospital, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B).

It is against federal law to conspire with someone to commit that crime.

In order to prove the underlying crime of Intentional Damage Without Authorization to Protected Computers Belonging to Wayside and Children's Hospital under this provision, the government must prove the following three (3) elements beyond a reasonable doubt:

One, the defendant knowingly caused the transmission of a [program] [information] [code][command] to a protected computer; and

Two, the defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization.

And three, as a result of such conduct, the defendant caused: modification or impairment of the medical examination, diagnosis, treatment, or care of one or more individuals, and loss to one or more persons during any one year period of an aggregate value of $5,000.00 or more.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device. (Source: 18 U.S.C. § 1030(e)(1))

"Protected computer" includes a computer which is used in affecting interstate commerce or communication (Source: 18 U.S.C. § 1030(e)(2))

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information. (Source: 18 U.S.C. § 1030(e)(8))

"Authorization" means without permission or power granted by an authority.  More specifically, to prove the defendant acted without authorization, the government must prove beyond a reasonable doubt that the defendant had no rights, limited or otherwise, to access the computer websites in question.  If he possessed some rights of authorization, he must be found not guilty. Even if the defendant's authorization was subject to certain limitations, the defendant nonetheless remains authorized under the law (and therefore cannot be convicted) if the defendant violated those limitations and exceeded unauthorized access.  You may not convict the defendant unless the government proves beyond a reasonable doubt that his access with completely unauthorized, i.e., without any permission or power granted by an authority.

Sources and citations re "authorization":

In LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1133 (9th Cir. 2009), the Ninth Circuit defined the CFAA's use of the term "authorization" as "without permission or power granted by authority."

The Court first noted dictionary definitions of the term.  "Authorization is defined in the dictionary as 'permission or power granted by an authority.' RANDOM HOUSE UNABRIDGED DICTIONARY, 139 (2001).  Id.  (additional citation omitted).  The Court also observed that "a person who uses a computer 'without authorization' has no rights, limited or otherwise, to access the computer in question."  Id.

The Court then compared the CFAA's use of the term "authorization" with the statutory definition of "exceeds authorized access":

> In this case, as noted above, "authorization" means "permission or power granted by an authority." RANDOM HOUSE UNABRIDGED DICTIONARY, 139 The definition of the term "exceeds authorized access" from *ß 1030(e)(6)* implies that an employee can violate employer-placed limits on accessing information stored on the computer and still have authorization to access that computer. The plain language of the statute therefore indicates that 'authorization' depends on actions taken by the employer. Nothing in the CFAA suggests that a defendant's liability for accessing a computer without authorization turns on whether the defendant breached a state law duty of loyalty to an employer. If the employer has not rescinded the defendant's right to use the computer, the defendant would have no reason to know that making personal use of the company computer in breach of a state law fiduciary duty to an employer would constitute a criminal violation of the CFAA. It would be improper to interpret a criminal statute in such an unexpected manner. *See Carr, 513 F.3d at 1168*."

Id. at 1135 (emphasis supplied)

Moreover, the Brekka Court noted that "because LVRC permitted Brekka to use the company computer, the 'ordinary, contemporary, common meaning,' *Perrin, 444 U.S. at 42*, of the statute suggests that Brekka did not act 'without authorization.'" Id. at 1133.

Further, the Court recognized that "for purposes of the CFAA, when an employer authorizes an employee to use a company computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations. It is the employer's decision to allow or to terminate an employee's authorization to access a computer that determines whether the employee is with or 'without authorization.'" Id.

Importantly, the Brekka Court found that this distinction was in accord with the statute's terms and construction:

> This leads to a sensible interpretation of *ßß 1030(a)(2)* and *(4)*, which gives effect to both the phrase 'without authorization' and the phrase 'exceeds authorized access': a person who 'intentionally accesses a computer without authorization,' *ßß 1030(a)(2)* and *(4)*, accesses a computer without any permission at all, while a person who 'exceeds authorized access,' *id.*, has permission to access the

computer, but accesses information on the computer that the person is not entitled to access."

Id. at 1133.

The Brekka Court recognized that the above-interpretations of "authorization" apply in both civil and criminal contexts. "Although this case arises in a civil context, our interpretation of *ßß 1030(a)(2)* and *(4)* is equally applicable in the criminal context. *See Leocal v. Ashcroft, 543 U.S. 1, 11 n.8, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004)* (holding that where a statute 'has both criminal and non-criminal applications,' courts should interpret the statute consistently in both criminal and noncriminal contexts)." Id. at 1134.

Further, the Brekka Court correctly held that the rule of lenity required the above-interpretations. "It is well established that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' *United States v. Carr, 513 F.3d 1164, 1168 (9th Cir. 2008)* (quoting *Rewis v. United States, 401 U.S. 808, 812, 91 S. Ct. 1056, 28 L. Ed. 2d 493 (1971))*. The Supreme Court has long warned against interpreting criminal statutes in surprising and novel ways that impose unexpected burdens on defendants. *See United States v. Santos, 128 S. Ct. 2020, 2025, 170 L. Ed. 2d 912 (2008)* (J. Scalia) (plurality opinion) (citations omitted) 'This venerable rule . . . vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.' *Id*. Therefore, '[t]he rule of lenity, which is rooted in considerations of notice, requires courts to limit the reach of criminal statutes to the clear import of their text and construe any ambiguity against the government.' *United States v. Romm, 455 F.3d 990, 1001 (9th Cir. 2006)*." Id. at 1134-1135.

Crucially, the Brekka Court found:

No language in the CFAA supports LVRC's argument that authorization to use a computer ceases when an employee resolves to use the computer contrary to the employer's interest. Rather, the definition of 'exceeds authorized access' in *ß 1030(e)(6)* indicates that Congress did not intend to include such an implicit limitation in the word 'authorization'... As this definition makes clear, an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has "exceed[ed] authorized access." On the other hand, a person who uses a computer "without authorization" has no rights, limited or otherwise, to access the computer in question.

Id. at 1133.

Numerous other cases have interpreted "authorization" in a similar manner to the Court

in Brekka.  See e.g. United States v. Aleynikov, 737 F. Supp. 2d 173, 190-194 (S.D.N.Y 2010);

United States v. Drew, 259 F.R.D. 449, 458-467 (C.D. Cal. 2009) Shamrock Foods Co. v. Gast,

535 F.Supp. 2d 962, 967 (D. Ariz. 2008); Lockheed Martin Corp. v. Speed, 2006 U.S. Dist.

LEXIS 53108   at *14-16 (M.D. Fla. 2006).

<div style="margin-left:50%">

Respectfully submitted,
MARTIN GOTTESFELD
By his attorney:

/s/ David J. Grimaldi

_____
David J. Grimaldi
David J. Grimaldi, P.C.
BBO No. 669343
675 Massachusetts Avenue, 9th Floor
Cambridge, MA 02139
617-661-1529 (tel)
857-362-7889 (fax)
david@attorneygrimaldi.com

</div>

DATE: July 9, 2018

## CERTIFICATE OF SERVICE

I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 9th day of July 2018.

/s/ David J. Grimaldi

_____

David J. Grimaldi