UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

## EMERGENCY MOTION FOR STAY OF PROCEEDINGS
## PENDING APPEAL AND INTERLOCUTORY RELIEF

Counsel for defendant Martin Gottesfeld ("Mr. Gottesfeld") requests a stay of the

proceedings in the District Court so that, after having already provided notice, he may appeal and

seek interlocutory relief from orders of the Court (Gorton, J.) denying both his July 12, 2018

Emergency Motion for Leave to Withdraw (Dkt. No. 241) and his July 17, 2018 Emergency

Motion for Leave to Withdraw (Dkt. No. 254).  Both Emergency Motions were accompanied by

exhibits filed *ex parte* and under seal.

Dkt. No. 241 was previously heard by the Court (Stearns, J.) and denied without

prejudice (Dkt. No. 248) subject to a later ruling by Judge Gorton, should he choose to hear the

motion.  Judge Gorton has since heard and denied that Motion.

Interlocutory relief is appropriate after denial of motions to withdraw.  In

Rivera-Domenech v. Calvesbert Law Offices PSC, the First Circuit held:

> We make a point clear at the start.  At the time of the entry of the denial of the
> motion to withdraw, there was interlocutory jurisdiction to take an appeal to this
> court. [The attorney] should have pursued the interlocutory appeal at the time of
> the denial of his motion to withdraw his appearance. In similar circumstances,
> circuit courts, including this one, have found the denial of a motion to withdraw to
> be an abuse of discretion... Here, in addition, it is plain there was an irretrievable
> breakdown between client and counsel, yet the court refused to allow [the
> attorney] to withdraw.

402 F.3d 246, 249 (1st. Cir. 2005) (citations omitted).

The First Circuit has identified four factors which address the appropriateness of a stay

1

pending appeal: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010),

Further, the First Circuit has held: "Where, as here, the denial of a stay will utterly destroy the status quo, irreparably harming [undersigned counsel], but the granting of a stay will cause relatively slight harm to [the government and/or defendant], appellants need not show an absolute probability of success in order to be entitled to a stay." Providence Journal Co. v. F.B.I., 595 F.2d 889, 890 (1st Cir. 1979).

The present situation is extraordinary.  Undersigned counsel possesses an actual conflict of interest with the defendant; the attorney-client relationship is irretrievably broken; and counsel cannot fulfill his responsibilities and duties, including his duty of loyalty to Mr. Gottesfeld, as required under the Rules of Professional Conduct. By denying Counsel's motions, the Court would require undersigned counsel to violate Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 1.16(a)(1); 1.7(a)(2); 1.3; 1.16(b)(2), (4), (6), and (7).  While the counsels acknowledges the scheduled trial date of July 23, 2018 (with jury selection scheduled for July 19, 2018), the facts and circumstances giving rise to the issues are so recent that the present request could not have been brought earlier.  A stay of the proceedings is required and appropriate pending a ruling from the First Circuit on this most extraordinary and important issue.

Respectfully submitted,
Counsel for defendant:

/s/ David J. Grimaldi

David J. Grimaldi
David J. Grimaldi, P.C.
BBO No. 669343
675 Massachusetts Avenue, 9th Floor
Cambridge, MA 02139
617-661-1529 (tel)
857-362-7889 (fax)
DATE: July 17, 2018                    david@attorneygrimaldi.com

## CERTIFICATE OF SERVICE

I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants via CM/ECF this 17th day of July, 2018.  Further, on this day a copy of this motion is to be provided in hand to defendant Martin Gottesfeld.

/s/ David J. Grimaldi

David J. Grimaldi