UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTIN GOTTESFELD,<br><br>    Defendant. | Crim. No. 16-CR-10305-NMG |

MOTION IN LIMINE REGARDING MATTERS
ADDRESSED IN THE TRIAL BRIEF

    The United States respectfully submits this motion in limine seeking a pre-trial ruling on the four evidentiary matters addressed in its trial brief. (Docket No. 253). The parties have not reached complete agreement regarding these matters, and addressing them in limine will promote the most efficient use of the jury's time. The United States incorporates by reference the arguments in the trial brief. To assist the Court in its determination of these issues (and the government's Supplemental Brief Regarding the Admission of Certain Evidence Referencing Doxing, the government has provided a courtesy copy of a CD containing all of the government's proposed exhibits.

    I.    Jail Calls

    The United States has identified as exhibits short portions of ten of the defendant's calls from either the Wyatt Detention Center (Exhs. 66 through 74) or the Plymouth County Correctional Facility (Exh. 83). Gottesfeld's statements in several of these calls bear directly on elements of the offenses charged in the indictment, including, for example, his statements that: (1) he attacked Children's Hospital on an important fundraising day intending to cost the hospital

money (Exh. 83); (2) he was an "Anon" or member of Anonymous (Exh. 66); (3) he solicited members of Anonymous to help secure Pelletier's release (Exhs. 73 and 74); (4) he disagreed based upon his own research with Boston Children's Hospital's diagnosis of Pelletier (Exh. 73), and not based on any contact with Pelletier or her family (Exh. 72).  While the Court's ruling admitting the *Huffington Post* article will permit the jury to consider that article as Gottesfeld's statement, the government expects to need to preempt argument that the statement was edited or altered – even absent any evidence of this – by introducing one or more calls in which Gottesfeld states he wrote the statement and described the number of words it contains (Exhibits 67 and 68, for example).[1]

The calls are accordingly relevant evidence that in passing refer to the fact that Gottesfeld was in custody when he made them.  Gottesfeld's counsel has represented to the government that he objects to the introduction of any jail calls because they would prejudicially disclose the fact that Gottesfeld was a prisoner when the calls were made.  He also objects again to the admission of the *Huffington Post* article itself, making the admission of calls discussing the article similarly inadmissible, and to a recording of Gottesfeld's admitting to doxing of the juvenile court judge in Exhibit 83 (a reference that the government has agreed to remove).  For the reasons stated in the trial brief, the government respectfully requests that the Court otherwise admit them under Fed. R. Evid. 801(d)(2)(A) (as statements of a party opponent).

---

[1] The government offered to the defendant not to offer the jail calls regarding the Huffington Post article if the defendant would stipulate that he wrote the article.  He has refused to do so, leaving the government with the burden of proving that Gottesfeld wrote the statement.

II.     Records Certifications

The United States has laid an appropriate foundation with certifications under Fed. R. Evid. 803(6), 902(11) and 902(13).  It first notified the defendant a month ago (on June 21, 2014) of its intent to introduce the business records of RCN, YouTube, and Twitter via certification and asked counsel to respond if the defendant had any objection or intent to challenge their admissibility.  Gottesfeld has offered no reason under 803(6) to doubt the trustworthiness of these companies' record keeping processes, and he has not objected to the use of Fed. R. Evid. 902(11) and 902(13)'s certification procedures.  As there is no Confrontation Clause issue under *Crawford v. Washington*, 541 U.S. 36 (2004), for the reasons noted in the trial brief, the records are accordingly admissible without the testimony of a custodian.

Based on the affidavits provided, Gottesfeld's counsel has agreed that the records certifications satisfy Fed. R. Evid. 902(11) and (13) and are business records under Fed. R. Evid. 803(6), but otherwise has reserved the right to object on other grounds (*e.g.*, Fed. R. Evid. 401, 403, suppression).  On this representation, the government is prepared to release the California-based custodians for Twitter and YouTube from the obligations to travel to Boston to authenticate the business records.

III.    Fed. R. Evid. 1006 Summaries

The government has provided Gottesfeld's counsel with three summary exhibits and the voluminous and complex records underlying them.

As noted in the trial brief, Exhibit 13 – first provided in draft to the defendant on July 3 -- represents graphically the number of visits to the Children's Hospital website that permits physicians outside the hospital to access records related to their patients' visits there.  There were more than 100,000 visits to this portal in April and May 2014, and Fed. R. Evid. 1006 permits

3

the government to present the records visually, especially absent any objection from the defendant. Counsel for the defendant has indicated that he does not object to the use of Exhibit 13 under Fed. R. Evid. 1006 at this writing.

Exhibits 42 and 44 similarly reduce thousands of pages of computer code to tables that present direct messages and bulletin board posts, respectively, seized from Gottesfeld's laptop computer. The government provided the substance of the direct messages on June 11 and the substance of the bulletin board posts on July 3. (The exhibits are substantively unchanged, although the government has now redacted from these summary exhibits references to doxing of unknown individuals or to the doxing or harassment through a suicide hoax of Dana Gottesfeld's parents).

Rule 1006 is the appropriate mechanism to present these direct messages and bulletin board posts to the jury. The defendant has not raised any specific objection to them (other than to say that they appear consistent with the court's ruling regarding the redaction of doxing and flight references), and the Court should accordingly rule these exhibits admissible.

IV.     Judge Johnston's Opinion

The indictment alleges in Count 1 that Gottesfeld conspired with others to attack the networks of Wayside and Children's Hospital "in an effort to punish [these institutions] for their role in the treatment of [Pelletier]," Indictment, Docket No. 28, at ¶ 17, and that a triggering event for the attack on Wayside (where Pelletier was a patient) was Gottesfeld's learning that the Massachusetts Juvenile Court had awarded custody of Pelletier to DCF. (Indictment, ¶¶ 21-22). The opinion itself had been leaked to the media and published on March 25, 2014, and Gottesfeld's home computer accessed two different articles that contained detailed descriptions of and internet links to the opinion.

For the reasons stated in the trial brief, Judge Johnston's opinion is admissible as evidence of the judicial act ordering Pelletier into DCF custody on March 25.  It is also not offered for the truth of the court's conclusions (*i.e.*, that Pelletier had one diagnosis and not another) but rather for the effect of that conclusion and the court's reasoning on Gottesfeld and his actions in response to it.  The government does not intend to argue that the opinion shows that DCF and Children's Hospital were right (or that the Pelletiers were wrong).  The point is simply that Gottesfeld disagreed with the findings and acted on that disagreement.  These are appropriate non-hearsay reasons for the Court to admit the opinion.

The defendant has indicated through counsel that he agrees only to the admission of a redacted Exhibit 94 containing the case caption, the operative language in paragraph 14's second sentence, and the judge's signature and seal.  In the government's view, this is far too narrow a result because it omits the conclusions that Gottesfeld reacted to, regardless of whether the conclusions in the order are right or wrong.

*Respectfully submitted*,

ANDREW E. LELLING
United States Attorney

By:   */s/ Seth B. Kosto*
DAVID J. D'ADDIO
SETH B. KOSTO
Assistant U.S. Attorneys

Date:  July 18, 2018

**Certificate of Service**

      I hereby certify that, on this date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

       /s/ *Seth B. Kosto*
      Seth B. Kosto
      David J. D'Addio
      Assistant U.S. Attorneys

Date:  July 18, 2018