UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
REGARDING MATTERS ADDRESSED IN THE TRIAL BRIEF

Defendant Martin Gottesfeld ("Mr. Gottesfeld") hereby opposes government's motion in limine regarding matters address in the trial brief. ("Motion")  Dkt. 267.

1. Jail Calls

The government claims that "While the Court's ruling admitting the *Huffington Post* article will permit the jury to consider that article as Gottesfeld's statement, the government expects the need to preempt argument that the statement was edited or altered – even absent any evidence of this – by introducing one or more calls in which Gottesfeld states he wrote the statement and described the number of words it contains."  Motion at 1.  This claim is meritless. Neither the government nor the Court should expect – or should have any genuine reason to expect – that Mr. Gottesfeld will claim the *Huffington Post* article was edited in any way requiring introduction of unfairly prejudicial calls to prove otherwise.  In the wholly unlikely event some such circumstance would later occur, the Court could appropriately entertain a renewed request by the government to introduce the jail calls.

The jail calls themselves should be excluded.  They are unfairly prejudicial because they will alert the jury that the Court detained Mr. Gottesfeld before trial, as opposed to releasing him on his own recognizance or bail.  Approximately the first 35 seconds of each call is a notification from the respective jails (both the Plymouth County Correctional Facility and Wyatt Detention

1

Center) revealing that Mr. Gottesfeld is an inmate. Further, the calls contain hearsay from Mr. Gottesfeld's wife, Dana Gottesfeld. Moreover, the calls refer to inadmissible evidence including plea deals and discussions concerning the case strategy of attorney Tor Ekeland.

With the admission of the *Huffington Post* article, the jail calls are wholly irrelevant and profoundly prejudicial. The defense requests their exclusion.

2. Record Certifications

Based on the affidavits provided, counsel identifies no foundational objections to the RCN, YouTube, and Twitter records. However, Mr. Gottesfeld restates and incorporates his arguments for suppression of evidence (RCN) and his requests in motions *in limine* for redactions (YouTube, Twitter), and respectfully objects to any introduction of the evidence inconsistent with those requests.

3. "Fed R. Evid. 1006 Summaries"

If the government witnesses establish the requirements for introduction of the claimed "Fed R. Evid. 1006 Summaries" (Exhibits 13, 42, 44) at trial, the defense will not object to their admission.

4. Judge Johnston's Opinion

To the extent Judge Johnston's March 25, 2014 Disposition Order (Exhibit 94) is relevant to this case, is to establish the fact of the order and paragraph 14's operative language concerning the custody of Justina Pelletier. The opinion otherwise concerns, *inter alia*, Judge Johnston's account of the Pelletier case, his opinions regarding the hotly contested diagnosis of Pelletier, and a critique of the Pelletier family's alleged behavior. The judicial imprimatur that comes with a court order will lead the jury to give the order undue weight and significance. The government's assurance that they do not intend to argue the correctness of the order offers no

consolation on this point.  The jury will take the contents of Judge Johnston's order as "right" and therefore Gottesfeld's alleged opinions and behavior as "wrong."  That is not the question in this case, but it risks becoming so by introduction of the full order.  Instead, if anything, only a redacted copy containing the caption, paragraph 14, and the signature and seal should be admitted.

                                              Respectfully submitted,
                                              MARTIN GOTTESFELD
                                              By his attorney:

                                              /s/ David J. Grimaldi

                                              _____
                                              David J. Grimaldi
                                              David J. Grimaldi, P.C.
                                              BBO No. 669343
                                              675 Massachusetts Avenue, 9th Floor
                                              Cambridge, MA 02139
                                              617-661-1529 (tel)
                                              857-362-7889 (fax)
                                              david@attorneygrimaldi.com

DATE: July 20, 2018


## CERTIFICATE OF SERVICE

     I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 20th day of July 2018.

                                              /s/ David J. Grimaldi
                                              _____
                                              David J. Grimaldi