UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S SUPPLEMENTAL BRIEF
REGARDING ADMISSION OF CERTAIN EVIDENCE REGARDING "DOXING"

Defendant Martin Gottesfeld ("Mr. Gottesfeld") hereby opposes government's

supplemental brief ("brief") regarding admission of certain evidence regarding "doxing." Dkt.

No. 266.

The brief claims that uncharged incidents of doxing featured in proposed Exhibits 60,

120, 121, and 97E "are "inextricably intertwined with the charged conduct; and they are not

unfairly prejudicial."  Brief at 8.  The government is wrong on both counts.

In the literal sense, the uncharged doxing is easily extricated from the charged conduct: a

simple redaction of all evidence of doxing through a "blacking out" and editing of the evidence

is sufficient extrication.  Further, the uncharged doxing is an act separate and apart from the

charged distributed denial of service ("DDoS") computer attacks.  The government need not

prove the "doxing" in order to prove the DDoS; moreover, the absence of the "doxing" does not

detract from their presentation of evidence concerning the DDoS.  If the doxing had never

occurred, the government would still possess the same quantity and quality of evidence

concerning the charged DDoS.  The doxing evidence is not "intrinsic" to proving the charged

offenses.

Arguing in the alternative, the government states, "even if not intrinsic evidence, the

particular reference to doxing in three of these four of exhibits is admissible under Fed. R. Evid.

1

404(b) as relevant to 'motive . . . intent, preparation, plan, knowledge, [and] identity.'" Id. But even extrinsic evidence must still satisfy Fed. R. Evid. 403 regarding exclusion of evidence where "its probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  In this particular case, the probative value of the doxing evidence is extremely low to nonexistent. The Court has already allowed the government's motion *in limine* to admit a *Huffington Post* article entitled "Why I Knocked Boston Children's Hospital Off the Internet: A Statement from Martin Gottesfeld – the high-profile 2014 cyber attack is explained for the first time."  Dkt. No. 218.  That article (Dkt. No. 116-1) provides a thorough exposition of Mr. Gottesfeld's alleged motive, preparation, and intent.  Further, the government intends to call a witness who states Mr. Gottesfeld admitted to the DDoS.  Computer forensic evidence will corroborate this information.  The government possesses other media interviews in which Mr. Gottesfeld has admitted to the DDoS.  In this context, the probative value of "doxing" evidence to prove the charged offense is at best *de minimus*.

The unfair prejudice of the uncharged doxing evidence, however, is substantial.  The government wholly underestimates the frightening nature of the doxing.  As to the juvenile judge, the doxing consisted of his full name, home address, and home telephone number.  As to the doctor, the alleged "doxing" consisted of her full name, home address, home telephone number, work telephone number, and work fax number.  The government's proposed redaction of Ex. 60 to exclude only the personally identifiable information does not begin to cure the problem. The unfairly prejudicial evidence is not the actual home addresses and phone numbers of the judge and doctor (though that evidence should still be excluded because of its irrelevant

and very private nature).  The unfairly prejudicial evidence is the <u>fact</u> of the doxing itself, and all evidence concerning it.

Jurors are likely to be shocked and scared by the dissemination of the home addresses and phone numbers of a judge and doctor, particularly in the context of this case.  For example, the YouTube video (Ex. 120) states that "Anonymous and the American people… will <u>retaliate</u> using whatever means necessary" in order to protect citizens such as Ms. Pelletier.  It warns, "[w]e will <u>punish</u> all those accountable," including the judge and doctor that were doxed.  The video implores its listeners to telephone the judge at his home and mail letters to his home.  The narrator demands the doctor be fired from the Boston Children's Hospital.  He intones, "[t]his will be your first and final warning" and promises "[f]ailure to comply with our demands will result in <u>retaliation in the likes which you have never seen</u>."  Ominous music hovers in the background.  A moment later the video shows a website address to the pastebin.com page that contains the doxing.  Exhibit 097E compounds the frightening nature of the video by promising "HIPAA breach" after the doxing.

When put in context, the doxing evidence (and discussion of it on YouTube) is worrying to the point that a reasonable observer would be concerned that the doxing could result in violence against the judge or doctor ("retaliation in the likes which you have never seen," etc).  The narrator purports to speak for Anonymous; thus, even where Mr. Gottesfeld held no such intention to physically harm the judge or doctor, the video plausibly suggests that another Anonymous member might harbor such intent. No such threats to harm are charged in the indictments, but this call for "retaliation" in concert with the doxing is far more worrying than the charged computer DDoS.  The jurors will likely be scared, dismayed, distracted, and angry by the doxing evidence, and all discussions concerning it.  This negative emotional reaction will

be compounded by the promise of an uncharged but frightening "HIPAA breach" of children's protected medical information, which the jurors will personally fear because they can relate to it so easily.  Introduction of this frightening evidence will impair the jury's ability to focus on the evidence actually needed to render their verdict, and inspire profound resentment towards Mr. Gottesfeld for putting the judge and doctor in such a precarious position.

This Court should exclude all mention of doxing, both in written and audio form.  Page one of Exhibit 60 should be redacted from lines 14 (starting at "To the American People…) through 21; the exhibit should be redacted again from line 23 (starting at "For your crimes… ) through 32.  These redactions would leave the dissemination of the Boston Children's Hospital business address, phone number, and IP address, thus leaving the overall purpose of the Exhibit, as it relates to the charges, intact.

The YouTube video at Exhibit 120, while not showing the doxes themselves, should be edited to exclude the information concerning the doxes, requests for observers to contact the judge and doctor, and all redactions that correspond to the overlapping redactions in Exhibit 60.

The following information from Exhibit 120 should be redacted: "D0x with Judge & Dr. Contact."

The following information from Exhibit 097E should be redacted: "or D0xes of your staff are next.  HIPAA breach thereafter."

For the above-stated reasons, the Court must exclude the proffered evidence.  Further, exclusion is required to protect Mr. Gottesfeld's right to a due process of law under the 5th Amendment to the United States Constitution.

Respectfully submitted,
MARTIN GOTTESFELD
By his attorney:

/s/ David J. Grimaldi

_____

David J. Grimaldi
David J. Grimaldi, P.C.
BBO No. 669343
675 Massachusetts Avenue, 9th Floor
Cambridge, MA 02139
617-661-1529 (tel)
857-362-7889 (fax)
david@attorneygrimaldi.com

DATE: July 20, 2018

CERTIFICATE OF SERVICE

I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 20th day of July 2018.

/s/ David J. Grimaldi

_____

David J. Grimaldi