UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 16-cr-10305-NMG |
| | ) | |
| MARTIN GOTTESFELD | ) | |

<u>DEFENDANT'S RESPONSE TO "MEMORANDUM OF THE UNITED STATES REGARDING THE STATUTORY ELEMENT 'DAMAGES WITHOUT AUTHORIZATION'"</u>

Defendant Martin Gottesfeld ("Mr. Gottesfeld") hereby files a response to the Memorandum of the United States Regarding the Statutory Element 'Damages without Authorization.'" Dkt. No. 280. ("Memorandum"). This response is limited to the element "without authorization" and is not intended to be a substitute for additional matters to be addressed at the charge conference.

18 U.S.C. § 1030(a)(5)(A) states in relevant part: "Whoever... knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer… shall be punished…"

Count 2 of the indictment, Dkt. No. 28, alleges in relevant part that Mr. Gottesfeld "did knowingly cause… the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, without authorization, to a protected computer with the District of Massachusetts, belonging to Children's Hospital…"

There is a material difference between the 18 U.S.C. § 1030(a)(5)(A) and Count 2 of the indictment, *viz.,* the placement of commas on either side of the words "without authorization." Whereas the statute places a comma only after the words "without authorization," the indictment places commas on *either side* of that phrase. The inclusion of the additional comma in the

1

indictment impacts the meaning of the surrounding words, and suggests that "without authorization" modifies different language than the statutory version without the comma supplied by the government.

  Close inspection of the Memorandum reveals the government recognizes the difference in comma use between the statute and the indictment: the first paragraph of the Memorandum states, "Thomas explains the difference between causing "damage[] without authorization...." Memorandum at 1.  The government's use of square brackets in place of the relevant comma indicates their knowledge of the variance.

  In Bloate v. United States, a case concerning statutory construction, the Supreme Court recognized the difference the use of a comma makes in construing Congressional intent.  559 U.S. 196, 206 n.10 (2010).  Here, the placement of the comma creates a variance between the language of the statute and the act charged by the grand jury.

  The Fifth Amendment to the United States Constitution provides, in pertinent part, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.  The present difference in construction between the statute and the indictment puts Mr. Gottesfeld at risk of being convicted of a crime not charged by the grand jury, a violation of his right to indictment by grand jury and due process of law.

  Further, in criminal law, the rule of lenity requires the court to resolve any ambiguity in construction in favor of a criminal defendant. See Leocal v. Ashcroft, 543 U.S. 1, 11 n.8 (2004) ("Because we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context, the rule of lenity applies.")  This rule has been ingrained in our criminal law for almost two centuries.  See United States v. Wiltberger, 18 U.S. 76, 93 (1820)

("In criminal cases, a strict construction is always to be preferred; and if there be doubt, that is of itself conclusive.").

Mr. Gottesfeld requests an instruction concerning "without authorization" consistent with LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1133 (9th Cir. 2009)[1] and other cases cited in his proposed jury instructions. Dkt. No. 240. While the Court should provide this instruction for the reasons articulated in those well-reasoned decisions, that instruction is also required in light of the shift created by the variance that must be resolved in favor of Mr. Gottesfeld.

>Respectfully submitted,
>MARTIN GOTTESFELD
>By his attorney:
>
>/s/ David J. Grimaldi
>
>_____
>David J. Grimaldi
>David J. Grimaldi, P.C.
>BBO No. 669343
>675 Massachusetts Avenue, 9th Floor
>Cambridge, MA 02139
>617-661-1529 (tel)
>857-362-7889 (fax)
>david@attorneygrimaldi.com

DATE: July 27, 2018

### CERTIFICATE OF SERVICE

I, David J. Grimaldi, hereby certify that true copies of this motion were served on all registered participants in this matter via ECF this 27th day of July 2018.

>/s/ David J. Grimaldi
>
>_____
>David J. Grimaldi

---

[1] Following from Brekka, the defense's requested definition is as follows: "Authorization" means without permission or power granted by an authority. More specifically, to prove the defendant acted without authorization, the government must prove beyond a reasonable doubt that the defendant had no rights, limited or otherwise, to access the computer websites in question. If he possessed some rights of authorization, he must be found not guilty. Even if the defendant's authorization was subject to certain limitations, and he exceeded those limitations, the defendant nonetheless remains authorized under the law, and therefore cannot be convicted, if he had some rights of authorization. You may not convict the defendant unless the government proves beyond a reasonable doubt that his access was completely unauthorized, i.e., without any permission or power granted by an authority.

3