UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    16-CR-10305-NMG |
| | ) |
| MARTIN GOTTESFELD, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S MEMORANDUM AS TO
DEFENDANT'S "GOOD MOTIVE" OR "GOOD INTENT"

In anticipation of the charge conference in this matter, the United States respectfully submits that the Court should instruct that jury that evidence of the defendant's "good motive" and "good intent," even if credited, is not a defense to the charges in the indictment.

In the defendant's testimony describing his DDOS attacks on Wayside and Children's Hospital, he has conceded that he intended to attack both victims' computer networks, and that he intentionally issued computer commands to effect these attacks. These are the core elements of both 18 U.S.C. § 1030(a)(5)(A) — the offense charged in Count 1 — and of the conspiracy to commit that offense as charged in Count 2. Gottesfeld also testified repeatedly that he believed he was acting to save Justina Pelletier's life and that he is an "activist."

The Court has already recognized (in allowing the government's motion in limine) that the defendant "cannot produce competent evidence to show that he acted in defense of Ms. Pelletier." (Dkt. No. 209 at 5). And he did not do so in his case. In light of the court's ruling and the lack of any competent evidence of any of the elements of justification, arguments about why Gottesfeld attacked Wayside and Children's Hospital have no place before the jury.

As the Court observed, the defendant's broad right to assert a defense "does not include the right to present irrelevant evidence." (Docket No. 209 at 7). The Court has now given Gottesfeld wide latitude to explain his version of events to the jury. But given his admissions, there is a possibility that the jury will feel that it should debate the only factual dispute left between the parties – i.e., whether Gottesfeld's actions were justified.[1]

The defendant has suggested incorrectly that the entry into evidence of Exhibit 35 (the *Huffington Post* statement) has somehow opened the door to argument as to necessity. The defendant's case did not establish by competent evidence any of the four elements of that defense. *See United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001). To the contrary, the defendant conceded on cross examination that he had no firsthand knowledge of Justina Pelletier's treatment and condition.

For these reasons, the jury should not be permitted to consider beliefs that Gottesfeld purports to have sincerely held. *See United States v. Martin*, 740 F.2d 1352, 1360 (6th Cir. 1984) ("A defendant's good motive is not a defense to criminal activity."); *see also United States v. Rosado*, 728 F.2d 89, 93 (2d Cir. 1984) (refuting the "erroneous assumption that good motive for committing a crime is inconsistent with criminal intent"). The Third Circuit has held under similar circumstances that a defendant's claim that she acted in accord with a "serious and compassionate world view that is highly respectful of law and individual rights" was not "legally relevant to a substantive defense she might have maintained with respect to the crimes charged in the indictment." *See United States v. Romano*, 849 F.2d 812, 816 (3d Cir. 1988). Gottesfeld's

---

[1] The government presented its case based on the Court's decision to exclude evidence of justification. That presentation would have included first-hand accounts of that care and treatment if justification was a material issue.

professed goal of saving a life does not "adequately negate or explain" his intentional transmission of code that damaged the internet-connected computers of the victims in this case. *See id.* The effect of his world view or personal sympathies on his actions is firmly and legally irrelevant to the charges in the indictment.

The crime of "intentionally caus[ing] damage without authorization to a protected computer," 18 U.S.C. § 1030(a)(5)(A), contains no willfulness element. *See United States v. Kabat,* 797 F.2d 580, 587-88 (8th Cir.1986), *cert. denied,* 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987) ("'end' of stealing money still could be just a means to another more valued consequence, such as giving to the poor - that ultimate goal would not replace or negate the intent of stealing,"). Gottesfeld's admission that he knowingly caused the DDOS attacks thus provides sufficient evidence to prove his guilt of the crimes charged. Any evidence of his loftier aspirations goes to motive, rather than intent, and is irrelevant to the jury's deliberations.

Finally, with respect to Defendant's most recent filing regarding the statutory element of damages without authorization, Dkt. No. 285, the government makes two points. First, the correct interpretation of this element was set forth in the government's memorandum on this issue, Dkt. No. 280: "without authorization" modifies "intentionally causes damage." This is also the plain meaning of the charging language in the indictment, which is unaffected by the placement of the comma noted by the Defendant. Therefore, there is no variance between the statutory language and the charging instrument. Second, neither the relevant portion of the criminal statute (18 U.S.C. 1030(a)(5)(A)) nor the charging language of the indictment refer to "accessing" a computer. Defendant's reliance on authority interpreting a different portion of the

statute relating to unauthorized *access* to computers is therefore misplaced.  His jury instruction regarding access to computers is erroneous and should not be given.

Respectfully submitted,

ANDREW E. LELLING

By:  */s/ David J. D'Addio*
David J. D'Addio
Seth B. Kosto
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 27, 2018

*/s/ David J. D'Addio*
David J. D'Addio
