**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTIN GOTTESFELD,<br><br>Defendant | Crim. No. 16-CR-10305-NMG |

## GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION

The United States of America, by its attorneys, United States Attorney Andrew E. Lelling and Assistant U.S. Attorneys David J. D'Addio and Seth B. Kosto, hereby submits, pursuant to the Court's order at the Charge Conference, the proposed amended instruction regarding the definition of a "protected computer."  This instruction is intended to replace the last paragraph on page 42 of the government's Proposed Jury Instructions (Dkt. No. 238), which begins "The term 'protected computer' means . . . ."  The proposed change is the addition of one sentence (italicized for identification) to the end of the paragraph.

          Respectfully submitted,

          ANDREW E. LELLING
          UNITED STATES ATTORNEY

By:    */s/ David J. D'Addio*
        David J. D'Addio
        Seth B. Kosto
        Assistant U.S. Attorneys

Dated: July 30, 2018

CERTIFICATE OF SERVICE

I, David J. D'Addio, certify that on this 30th day of July 2018, I caused a copy of the Government's Proposed Jury Instructions to be served via ECF to counsel of record for defendant Martin Gottesfeld.

*/s/ David J. D'Addio*
David J. D'Addio
Assistant United States Attorney

Date: July 30, 2018

Proposed Instruction re:  Definition of Protected Computer
(To Replace Definition at P. 42 of Dkt. No. 238)

The term "protected computer" means a computer that is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.  Interstate or foreign commerce or communication means simply the movement of goods and services, including on-line computer services, or communications, between states or between the United States and other countries.  However, there is no requirement that the defendant's transmission itself crossed a state line.  As long as the computer that received the transmission is used in or affecting interstate commerce or communication, that is sufficient. *If you find that a computer is connected to the internet, you may find that it is a computer that is used in or affecting interstate or foreign commerce or communication, and is therefore a "protected computer."*

---

United States v. Yucel, 97 F.Supp.3d 413, 418-422 (S.D.N.Y. 2015) (collecting cases).