**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**MARTIN GOTTESFELD**<br><br>**Defendant.** | **Criminal Action No. 16-10305-NMG** |

## ORDER

**GORTON, J.**

On August 1, 2018, after the jury returned its verdict, the government moved for an order preventing party contact with jurors (Docket No. 295). That same day, the Court entered a temporary order preventing any counsel, litigant or their agents from engaging in any post-verdict contact with any member of the jury until the defendant had the opportunity to respond to the government's motion and the Court had considered those filings.

Defendant has now filed a response to the government's motion, stating that he does not oppose it at this time but requesting that the subject order be entered without prejudice to the defendant seeking relief from the order at a later date.

Pursuant to the holding of the United States Court of Appeals for the First Circuit in United States v. Kepreos, 759 F.2d 961, 967 (1st Cir. 1985):

- No counsel, litigant herein, or their agents, shall have any post-verdict contact or discussion of any kind with any member of the jury in the above-entitled action, except under the supervision of this Court. Violation of this order shall result in the imposition of sanctions upon the offending party.
- Any counsel or litigant who becomes aware of any such contact or attempted contact shall forthwith report the same to this Court, in writing, setting forth all known facts with respect thereto.
- If either party determines that this case presents an "extraordinary situation" that would necessitate such contact (under the supervision of this Court), as established in Kepreos, 759 F.2d at 967, the party may file a motion for relief from this Order alerting the Court to the alleged extraordinary circumstance.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 2, 2018