UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 16-CR-10305-NMG |
| | ) |
| MARTIN GOTTESFELD, | ) |
| | ) |
| Defendant. | ) |

OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

The United States hereby opposes defendant Martin Gottesfeld's motion pursuant to 18 U.S.C. § 3143(a)(1) for release pending his November 14, 2018 sentencing. ("Motion," Docket No. 306). The Court should deny the Motion because Gottesfeld has not met his burden under Fed. R. Crim. P. 46(c) of demonstrating by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety or any other person or the community if released...." 18 U.S.C. § 3143(a)(1).

   *1.   Flight*

Gottesfeld testified at trial that he fled the United States for Cuba to seek political asylum. In the midst of plea negotiations with the government that contemplated a jail sentence, Gottesfeld withdrew substantial cash from his bank accounts, took his wife and worldly possessions, and drove from Massachusetts to Florida. Once there, despite having no nautical experience whatsoever, Gottesfeld purchased a speed boat and set off into waters so choppy that he could not maintain his GPS' course setting. On the facts, it is beyond doubt that he did not intend to return to the United States to face the charges he knew were about to be brought against him.

Gottesfeld now stands convicted of two federal felony charges that expose him to a maximum sentence of imprisonment of fifteen years. Based on the evidence admitted at trial and additional relevant conduct, the government anticipates an advisory Guidelines Sentencing Range of between 78 and 97 months, with the potential for a significant upward variance based on numerous factors under 18 U.S.C. § 3553. Gottesfeld has only served approximately 30 months against whatever sentence he may receive. If Gottesfeld needed any additional incentive to flee and seek political asylum again, he now has it. *United States v. Kakande*, 2011 WL 1790639, *2 (D. Me. May 9, 2011) ("Generally, the longer the sentence the defendant is facing, the greater the incentive not to appear if released").

Moreover, Gottesfeld's stated beliefs that he is some kind of political prisoner, and that he did nothing wrong in directing DDOS attacks at Children's Hospital, Wayside Youth & Family Services, and many other institutions only compounds the risk that he will not appear for sentencing. He already fled and sought political asylum for these reasons once; he has not demonstrated by clear and convincing evidence that he will not do so again.

2. *Danger*

The evidence at trial contradicts Gottesfeld's claims of a "lifetime of safe and peaceful engagement with others." (Motion at 3). Gottesfeld has consistently stated his belief that he was justified in attacking the victims in this case based on information he obtained through the media and over the Internet. He testified (and his counsel argued to the jury) that public-facing websites were his (and any one's) to DDOS for any reason, or for no reason at all. He is a danger to the community because he has appointed himself to enforce his moral norms over the Internet and because he believes that such actions do not violate 18 U.S.C. § 1030.

*3.     Likelihood of Success on Appeal*

As Gottesfeld acknowledges, (Motion at 5), his likelihood of success on appeal is not a factor that the Court need consider when deciding whether he can overcome the presumption of detention pending sentencing. *See* 18 U.S.C. § 3143(a) (requiring findings concerning flight and danger). For these purposes, and in any event, the government disagrees with Gottesfeld's assessment of his prospects. The Court issued well-reasoned opinions denying Gottesfeld's motions to dismiss [Docket Nos. 205, 209] and to suppress [Docket No. 209], and allowing the government's motions to preclude the defenses of necessity and defense of another [Docket No. 209], and to introduce evidence of certain acts as intrinsic to the charged offenses and under Fed. R. Evid. 404(b). Gottesfeld offers no new argument as to why the Court erred in deciding any of these issues.[1] Although Gottesfeld claims in his Motion that the government used a prejudicial PowerPoint in its closing argument, he makes no argument as to how the PowerPoint was prejudicial, especially where it accurately reflected the Court's legal instructions and fairly summarized the admitted evidence. In short, even if the likelihood of success on appeal were a relevant consideration for the Court, Gottesfeld's Motion fails to establish it.

*4.     Conclusion*

The jury convicted Gottesfeld of two serious offenses on which he faces a substantial term of incarceration. He was caught fleeing the consequences of his conduct once before, and

---

[1] Gottesfeld suggests (as to Judge Bowler's purported conflict) that trial testimony established that the DDOS affected Harvard-affiliated institutions other than Children's, including Brigham & Women's Hospital, where Judge Bowler's husband works. But the Court already considered and rejected Gottesfeld's arguments about "Harvard University-affiliated hospitals" creating a conflict for Judge Bowler, noting that an "organizational victim of a crime is not a 'party to the proceeding' such that a financial interest in that victim would require recusal." (Docket No. 209 at 27-28.)

he has given the Court no reason to believe that he will not do so again, or that he will not commit the same crimes again if he spots some future purported injustice in the media. By contrast, the United States has a "strong and obvious countervailing interest in detaining defendants who have been found guilty beyond a reasonable doubt of serious crimes: such detention promotes public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or delay imposition and service of the sentence prescribed by law." *United States v. Abuhambra*, 389 F.3d 309, 319-20 (2d Cir. 2004).

Because Gottesfeld has not met his burden by clear and convincing evidence, the Court should deny his Motion for release pending sentencing.

                                               Respectfully submitted,

                                               Andrew E. Lelling
                                               United States Attorney

By:    */s/ Seth B. Kosto*
        David J. D'Addio
        Seth B. Kosto
        Assistant U.S. Attorneys

September 14, 2018
Boston, Massachusetts

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ Seth B. Kosto*

Dated: September 14, 2018