UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America

v.

Martin S. Gottesfeld
Defendant, Pro Se

Case No.: 16-cr-10305

EMERGENCY MOTION FOR STAY PENDING HEARING

Defendant Martin S. Gottesfeld (herein "defendant"), acting pro se, hereby moves The Honorable Court on an emergency basis for a stay of all other proceedings in the instant case pursuant to 28 U.S.C. § 455(a). Such a stay is necessary to protect the confidence of the public in the integrity of the courts and the defendant hereby incorporates in this motion notice of his intent to pursue interlocutory review and a petition for a writ of mandamus with The U.S. Court of Appeals for The First Circuit upon any denial and/or failure to act on any part(s) of this motion as it would be objectively reasonable to question the impartiality of such action(s)/inaction(s).

On December 18th, 2018 (via the prison mailbox rule), the defendant filed an emergency motion for disclosure (please see D.E. 340). The defendant hereby incorporates herein the same reasons for filing this motion on an emergency basis as found in D.E. 340 and he

— Page 1 of 5 —

respectfully requests the application of the prison mailbox rule to this motion as well.

The defendant references infra to exhibits which he intends to have docketed tomorrow, December 24th, 2018.

As The Honorable Court will no doubt see from these exhibits, it has now become clear that the following questions need to be answered before the instant case can proceed with the full confidence of the public before The Honorable U.S. District Judge Nathaniel M. Gorton:

1. Has The Honorable Judge Nathaniel M. Gorton, even if inadvertently and/or unknowingly, failed to disclose information relevant to the question of disqualification onto the record as required by the Canon of Ethics (please see the Exhibits which should be docketed December 24th, 2018 as well as D.E. 340)?

2. Given that the child welfare bureaucracy in Massachusetts became a lightning rod of public controversy during the events alleged in the indictment of the instant case (please see highlighted sections of Exhibits G1 and G2), what role, if any, and what interest, if any, did/do The Honorable Judge Nathaniel M. Gorton and/or individuals potentially relevant under 28 U.S.C. §§ 144 and 455 hold in the Massachusetts child welfare bureaucracy (please see the highlighted sections of the following Exhibits C, B4, B5, B2, D1-D14, A1, A2, B6, H).

3. Was Slade Gorton & Co., Inc. (in which The Honorable Judge Nathaniel M. Gorton and various individuals

relevant under 28 U.S.C. §§ 144, 455(a), and 455(b) have and have had substantial longterm financial, personal, and familial interests) on a list of BCH's philanthropic donors at a time when BCH was taking down such lists from its website during the events alleged in the indictment of the instant case in order to protect them from economic harm?

4. Did The Honorable Judge Nathaniel M. Gorton make determinations of credibility regarding The Boston Foundation (TBF) (please see D.E. 179-1 and 209 at 26-27) the impartiality of which might reasonably be questioned by fully-informed and objective observers (please see Exhibits D1, D3, D4-D8, D11-D14, A2, B2).

The defendant requests, respectfully, a stay of all other matters in the instant case pending an answer to his earlier emergency motion (D.E. 340) and a hearing, where, with the help of his team, supervised by court security officers and/or The U.S. Marshal's Service, he wishes to present additional documents and/or a Microsoft Powerpoint presentation.

Respectfully mailed on Dec. 23rd, 2018

Martin S. Gottesfeld
Defendant, pro se
ID #71225
Unit H1, Cell 235
26 Long Pond Road
Plymouth, MA 02360

CERTIFICATE OF SERVICE

I, Martin S. Gottsfeld _____, pro se, hereby certify
that on December 23rd, 2018 _____ the foregoing document
will be mailed _____ to Assistant U.S.
Attorney David J. D'Addio _____

_____
Martin S. Gottsfeld
Pro Se