UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America<br><br>v.<br><br>Martin S. Gottesfeld<br>Defendant, Pro Se | Case No.: 16-cr-10305 |

MOTION FOR DISQUALIFICATION PURSUANT TO 28
U.S.C. § 144

 Defendant Martin S. Gottesfeld (herein "defendant"), acting pro se as per the order of The Honorable U.S. District Court Judge Nathaniel M. Gorton, enacted over his preserved objection seeking to preserve his right to the effective assistance of counsel under the 6th Amendment, hereby moves for the disqualification of The Honorable Judge Nathaniel M. Gorton under 28 U.S.C. § 144 having provided the preceeding, separate, sworn affidavit and accompanying certificate of good faith therewith, pursuant to that purpose.

 The defendant kindly and formally requests the application of the prison mailbox rule to the preceeding affidavit and accompanying certificate of good faith. He hereby swears under penalty of perjury that this motion and those items are being placed in the prison mailbox

- Page 1 of 3 -

no later then tonight, Thursday, December 27th, 2018. He also requests the same for this motion.

The defendant also wishes to note respectfully that more then 10 days remain before the scheduled sentencing hearing and further that good cause is shown for the time taken to file the preceeding affidavit, accompanying certificate of good faith and this motion since The Honoreble Judge Nathaniel M. Gorton did not disclose information which the defendant clearly indicated that he would find relevant to the question of disqualification and which is now conteined in the preceeding affidavit, totalling some eighty-six (86) pages of data which the defendant and kind and concerned volunteers from the public then had to research and procure on their own. Please see D.E. 340, D.E. 341, Porter v. Singletary, 49 F.3d 1483, 1489. (11th Cir. 1995), and Liteky v. U.S., 510 U.S. 540, 548; 114 S.Ct. 1147, 1153; 127 L.Ed.2d 474 (1994) ("Specifically, [S455] paragraph (b)(1)... placed the obligation to identify the existence of those grounds [of disqualification] upon the judge himself...").

See also, American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 190 F.3d 729, 742 (6th Cir. 1999) quoting Porter v. Singletary, 49 F.3d 1483, 1489 (11th Cir. 1995) (internal citation omitted) ("Further, judges have an ethical duty to

'disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification.' '' [B]oth litigants and counsel should be able to rely upon judges to comply with their own Canon of Ethics.' In [this] case, Judge Holschuh possibly did not consider the matter sufficiently relevant to merit disclosure, but his nondisclosure did not vest in [movant] a duty to investigate him." (emphasis added).

Respectfully mailed 12/27/18,

M— G

Martin S. Gottesfeld, Pro Se
PCCF ID 71225, H1 Cell 235
26 Long Pond Road
Plymouth, MA 02360

— Page 3 of 3 —

# CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld_____, pro se, hereby certify that on December 27th, 2018_____ the foregoing document(s) will be mailed_____ to Assistant U.S. Attorney David S. D'Addio.

Martin S. Gottesfeld
Pro Se