UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2021 SEP -7 PM 1: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
UNITED STATES OF AMERICA,     )
            v.                 )      No. 16-cr-10305-NMG
MARTIN GOTTESFELD, pro se,     )
         Defendant.            )
```

MOTION TO UNSEAL EXHIBITS TO BAIL-PENDING-APPEAL MEMO

MARTIN GOTTESFELD, Defendant, pro se, hereby moves This Honorable Court to unseal the following documents that it sealed sua sponte with neither findings nor an opportunity to object, or, in the alternative, to enter particularized findings viewable by the public justifying their continued unavailability:

1) exhs. A—M to Defendant's recent Memorandum in Support of Expedited Release (hereinafter "Memo. Exhs. A—M"), dkt. 441-1 through 441-6;

2) Defendant's letter re previous appointed counsel Ray Gillespie's undisclosed conflict of interest, i.e. U.S. tax debts, dkt. 140; and

3) other documents currently under seal in the instant case for which particularized findings are not yet entered.

Defendant notes his objections to the sealing of the above-enumerated documents and moves for a hearing on this motion.

"It is axiomatic that protection of the right of access suggests that the public be informed of attempted incursions on that right. Providing the public with notice ensures that the concerns of those affected by a closure decision are fully considered." United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing In re Hearst Newspapers, 641 F.3d 168, 182 (11th Cir. 2011) (noting that the courts of appeals have uniformly required that notice and an opportunity to be heard be given prior to the sealing of documents to

which a right of access attaches) (collecting cases)). In the cases of the supporting exhibits and dkt. 140, neither notice nor opportunity were provided.

"'[S]afeguards that will protect the [access] right of the public, without unduly interfering with the workings of the judicial process,' include a docket entry that a motion to seal has been filed." *Kravitz, supra*, at 59-60 (quoting *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (alterations in original) and citing, *generally*, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("[D]ocket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their [access] rights . . . .")). This Court *sua sponte* sealed the relevant documents; no such docket entries were made because no such motions to seal were filed. Even trained legal practitioners reviewing the instant docket report could only discover that these particular documents are sealed by incurring the requesite PACER fees to click each of the case's 400-plus docket entries manually one by one.

"Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so." *Kravetz* at 60 (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). "Those reasons must be specific enough to permit a reviewing court to determine whether sealing was appropriate." *Id.* (citing *Press-Enter. Co. v. Superior Courts*, 464 U.S. 501, 510 (1984)). A "district court's one sentence justification for the continued sealing" of "several documents" unequivocally "falls short." *Id.* In contrast, not even a one-sentence justification for the continued sealing of the relevant records has been entered in the instant case. *See also* Fed. R. Crim. P. 12(d) (when deciding issues of fact, The Court must enter findings).

Even where third parties may have confidentiality interests, "where the public's right of access competes with privacy rights, 'it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" *Kravetz, supra,* at 62–63 (quoting *United States v. Amodeo,* 44 F.3d 141, 147 (2d Cir. 1995) and citing *In re Providence Journal,* 293 F.3d 1, 15 (1st Cir. 2002) (holding, in context of documents to which First Amendment right of access attaches, that "[r]edaction constitutes a time-tested means of minimizing any intrusion on that right")).

For nearly every relevant document in the instant case, however, no such competing interests exist. *See infra.*

The first relevant document is Declaration of Martin S. Gottesfeld (Aug. 6, 2021), Memo. Exh. A. This seven-(7)-page, fifty-seven-(57)-paragraph declaration details 1) non-random designations of magistrate judges to other cases involving alleged instant victim Boston Children's Hospital ("BCH") and 2) magistrate-shopping by prosecutors, including in the instant case, under a system that This Court apparently designed in order to allow them to do so. Defendant asserts that no valid justification exists to seal this document. He objects on two independent bases to its sealing: 1) the public has a right of access to this document and 2) he has a right under U.S. Const. amend. VI to a public trial, which includes the right to a public fully informed of the anomolies relevant to the magistrate-judge designation of this case.

Further, this first document contains nothing giving rise to a privacy interest.

"'Every court considering attempts to manipulate the random assignment of judges has considered it to constitute a disruption of the orderly administration of justice.'" Memo. Exh. A, ¶ 2, quoting *DataTerm, Inc. v. MicroStrategy Inc.,* 2018 U.S. Dist. LEXIS 94321, No. 11-cv-11970-FDS (D. Mass.

June 5, 2018) at *62. The public has an interest in "the prompt, fair and ethical administration of justice." *United States v. Panzardi Alvarez*, 816 F.2d 813, 817 (1st Cir. 1987). The public therefore has an interest in the mathematical analysis contained in Memo. Exh. A showing such a "disruption."

Complementing the public's interest, Defendant has a right to a public trial; "The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power." *In re Oliver*, 333 U.S. 257, 270 (1948).

Here, Defendant has made substantial allegations of judicial and prosecutorial misconduct directly affecting this case. This Court's answer was, *sua sponte*, to seal these allegations from the forum of public opinion. The Constitution does not allow This Court to do so. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." *Oliver, supra,* at 270 n.25 (quoting 1 Cooley, Constitutional Limitations 8th ed. (1927) at 647).

"Indeed, the public interest demands that prosecutors be held to the highest standards of conduct." *Ramos Colon v. United States Attorney*, 576 F.2d 1, 3 (1st Cir. 1978). "Under our system of government, the primary check against prosecutorial abuse is a political one... [W]hen crimes are not investigated and prosecuted fairly, nonselectively, with a reasonable sense of proportion, the President pays the cost in political damage to his administration." *Morrison v. Olson*, 487 U.S. 654, 728 (1988) (Scalia, J., dissenting on other grounds).

The analysis in Memo. Exh. A must be made public in order to vindicate Defendant's and the public's interests in the orderly administration of justice.

The next relevant document is Marianne B. Bowler, *Curricullum Vitae* ("Bowler CV"), Memo. Exh. B. Magistrate Judge Bowler makes this document available publicly on the Internet. No justification exists to seal it on the instant docket.

The same is true for *Marc Alan Pfeffer, M.D., Ph.D.*, Harvard Catalyst Profiles, Memo. Exh. C., which Harvard publishes for free for anyone to see.

The next relevant documents, Gorton, Nathaniel M., financial disclosure reports, 2003—16 ("Gorton Discls."), Memo. Exh. D, are also publicly available on the Internet, and, moreover, federal law mandates their accessibility: The Ethics in Government Act of 1978, 5 U.S.C. App. § 105 Custody of and public access to reports. No justification exists to seal these on the instant docket. Excerpts of these same reports previously filed appear elsewhere on the docket, having never been sealed, *e.g.*, dkt. 346-1 at 11—33.

The next relevant document, [Proposed ]Order of Release, Memo. Exh. E, is a vital part of the bail-pending-appeal ("BPA") motion. It details the specific release conditions that Defendant proposed. So long as it remains sealed the public cannot know which particular conditions that This Court is considering, and, therefore, the public is prevented from knowing the actual controversy re reasonable assurances of Defendant's appearance and public safety. No justification exists to seal this document; doing so obfuscates the judicial process.

The next relevant document, Declaration of Martin S. Gottesfeld (Aug. 4, 2021), Memo. Exh. F, directly addresses the government's assertions that Defendant is a flight risk and a danger to the community. It rebuts the incomplete and inaccurate information that the government presented to This Court and informs This Court for the first time of the relevant circumstances of Defendant's political-asylum claim in Cuba. Defendant asserts that

redactions to this document are unnecessary, but that, in any case,
provisional redactions could be made and later argued while, forthwith, the
majority of the document should be available to the public. This document
also addresses judicial conflicts of interest, political impotence or outright
corruption, and prosecutorial abuse. *See, again, Oliver, Ramos Colon,
Morrison, supra.*

The next relevant documents are affidavits and a letter, all re
Defendant's proposed conditions of release:

• Affidavit of Mr. Benjamin Brown, offering twenty thousand dollars
($20,000) cash towards Defendant's bail and asserting under penalty of
perjury: "I know Mr. Gottesfeld very well and, in my experience, he has always
proven to be an upstanding and reliable individual. I have no doubt that he
will abide by any release conditions imposed by this Court," Memo. Exh. G;

• Affidavit of Mr. Gregory Brown, also offering twenty thousand dollars
($20,000) cash towards Defendant's bail and asserting under penalty of
perjury: "I know Mr. Gottesfeld very well and, in my experience, he has always
proven to be an upstanding and reliable individual. I have no doubt that he
will abide by any release conditions imposed by this Court," Memo. Exh. H;

• Declaration of Mr. Ryan Grim, "co-founder of publishing house Strong
Arm Press" and "Washington, DC Bureau Chief for The Intercept," offering
Defendant "a position as a web developer for Strong Arm Press" and asserting:
"I have known Martin Gottesfeld since 2016. In my interactions with him, Mr.
Gottesfeld has always proven to be a responsible and truthful person," Memo.
Exh. I;

• Declaration of Mrs. Gloria Gottesfeld, offering one thousand dollars
($1,000) cash towards Defendant's bail and asserting that Defendant "has
always been kind, trustworthy and honest," Memo. Exh. J;

• Affidavit of Mr. Damian Musello, property manager of Defendant's

apartment, offering to check-in on Defendant "on a daily basis," and: "If I find that Mr. Gottesfeld is not present in [his] apartment, I will immediately report that fact to probation," Memo. Exh. K; and

• Affidavit of Ms. Barbara Greene, also offering to "check-in" on Defendant "on a daily basis, or whatever other frequency that the Court may Order" and notify probation should Defendant be "not present in [his] apartment," Memo. Exh. L.

No compelling reason exists to seal Memo. Exhs. G—L.

The next relevant document is Defendant's redacted opening appellate brief, Memo. Exh. M, the first part of which was sealed. The version filed by Defendant is already redacted and appears identically on the public docket of case no. 18-1669 (1st Cir.). Sealing and further redaction of this document are unnecessary.

The next relevant document is Defendant's letter to This Court re Attorney Raymond Gillespie's concurrent federal-tax debt, lack of malpractice insurance, and past representation of Defendant under the Criminal Justice Act ("CJA"). The public should know that its funds are used to pay uninsured attorneys to represent criminal defendants despite those attorneys' otherwise-undisclosed and concurrent conflicts of interest, *e.g.*, delinquent tax debts. *Cf. United States v. Scalise*, 2015 U.S. Dist. LEXIS 58648, Cr. No. 1:07-cr-00052 Erie (W.D. Pa. May 5, 2015) (criminal-defense attorney's $100,000 tax debt warranted evidentiary hearing as to his conflict of interest in representing a defendant against the same U.S. attorney's office that had discretion to indict the attorney). Whatever privacy interest(s) Attorney Gillespie may have in the contents of Defendant's letter, dkt. 140, are outweighed by, *e.g.*, L.R., D. Mass. 83.6.11(a) ("All matters before the court concerning alleged attorney misconduct and discipline are presumptively public") and Mass. R. Prof. C. 1.7 (failure to disclose a conflict of interest

is attorney misconduct).

Last, Defendant is aware, generally, of other sealed case documents, but he knows not their docket-entry numbers, e.g., *ex parte* motions for funds for expert witnesses and orders thereon. He moves to unseal these as well, or, in the alternative, for This Court to enter particularized findings available to the public justifying their continued unavailability.

Defendant reiterates his request for a hearing on this motion.

Respectfully filed under the prison-mailbox rule, *Fallen v. United States*, 378 U.S. 139 (1964); *Houston v. Lack*, 487 U.S. 266 (1988), in an envelope bearing sufficient affixed pre-paid First Class U.S. postage and track. no. 9114 9022 0078 9497 2469 16, handed to Ms. ~~Jamie Wheeler~~ Rebekka Eisele MSG 2021-08-27 of the FCI Terre Haute CMU unit team in her official capacity as an agent of The United States and of its counsel Thursday, August 26, 2021, or the first opportunity thereafter,

by: _____
        Martin S. Gottesfeld, Defendant, *pro se*
        Reg. no. 12982-104
        Federal Correctional Institution
        P.O. Box 33
        Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, *pro se*, certify that I mailed a copy of the foregoing document to David J. D'Addio, counsel for The United States in the above-captioned case Thursday, August 26, 2021, or the first opportunity thereafter, and that I separately affected service in-hand via 28 C.F.R. § 540.203(a), (c)(1), and (c)(3),

by: _____
        Martin S. Gottesfeld, Defendant