UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2021 NOV -8 AM 1:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

| United States of America, |
| v., |
| MARTIN GOTTESFELD, |
| Defendant, pro se. |

No. 16-cr-10305 NMG

## MOTION FOR LEAVE TO REPLY (L.R., D. MASS. 7.1(b)(3))

MARTIN GOTTESFELD, Defendant, pro se, hereby moves this Honorable Court for leave to reply by Wed., Nov. 17, 2021[1], to any new claims of law or fact the government presented in its response(s), if any, to Defendant's Expedited Motion for Release Pending Appeal ("Bail Mot.") and Motion to Unseal ("Mot. to Uns."), dkt. nos. 441-43.

---

[1] Defendant asserts rather than waives his right to prompt bail findings. He would gladly accept a shorter reply deadline should this Court exercise its authority to ensure prompt delivery of documents and availability of legal resources. See Decl. of Martin Gottesfeld (Fri., Oct. 29, 2021), Exh. A.

— Page 1 of 4 —

See, L.R., D. Mass., 7.1(b)(3).

This Court very graciously extended sua sponte and post facto the government's lapsed deadline by 67 days to Oct. 26, 2021, despite the ~~genuine~~ urgency of Defendant's Bail Mot. and his liberty interest. Dkt. no. 444 (Oct. 20, 2021). (F., also, L.R., D. Mass., 7.1(b)(2) (response deadline is usually 14 days) and Bail Mot. (claiming the prison-mailbox rule Aug. 6, 2021, and certifying effective service under 28 C.F.R. § 540.203(a), (c) on the same date).[a]

Defendant asks This Court now to be equally gracious to him in ensuring him the chance to address any new claims in the government's response(s), if any.

In support of this motion and its timeliness Defendant

---

[a] Should This Court instead opt to count from the Bail Mot.'s Aug. 13, 2021, entry, the extension would still be a very gracious 60 days, granted 54 days after the government's initial deadline already elapsed.

- Page 2 of 4 -

respectfully directs This Court's attention to Decl. of Martin Gottesfeld (Fri., Oct. 29, 2021), Exh. A.

## REQUEST FOR A HEARING

Defendant reiterates his requests for a hearing on his motions. See, again, Bail Mot. and Mot. to Uns.

Respectfully filed under the prison-mailbox rule, Fallen v. United States; Houston v. Lack, 487 U.S. 266 (1988); by mailing to This Court in an envelope bearing sufficient affixed pre-paid First Class U.S. postage, handed to Ms. Jamie Wheeler of the FCI Terre Haute in her official capacity as an agent of The United States and of its counsel Fri., Oct. 29, 2021, or the first opportunity thereafter,

by: /s/

Martin S. Gottesfeld, Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

- Page 3 of 4 -

CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document upon The United States by in-hand delivery to agent-of-its-counsel Ms. Jamie Wheeler of the FCC Terre Haute Fri., Oct. 29, 2021, or the first opportunity thereafter. See 28 C.F.R. § 540.203(a) (general correspondence is read for contents) and (c) (mail to U.S. courts and judges is treated as general correspondence).

by: /s/
Martin S. Gottesfeld, pro se

Exh. A

Declaration of Martin Gottesfeld

I declare as follows pursuant to 28 U.S.C. § 1746:

1. I am Martin S. Gottesfeld, Defendant in United States v. Gottesfeld, 16-cr-10305 (D. Mass.).
2. I first learned of dkt. no. 444 Thu., Oct. 28, 2021.
3. Word of dkt. no. 444 never reached me from This Court, nor have I received any response(s) by the government to my motions: dkt. nos. 441-43.
4. Instead I first learned of dkt. no. 444 in a letter from my wife.
5. I used the law library here in the FCI Terre Haute CMU SHU at my next opportunity, i.e. today, to lookup L.R., D. Mass., 7.1(b)(2), (3) in order to prepare this filing.
6. My wife's letter, supra, ¶4, was dated and postmarked 23 OCT 2021.
7. Government (BOP) records show the letter arrived here Oct. 26th, but was withheld from me until Oct. 28th.
8. This is the government's usual practice; indeed it withholds court documents from us CMU prisoners longer than personal mail, often until deadlines have passed.
9. The case-opening documents for In re Gottesfeld, No. 21-1802 (1st. Cir.), for instance, were mailed by the clerk postmarked 5 OCT 2021 but withheld from me until 15 days later on Oct. 20th, i.e. until This Court entered dkt. no. 444, so as to prevent me from, inter alia, knowing the identity of the circuit-court case manager and contacting her.
10. My outbound court mail is similarly delayed, e.g., I mailed a motion for an extension to answer a dispositive motion 10 days before the operative deadline but it only arrived 21 days later.

– Page 1 of 2 –

11. A clearly captioned emergency motion I mailed to U.S. district court waited an entire week for a postmark.

12. My last notice of my change of address mailed to This Court in July or August 2020 disappeared without ever being docketed.

13. I submitted a BP-8, BP-9, BP-10, and BP-11 on the delays in my court mail, attaching thereto USPS tracking data to prove my claims; nonetheless these problems persist.

14. My sealed, time-sensitive outbound legal mail to my attorneys typically waits 5-7 days here for postmarking and arrives sometimes with pages missing; some of these mailings disappear and never arrive at all.

15. For the past 36 days and counting — as a direct response to journalists' inquiries to the Massachusetts U.S. attorney's office about my conditions of confinement — the government has held me in the SHU where I am deprived without due process of legal resources, e.g., all prior case documents, including the Bail Mot. and Mot. to Uns., typewriters, legal reference books, even the ability to print case law.

16. This SHU is ever out of letter-sized envelopes.

17. Due to these and other causes beyond my control I'm likely unable to reply before Wed., Nov. 17, 2021, to any new claims in the government's response(s), if any, filed pursuant to dkt. no. 444.

I declare under the penalty of perjury under the laws of The United States of America that the foregoing is true and correct. Executed Fri., Oct. 29, 2021.

by: *[signature]*
Martin S. Gottesfeld