UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Nos. 16-cr-10305-NMG |
| | ) | 23-cv-12267-NMG |
| MARTIN GOTTESFELD, | ) | |
| Defendant. | ) | |

**DECLARATION RE FIRST CIRCUIT CASE ASSIGNMENTS**

1.    The U.S. courts publish that, with some exceptions, cases are assigned randomly to judges, and this Court has noted: "Every court considering attempts to manipulate the random assignment[s] of judges has considered [them] to constitute a disruption of the orderly administration of justice."[1]

2.    The First Circuit indeed assures the public that, with particularized exceptions inapplicable here: "In accordance with long-standing practice, cases are assigned to panels on a random basis."[2]

3.    I am Martin Gottesfeld.

4.    I have sufficient relevant experience in combinatorics and game theory to provide meaningful insights into the First Circuit's assignments, *e.g.*:

1) At age five I wrote my first computer program.

2) At 12 I sold my first computer program.

---

[1] *See DataTerm Inc. v. MicroStrategy Inc.*, 2018 U.S. Dist. LEXIS 94321, 11-cv-11970-FDS (Lead) (D. Mass. June 5, 2018) (internal quotation marks and citations omitted) (collecting cases).

[2] *See* United States Court of Appeals for the First Circuit, Rulebook at 121 (also listing the exceptions to random assignments), *available at* https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf#page=122 (last accessed Oct. 23, 2023).

3) At 15 I was admitted on scholarship to both Phillips Academy
   Andover and Phillips Exeter Academy, and I matriculated to
   Exeter.

4) Exeter integrates combinatorics into its standard mathematics
   curriculum starting in precalculus, which I completed in an
   accelerated program for only the best math students.

5) In 11th grade I scored the highest possible mark on the
   college-level advanced placement (A.P.) computer-science A/B
   exam and won Exeter's highest computer-science prize, in large
   part for my work on game theory (A.I.) and combinatorics.

Phillips Exeter Academy
Exeter, New Hampshire

Prize Award
$25.00

Prize
Awarded To:

MARTIN S. GOTTESFELD

ON JUNE 5, 2001

THE PRIZE FOR ACHIEVEMENT BEYOND THE AP LEVEL IN COMPUTER SCIENCE

Chairman Of The Prize Committee   Edouard L. Desrockers

5.    This declaration is a concise exposition of the results of a detailed analysis and set of computer simulations, the methodologies and source code of which are laid out in the accompanying Declaration re Data and Tables (Feb. 1, 2024), Exh. E.

6.    Using the attachments from my accompanying Declaration re Data and Tables, I calculated that the apparent likelihood of Judge Sandra Lynch's assignments to all the First Circuit's last 10 published decisions most important to Massachusetts Health and Human Services (H.H.S.)—as had happened since 2004—was 0.0097931940472 percent, or less than one in 10,211.[3]

| Date | Case Name | Citation | Odds of Assignment |
|---|---|---|---|
| May 4, 2020 | *Rosie D. v. Baker* | 958 F.3d 51 | 82/199 |
| May 2, 2019 | *Massachusetts v. United States H.H.S.* | 923 F.3d 209 | 191/413 |
| Dec. 15, 2014 | *Connor B. v. Patrick* | 774 F.3d 45 | 53/222 |
| Jan. 15, 2013 | *ACLU of Mass. v. United States Conf. of Catholic Bishops* | 705 F.3d 44 | 62/133 |
| May 31, 2012 | *Massachusetts v. United States H.H.S.* | 682 F.3d 1 | 41/92 |
| May 11, 2011 | *Massachusetts v. Sebelius* | 638 F.3d 24 | 146/381 |
| Feb. 17, 2011 | *Hutchinson v. Patrick* | 636 F.3d 1 | 146/381 |
| July 15, 2010 | *Booker v. Mass. Dep't of Public Health* | 612 F.3d 34 | 15/38 |
| June 29, 2004 | *Largess v. Supreme Judicial Court* | 373 F.3d 119 | 115/272 |
| Mar. 17, 2004 | *Long Term Care Pharmacy Alliance v. Ferguson* | 362 F.3d 50 | 115/272 |
| | | | |
| | | Probability of all | 0.000097931940472 |
| | That likelihood computes into odds lower than one out of | | 10,211 |
| | The odds of flipping a coin 13 times and getting only heads are one out of | | 8,192 |

7.    A billion computer simulations of the random assignments of the cases directly above yielded an even lower empirical probability of Judge Lynch's assignment to every case in the set: 0.0084074 percent.[4]

---

[3] *See* Decl. re Data and Tables, Attachms. 1 (source of odds), 4 (source of cases).
[4] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1765 (84,074 out of a billion)).

8.    I further calculated that Judge Lynch's apparent likelihood of assignment to all the last nine published decisions most important to the Massachusetts Department of Children and Families (D.C.F.), as had happened since 2000, was 0.0103845579818 percent, or less than one in 9,629.[5]

| Date | Case Name | Citation | Odds of Assignment |
|---|---|---|---|
| Apr. 12, 2000 | *O'Neill v. Baker* | 210 F.3d 41 | 1/3 |
| May 30, 2002 | *Brown v. Newburger* | 291 F.3d 89 | 23/55 |
| Aug. 1, 2002 | *Suboh v. District Attorney's Office* | 298 F.3d 81 | 84/239 |
| Oct. 14, 2005 | *Burton v. Town of Littleton* | 426 F.3d 9 | 243/578 |
| May 30, 2007 | *Porto v. Town of Tewksbury* | 388 F.3d 67 | 208/467 |
| Feb. 22, 2012 | *Valley Forge Ins. Co. v. Field* | 670 F.3d 93 | 41/92 |
| Sept. 28, 2012 | *Felder v. Wetzel* | 696 F.3d 92 | 41/92 |
| Oct. 20, 2014 | *Piccone v. McClain* | 586 F. App'x 709 | 53/222 |
|  |  |  |  |
|  |  | Probability of all | 0.000434975824897 |
|  | That likelihood computes into odds worse than one out of | | 2,298 |
|  | The odds of flipping a coin 11 times and getting only heads are one out of | | 2,048 |
|  |  |  |  |
| Dec. 15, 2014 | *Connor B. v. Patrick* | 774 F.3d 45 | 53/222 |
|  |  |  |  |
|  |  | Probability of all | 0.000103845579818 |
|  | That likelihood computes into odds worse than one out of | | 9,629 |
|  | The odds of flipping a coin 13 times and getting only heads are one out of | | 8,192 |

9.    A billion computer simulations of the random assignments of the cases directly above yielded a roughly equivalent empirical probability of Judge Lynch's assignment to every case in the set: 0.0104164 percent.[6]

---

[5] *See* Decl. re Data and Tables, Attachms. 1 (source of odds), 7 (source of cases).
[6] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1774 (104,164 out of a billion)).

10.   I further calculated that Judge Lynch's apparent likelihood of assignment to all of this millennium's five published decisions most important to the Massachusetts Department of Developmental Services, as also had happened, was 1.946524478155 percent, or less than one in 51.[7]

| Date | Case Name | Citation | Odds of Assignment |
|---|---|---|---|
| Oct. 1, 2008 | *Ricci v. Patrick* | 544 F.3d 8 | 214/477 |
| Dec. 17, 2009 | *Mosher v. Nelson* | 589 F.3d 488 | 147/466 |
| Jan. 19, 2010 | *Voss v. Rolland* | 592 F.3d 242 | 65/132 |
| Apr. 16, 2014 | *Davidson v. Howe* | 749 F.3d 21 | 97/141 |
| Oct. 18, 2016 | *Sherkat v. New England Vill., Inc.* | 691 F. App'x 644 | 54/133 |
| | | | |
| | | Probability of all | 0.019465294478155 |
| | That likelihood computes into odds worse than one out of | | 51 |
| | The odds of flipping a coin five times and getting only heads are one out of | | 32 |

11.   A billion computer simulations of the random assignments of the cases directly above yielded a roughly equivalent empirical probability of Judge Lynch's assignment to every case in the set: 2.0339953 percent.[8]

---

[7] *See* Decl. re Data and Tables, Attachms. 1 (source of odds), 10 (source of cases).
[8] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1783 (20,339,953 out of a billion)).

12.   I further calculated that Judge Lynch's combined apparent likelihood of assignment to all the First Circuit's Massachusetts H.H.S., D.C.F. and D.D.S. cases, above, ¶¶ 6-10, was 0.0000000829183 percent, or less than one out of 1.2 billion.  The likelihood of a single ticket winning the Powerball jackpot is more than four times better.[9]

| | |
|---|---|
| Likelihood of Mass. H.H.S. case assignments | 0.000097931940472 |
| Likelihood of Mass. D.C.F. case assignments | 0.000434975824897 |
| Likelihood of Mass. D.D.S. case assignments | 0.019465294478155 |
| | |
| Combined likelihood of all above case assignments | 0.000000000829183 |
| That likelihood computes into odds worse than one out of | 1,206,006,202 |
| | |
| Odds of flipping a coin 30 times and getting only heads | 0.000000000931323 |
| That likelihood computers into odds of one out of | 1,073,741,824 |

13.   A billion computer simulations of the random assignments of the cases directly above failed to produce a single result in which Judge Lynch was assigned to all of the cases in those three sets. This is consistent with my calculation of odds lower than one in a billion.[10]

14.   In my opinion, to believe that Judge Lynch's assignments to Massachusetts H.H.S., D.C.F. and D.D.S. cases were random is absurd.

15.   I am yet to calculate the apparent odds of Judge Lynch's assignments to seven of the court's nine most discretionary published decisions during her tenure listing Harvard University, its presidents and fellows, its medical school, or its cancer research center as

---

[9] *See, e.g.,* Winters, *Here are the odds you'll win the $439 million Powerball jackpot*, CNBC (Jan. 14, 2023) ("The odds of winning the Powerball jackpot by matching all numbers with the five white balls and red Powerball drawn are 1 in 292,201,338, according to the lottery"), *available at* https://www.cnbc.com/2023/01/14/powerball-odds-of-winning-jackpot.html (accessed June 21, 2023).

[10] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1792 (zero out of a billion)).

litigants or interested parties, as also had happened,[11] but the relevant computer simulations yielded empirical odds of 2,974,133:125,000,000, or 2.3793064 percent.[12]

16.    Additionally, Judge Lynch was assigned to 50 of the First Circuit's 91 decisions most obviously implicating either Massachusetts or federal H.H.S. during her time on the Court.[13]

---

[11] *See* Decl. re Data and Tables, Attachm. 12.

[12] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1801 (23,793,064 out of a billion)).

[13] *See* Decl. re Data and Tables, Attachms. 1–3.

**First Circuit "HHS" & Similar Decisions Per Year and By Judges Lynch & Torruella**

| Year | Circuit | Lynch | Torruella |
|---|---|---|---|
| Post-Lynch 1995[A] | 12 | 6 | 5 |
| 1996 | 7 | 2 | 6 |
| 1997 | 7 | 4 | 5 |
| Pre-Lipez 1998[B] | 4 | 3 | 2 |
| Post-Lipez 1998[B] | 1 | 0 | 1 |
| All 1998[B] | 5 | 3 | 3 |
| 1999 | 1 | 0 | 1 |
| 2000 | 3 | 2 | 0 |
| 2001 | 3 | 2 | 2 |
| Pre-Howard 2002[C] | 1 | 1 | 0 |
| Post-Howard 2002[C] | 2 | 2 | 0 |
| All 2002[C] | 3 | 3 | 0 |
| 2003 | 2 | 0 | 0 |
| 2004 | 2 | 2 | 0 |
| 2005 | 0 | 0 | 0 |
| 2006 | 3 | 2 | 1 |
| 2007 | 1 | 1 | 0 |
| 2008 | 3 | 2 | 1 |
| 2009 | 4 | 2 | 2 |
| Pre-Thompson 2010[D] | 0 | 0 | 0 |
| Post-Thompson 2010[D] | 3 | 2 | 1 |
| All 2010[D] | 3 | 2 | 1 |
| 2011 | 2 | 2 | 0 |
| 2012 | 5 | 2 | 3 |
| Pre-Kayatta 2013[E] | 1 | 1 | 1 |
| Post-Kayatta 2013[E] | 0 | 0 | 0 |
| All 2013[E] | 1 | 1 | 1 |
| Pre-Barron 2014[F] | 1 | 0 | 0 |
| Post-Barron 2014[F] | 2 | 2 | 0 |
| All 2014[F] | 3 | 2 | 0 |
| 2015 | 4 | 1 | 2 |
| 2016 | 2 | 1 | 0 |
| 2017 | 1 | 1 | 0 |
| 2018 | 2 | 0 | 1 |
| 2019 | 6 | 4 | 3 |
| 2020[G] | 4 | 3 | 0 |
| Partial 2021[G] | 2 | 0 | 0 |
| **Totals—** | **91** | **50** | **37[G]** |

[A] Lynch first appears in Lexis May 9, 1995; *see* 1995 U.S. App. LEXIS 10255.
[B] Lipez first appears in Lexis Aug. 10, 1998, *see* 151 F.3d 29.
[C] Howard first appears in Lexis June 17, 2002; *see* 306 F.3d 1151.
[D] Thompson first appears in Lexis May 14, 2010; *see* 2010 U.S. App. LEXIS 27462.
[E] Kayatta first appears in Lexis May 8, 2013; *see* 2013 U.S. App. LEXIS 26065.
[F] Barron first appears in Lexis July 29, 2014; *see* 760 F.3d 126.
[G] The Honorable Juan Torruella died in office Oct. 26, 2020.

17.   In a billion randomized computer simulations of the assignments of those 91 H.H.S. and related cases, Judge Lynch was assigned to 49 or fewer 998,831,943 times and to 50 or more 1,168,057 times.[14]

18.   The observed likelihood of Judge Lynch's actual H.H.S.-related case assignments was thus 0.1168057 percent.

19.   In my opinion, to believe that Judge Lynch's assignments to those 50 state and federal H.H.S. cases were random is absurd.

20.   Judge Lynch was also assigned to 43 of the First Circuit's 91 decisions most obviously implicating state social-services agencies.

21.   In a billion randomized computer simulations of the assignments of those 91 cases, Judge Lynch was assigned to 42 or fewer 908,679,109 times and to 43 or more 91,320,891 times.[15]

22.   The observed likelihood of Judge Lynch's actual social-services-agency-related case assignments was thus 9.1320891 percent.

23.   In every instance tested, Judge Lynch's actual case assignments lie entirely outside or just barely within the empirical bell curve, as indicated in the marked-up charts directly below, wherein a red circle or X indicates Judge Lynch's actual number of assignments.

---

[14] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1819 (1,168,057 out of a billion)).
[15] *See* Decl. re Data and Tables, Attachm. 13 (inside CSV.zip, log.txt at line 1828 (91,320,891 out of a billion)).















24.    Judge Lynch's assignments to social-services-related cases also exhibit an apparent skew toward the Massachusetts D.C.F.: Her Honor sat for 43 of 91 social-services-related cases from throughout the circuit,[16] but, differentiated, Her Honor's results are 17 for 45 outside Massachusetts (37.8%) and 26 for 46 inside Massachusetts (56.52%).[17]

**Reviewed First Circuit "DCF"-type Decisions in Mass. Cases Per Year and By Judges Lynch & Torruella**

| Year | Circuit | Lynch | Torruella |
|------|---------|-------|-----------|
| Pre-Thompson 2010[A] | 2 | 0 | 0 |
| Post-Thompson 2010[A] | 0 | 0 | 0 |
| All 2010[A] | 2 | 0 | 0 |
| 2011 | 3 | 1 | 1 |
| 2012 | 6 | 4 | 0 |
| Pre-Kayatta 2013[B] | 1 | 1 | 1 |
| Post-Kayatta 2013[B] | 1 | 1 | 1 |
| All 2013[B] | 2 | 2 | 2 |
| Pre-Barron 2014[C] | 1 | 1 | 0 |
| Post-Barron 2014[C] | 4 | 3 | 0 |
| All 2014[C] | 5 | 4 | 0 |
| 2015 | 2 | 1 | 0 |
| 2016 | 3 | 3 | 0 |
| 2017 | 0 | 0 | 0 |
| 2018 | 0 | 0 | 0 |
| 2019 | 0 | 0 | 0 |
| 2020[D] | 1 | 1 | 0[D] |
| Partial 2021[D] | 2 | 1 | 0[D] |
| **Totals—** | **46** | **26** | **12[D]** |

[A] Thompson first appears in Lexis May 14, 2010; *see* 2010 U.S. App. LEXIS 27462.
[B] Kayatta first appears in Lexis May 8, 2013; *see* 2013 U.S. App. LEXIS 26065.
[C] Barron first appears in Lexis July 29, 2014; *see* 760 F.3d 126.
[D] The Honorable Juan Torruella died in office Oct. 26, 2020.

25.    I am yet to calculate the apparent odds of Judge Lynch's assignments to at least 26 of the above 46 Massachusetts social-services-related cases, or to five out of every seven such cases from

---

[16] *See* Decl. re Data and Tables, Attachm. 5.
[17] *See* Decl. re Data and Tables, Attachm. 9.

2012 onward (15 of 21), as also happened.  But those odds, too, will each be slim.

26.  I am also yet to calculate the apparent odds of Judge Lynch's assignments to 10 of the last 13 published decisions in Massachusetts criminal or habeas cases most obviously implicating child protection, as happened,[18] but they, also, will be slim.

27.  Absent Her Honor's more-frequent-than-expected assignments, Judge Lynch could not have played the outsize role that she did in writing the precedents followed by this Court in such cases.

28.  The U.S. Court of Appeals typically assigns a panel of three judges to decide an appeal; usually, but not always, the panel elects a single member to write the decision and receive attribution.  Other times the decision is issued *per curiam*, i.e. attributed to the court instead of to a single judge.  Thus, on average, U.S. appellate judges are attributed for writing under a third of their decisions.

29.  Judge Lynch, however, wrote three quarters (six of eight) of the decisions attributed to a single judge in the nine cases, above, ¶ 8, paramount to the Massachusetts D.C.F.[19]

30.  Of Her Honor's 26 above-mentioned Massachusetts social-service-related decisions, Judge Lynch wrote 14 of the 25 attributed to a single judge (56%).[20]

31.  Of the millennium's five published decisions most important to the Massachusetts Department of Developmental Services, Judge Lynch wrote three of the four attributed to a single judge (75%).[21]

---

[18] *See* Decl. of Martin Gottesfeld re Data and Tables, Attachm. 8.
[19] *See* Decl. re Data and Tables, Attachm. 7.
[20] *See* Decl. re Data and Tables, Attachm. 5.
[21] *See* Decl. re Data and Tables, Attachm. 10.

32.   Of Her Honor's seven above-mentioned Harvard decisions, Judge Lynch wrote two of the four, i.e. half, of those attributed to a single judge, including the *Students for Fair Admissions* decision recently overturned by the Supreme Court.[22]

33.   And, of Judge Lynch's 50 Massachusetts and federal H.H.S. decisions referenced above, Her Honor wrote 19 of the 31 attributed to a single judge (61.3%).[23]

34.   Given Judge Lynch's apparent interest in these cases, as demonstrated by her prolific decision-writing, and the miniscule likelihood of such frequent assignments, many or most of Judge Lynch's H.H.S., Harvard, and social-services-related decisions are far more likely the result of human intent than random selection.  To believe otherwise would be, again, absurd.[24]

---

[22] *See* Decl. re Data and Tables, Attachm. 12.

[23] *See* Decl. re Data and Tables, Attachm. 3.

[24] The above reflects data ending in August 2021 and does not reflect Judge Lynch's subsequent assignments to H.H.S., Harvard and social-services-related cases.

I declare the foregoing is true and correct under the penalty of perjury under the laws of the United States of America.  28 U.S.C. §§ 1746, 2242.  Executed Thursday, February 1, 2024,


by:  */s/* Martin Gottesfeld, *pro se*,
     28 Albion St., Apt. 1
     Somerville, MA 02143
     (617) 702-6156
     mgottesfeld@gmail.

For holographic execution, *see* Accompanying Verification.