```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
                               )
              v.               )        Nos. 16-cr-10305-NMG
                               )
MARTIN GOTTESFELD,             )
Defendant.                     )
```

**MOTION TO UNSEAL**

MARTIN GOTTESFELD, Defendant, *pro se*, moves to unseal all documents still sealed in this case, including but not limited to the following:

    1)    the search warrant and application, E.C.F. no. 78-1;

    2)    the pen register/tap and trace application, E.C.F. no. 78-2;

    3)    the pen register/tap and trace order, E.C.F. no. 78-3;

    4)    Notice to Court of Violation of Protective Order, *presumably* E.C.F. no. 88;

    5)    all motions filed *ex parte* for or related to defense experts and expenses, and resultant orders, E.C.F. nos. unknown;

    6)    Defendant's Letter re Attorney Mr. Raymond Gillespie, E.C.F. no. 140.

    7)    Motion to Disqualify The Hon. U.S. Magistrate Marianne B. Bowler and related filings, E.C.F. nos. 152, 155-56, 159-60;

    8)    Motion for Additional Defense Counsel, *presumably* E.C.F. no. 181;

    9)    Order on Motion for Additional Defense Counsel, *presumably* E.C.F. no. 183;

    10) four exhs. to Motion to Withdraw, *presumably* E.C.F. nos. 214-1, 214-2, 214-3, 214-4;

    11) eight exhs. to Emergency Motion to Withdraw, E.C.F. no. 242;

    12) exhibits Defendant filed in open court, but sealed, *sua sponte*, at *United States v. Gottesfeld*, 18-mc-91297 (D. Mass.), *presumably* E.C.F. nos. 8, 8-1 *et seq.*

    13) one exh. to Motion to Withdraw, *presumably* E.C.F. no. 308;

    14) Exhs. A-D to Motion to Withdraw, *presumably* E.C.F. nos. 335-1, 335-2, 335-3, 335-4;

    15) all draft pre-sentence investigation reports, E.C.F. nos. unknown;

    16) the final Pre-Sentence Investigation Report, E.C.F. no. unknown;

    17) Tr., June 27, 2017, E.C.F. no. 418;

    18) Tr., Mar. 22, 2018, E.C.F. no. 419;

    19) Tr., Sept. 24, 2018, E.C.F. no. 422;

    20) Tr., Dec. 13, 2018, E.C.F. no. 423;

    21) Tr., Mar. 9, 2018, E.C.F. no. 432;

    22) Exhs. A-F, I-M to Motion for Release Pending Appeal, E.C.F. nos. 441-1, 441-2, 441-3, 441-4, 441-5, 441-6, 441-9, 441-10, 441-11, 441-12, 441-13;

    23) Motion to Vacate and Set Aside Sentence (§ 2255), E.C.F. no. 457-8;

    24) Amended Motion to Vacate and Set Aside Sentence (§ 2255), *presumably* E.C.F. 472-7; and

25)   Second Amended Motion to Vacate and Set Aside Sentence (§ 2255) (April 5, 2024), E.C.F. no. unknown.

As to any attorney-client privilege in the sealed filings, this Court recognizes "the client owns the privilege, not the lawyer." *See* Tr., July 16, 2018, at 5:3, 1:18-mc-91297-RGS, E.C.F. no. 10. Defendant, distinct from his counsel, has never assented to the sealing of any information in this case,[1] and he expressly moves to unseal.

Also, the question of whether the aforesaid documents must remain sealed today is different than the question of whether they were rightly sealed years ago.  With the passage of time come several factors, *e.g.*, the conclusion of the trial and expiration of the statute of limitations, that obviate, *e.g.*, concerns over pretrial publicity and the government's interest in the secrecy of its investigation.

As required now to unseal the requested filings, Defendant assents only to the required redaction of the unsealed information. *See* Fed. R. Crim. P. 49.1 (enumerating types of information subject to redaction).[2]

"Under the *A.O. Guide* framework, CJA eligibility decisions will be fully open to public scrutiny in cases where no particular privacy concerns are present for whatever reasons, or where the defendant does not object to disclosure."  *In re Boston Herald, Inc.*, 321 F.3d 174,

---

[1] In accordance with, but not assent to, this Court's rules, Defendant did seek leave to file the section-2255 motion and amended section-2255 motions under seal.
[2] Defendant further notes that Ms. Justina Pelletier reached majority in mid-2016.

187 (1st Cir. 2003). Far from object, in the current instance, Defendant moves for full disclosure.

"The right to an open public trial is a shared right of the accused and the public, the common concern being the assurance of fairness." *Press-Enterprise Co. v. Superior Court of Cal., County of Riverside*, 478 U.S. 1, 7 (1986). "[W]e considered whether the defendant's Sixth Amendment right to an open trial prevented the closure of a suppression hearing over the defendant's objection." *Id.* (citing *Waller v. Georgia*, 467 U.S. 39 (1984) (reversing for violation of public-trial right)). "We noted that the First Amendment right of access would in most instances attach to such proceedings and that 'the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public.'" *Id.* (quoting *Waller* at 46).

"When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (internal quotation marks and citations omitted). "It is axiomatic that protection of the right of access suggests that the public be informed of attempted incursions on that right." *Id.* "Providing the public with notice ensures that the concerns of those affected by a closure decision are fully considered." *Id.* (citing *In re Hearst Newspapers*, 641 F.3d 168, 182 (5th Cir. 2011) (noting that the courts

of appeals have uniformly required that notice and an opportunity to be heard be given prior to the sealing of documents to which a right of access attaches) (collecting cases)). "Safeguards that will protect the access rights of the public, without unduly interfering with the workings of the judicial process, include a docket entry that a motion to seal has been filed." *Id.* at 59-60 (internal quotation marks, alteration marks and citations omitted) (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("[D]ocket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their [access] rights....")). "Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so." *Id.* at 60 (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)).

    The public docket of this case, however, contains no public indication that any motions were filed or decided, *e.g.*, *ex parte* for defense experts and expenses. Moreover, no findings are publicly available to explain the sealing of the majority of the filings in question. The Court should either unseal the filings or enter findings for each document it decides to maintain under seal. Defendant's challenge to the continued sealing of these filings can not be moot so long as the filings remain sealed without public indicia they exist or the required findings as to why they remain sealed.

  In addition to Defendant's right to a public trial and the public's access right, the government has asserted that sealed documents and privilege are burdens to this litigation.  *See* Motion for Extension of Time To Respond and Obtain Unredacted Pleadings, E.C.F. no. 460.  In this instance, the unsealing of the requested filings is in the interests of both parties and the public.  Further, no authority allows for the filings to continue to be sealed in the manner that they are.

  Respectfully submitted Friday, April 5, 2024,


by   */s/* Martin Gottesfeld, *pro se*,
   28 Albion St., Apt. 1,
   Somerville, MA 02143,
   (617) 702-6156,
   mgottesfeld@gmail.com.

### CERTIFICATE OF SERVICE

I, Martin Gottesfeld, certify that on this date I hand delivered a copy of the foregoing filing(s) on compact disc (C.D.) to the United States attorney's office at Moakley U.S. courthouse,


by   */s/* Martin Gottesfeld, *pro se*,       Friday, April 5, 2024.