**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Martin Gottesfeld, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. |
| United States of America, | ) 16-10305-NMG |
| | ) |
| Respondent. | ) |
| | ) |

### MEMORANDUM & ORDER

GORTON, J.

This case arises from a 2014 cyber-attack by petitioner,
Martin Gottesfeld ("Gottesfeld" or "petitioner"), against Boston
Children's Hospital and the Wayside Youth & Family Support
Network.  For his initiation of those attacks, Gottesfeld was
indicted and convicted for causing damage to a protected
computer and conspiring to do the same in violation of 18 U.S.C.
§371 and §1030(a)(5)(A).  Petitioner now moves to vacate his
sentence pursuant to 28 U.S.C. §2255.  For the reasons that
follow, petitioner's motion will be denied.

I. **Background**

The facts of petitioner's case have been well documented in
prior decisions of this Court and the United States Court of
Appeals for the First Circuit. See United States v. Gottesfeld,
319 F. Supp. 3d 548 (D. Mass. 2018); see also United States v.
Gottesfeld, 18 F.4th 1 (1st Cir. 2021).  The following therefore

- 1 -

provides only a summary of the facts relevant to the motion at issue.

In 2013, petitioner became concerned with treatment centers for struggling teenagers, a system petitioner and others have dubbed "the troubled teen industry." The following year, Gottesfeld directed his attention to Justina Pelletier. Pelletier had been placed in the custody of the Massachusetts Department of Children and Families based upon concerns that her parents were interfering with her treatment for a psychosomatic disorder. She was reportedly treated at Boston Children's Hospital ("Children's Hospital") before later being transferred to the Wayside Youth & Family Support Network ("Wayside").

In March, 2014, petitioner and others virtually invaded information systems of Wayside by use of a distributed denial of service ("DDoS") attack. DDoS attacks flood computer servers with traffic and cause an overload of the capacity of the server system. The attacks direct online traffic from remotely hijacked, web-enabled devices or access to high-capacity internet connections through which thousands of traffic sources are simulated.

In April, 2014, Gottesfeld and others engaged in yet another DDoS attack, this time leveled against Children's Hospital. The attack impeded the ability of hospital physicians to communicate and access patient records. It also severely

interfered with an important fundraising campaign.  Responding
to the attack purportedly cost Children's Hospital more than
$300,000 in addition to a fundraising shortfall of another
$300,000.

The government charged petitioner with intentionally
causing damage to a protected computer in violation of 18 U.S.C.
§1030(a)(5)(A) and conspiring to do the same in violation of 18
U.S.C. §371.  As part of its investigation, the government
sought a warrant to search Gottesfeld's residence which was
entered by Magistrate Judge Marianne Bowler.  Petitioner later
traveled to Cuba to avoid prosecution but was apprehended at sea
and detained pending trial.  Following an eight-day jury trial,
Gottesfeld was convicted on both counts and this Court sentenced
him to 121 months imprisonment and a term of supervised release
which he continues to serve.

Petitioner appealed his conviction to the First Circuit
Court of Appeals ("the First Circuit").  There, he argued that
1) he had been denied a speedy trial, 2) Magistrate Judge Bowler
had improperly failed to recuse herself, and 3) the presiding
district judge erred in a) denying the motion of petitioner's
attorney to withdraw, b) rejecting petitioner's "defense of
another" defense and c) failing to recuse himself.  The First
Circuit (consisting of a panel of Judges Howard, Lynch and
Kayatta) rejected petitioner's arguments and affirmed his

conviction. See Gottesfeld, 18 F.4th at 17.  Petitioner then
sought a petition for writ of certiorari from the United States
Supreme Court which was denied. See Gottesfeld v. United States,
__ U.S. __, 143 S. Ct. 85 (2022).  Petitioner has since filed
three amended motions with this Court to vacate his sentence
under §2255.  The government opposes his petition.

## II. **Legal Standard**

To present a viable §2255 habeas petition, a prisoner or
person on supervised release must state a claim to vacate his
sentence based upon allegations that the sentence was imposed in
violation of the Constitution or federal law, by a court that
lacked jurisdiction or in excess of the maximum authorized by
law, or that his sentence is otherwise subject to collateral
attack. See United States v. Gallant, 306 F.3d 1181, 1188-89
(1st Cir. 2002); David v. United States, 134 F.3d 470, 474 (1st
Cir. 1998).  The petitioner bears the burden of showing that he
is entitled to relief under §2255. David, 134 F.3d at 474.

## III. **Application**

In support of his § 2255 motion, Gottesfeld filed
voluminous briefs and hundreds of pages of accompanying
affidavits and exhibits.  He asserts eight separate grounds for
vacating his sentence: 1) violation of his right to a speedy
trial, 2) failure of Magistrate Judge Bowler and the presiding
district judge to recuse themselves, 3) disallowance by the

- 4 -

district judge to recuse themselves, 3) disallowance by the district court of his "defense of another" claim, 4) evidence that such a defense was viable, 5) the government's violation of its proffer agreement with petitioner, 6) the government's improper closing argument to the jury at trial, 7) bias of the prosecuting attorneys and United States Circuit Judge Sandra L. Lynch, who he contends was not assigned randomly to the First Circuit panel, and 8) ineffective assistance of counsel.

## A. Claims Rejected on Appeal or Defaulted (Claims 1-7)

In opposition to the petition, the government first argues that seven of petitioner's claims are barred as a matter of law. Specifically, it avers that Gottesfeld's petition impermissibly attempts to relitigate four issues which were rejected on appeal by the First Circuit and that, with respect to three other issues, he is defaulted for failure to raise them on direct appeal.

It is well settled that a §2255 motion does not suffice as a substitute for direct appeal, nor can it be utilized to relitigate issues that were raised and adversely decided on appeal. See United States v. Butt, 731 F.2d 75, 76 n.1 (1st Cir. 1984) ("[A] § 2255 motion may not revive issues previously determined on direct appeal."); United States v. Pellerito, 968 F.2d 1210, 1210 (1st Cir. 1992) (similar).  If a petitioner fails to raise an argument on appeal, review under §2255 is

- 5 -

claim and "actual prejudice" from the alleged errors. See Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (citing Berthoff v. United States, 308 F.3d 124, 127 (1st Cir. 2002)).

Here, petitioner's claims concerning 1) his right to a speedy trial, 2) the recusal of Magistrate Judge Bowler, 3) the recusal of the district judge and 4) petitioner's "defense of another" claim were all specifically addressed in, and rejected by, his direct appeal to the First Circuit. See Gottesfeld, 18 F.4th at 9 (finding "no . . . error" in this Court's exclusion of time under Speedy Trial Act and that this Court's order "sufficiently set forth [its] reasons" for that decision); id. at 10 (rejecting petitioner's recusal argument regarding Magistrate Judge Bowler); id. at 17 (determining that petitioner's allegations "d[id] not raise any doubt" as to the impartiality of the presiding district judge); id. at 16 (concluding that petitioner had "no case to support a finding" of "defense of another").  Petitioner is therefore barred from relitigating those issues in this petition. See Butt, 731 F.2d at 76 n.1; Pellerito, 968 F.2d at 1210.

Similarly, petitioner's claims that 1) the government violated its proffer agreement with Gottesfeld, 2) the government improperly argued to the jury regarding its burden of proof and 3) the prosecutors and Circuit Judge Lynch were biased and should have recused themselves were not raised in the

appellate review below and are therefore defaulted for the purposes of this §2255 petition.  Gottesfeld could have raised such claims either in his direct appeal to the First Circuit or in his petition for writ of certiorari from the United States Supreme Court.  He did not do so, nor did he, anywhere in his voluminous briefing, indicate just cause as to why he failed to raise them prior to filing his §2255 motion.  The Court therefore declines to address these issues further. See Bucci, 662 F.3d at 27; Berthoff, 308 F.3d at 127.

### B. Ineffective Assistance of Counsel Claim (Claim 8)

The government next avers that petitioner's remaining claim of constitutionally ineffective assistance of counsel, although a proper subject matter for §2255 relief, is unavailing.

A claim of ineffective assistance of counsel requires a defendant to show that 1) his counsel made errors so serious that counsel's performance fell below an objective standard of reasonableness and 2) defendant suffered prejudice as a result. Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (citing Strickland v. Washington, 466 U.S. 668, 687-89 (1984)).  Defense counsel's performance is presumed reasonable and the burden is on the defendant to show otherwise. Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007).  Even if performance was unreasonable, prejudice will arise only if there is a "reasonable probability

- 7 -

that, but for counsel's . . . errors," the result of the case would likely have come out differently. Rivera, 879 F.3d at 12.

In alleging ineffective assistance of counsel, Gottesfeld contends that his lawyers failed 1) to pursue sufficiently his claim of "defense of another," 2) to renew a suppression motion based upon Magistrate Judge Bowler's failure to recuse herself, 3) to object to the government's impeachment of Gottesfeld with his proffer statements or 4) to prepare him to testify and be cross-examined.

The first two of these claims are each futile because counsel's performance cannot be deemed unreasonable for failing to pursue tactics that the trial Court found to be without merit and which the First Circuit affirmed on appeal. See United States v. Victoria, 876 F.2d 1009, 1013 (1st Cir. 1989) ("Since raising meritless points would not have affected the outcome of the trial, counsel's failure to raise them did not constitute ineffective assistance." (internal quotations omitted)); Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (similar).

As to petitioner's claims with respect to trial preparation and his own impeachment, neither the record nor any part of the hundreds of pages of petitioner's briefing demonstrates that additional preparation or an objection would have likely altered the jury's verdict.  Given the overwhelming evidence against Gottesfeld, including his own testimony conceding that he

targeted Children's Hospital and Wayside via DDoS attacks, there is every reason to conclude that no additional preparation or objections would have reasonably altered the outcome of this case. See Perron v. Perrin, 742 F.2d 669, 675 (1st Cir. 1984) (rejecting §2255 ineffective assistance claim where there was no "reasonable probability" that additional testimony, "viewed against the totality of the evidence presented at trial," would have "made a difference").

### ORDER

For the foregoing reasons, the amended motion of petitioner, Martin Gottesfeld, to vacate his sentence pursuant to 28 U.S.C. §2255 (Docket Nos. 457, 472, and 479) is **DENIED**. **So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  December 16, 2024